UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) CARLY GRAFF; | ) | |
| 2) RANDY FRAZIER; | ) | |
| 3) DAVID SMITH; | ) | |
| 4) KENDALLIA KILLMAN; | ) | |
| 5) LINDA MEACHUM; | ) | Case No. 4:17-CV-606-CVE-JFJ |
| 6) CHRISTOPHER CHOATE; and | ) | |
| 7) IRA LEE WILKINS; | ) | (Amended Complaint - Class Action) |
| | ) | |
| on behalf of themselves and all others similarly situated. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| 1) ABERDEEN ENTERPRIZES II, INC.; | ) | |
| 2) JIM D. SHOFNER; | ) | |
| 3) ROB SHOFNER; | ) | |
| 4) OKLAHOMA SHERIFFS' ASSOCIATION; | ) | |
| 5) THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF TULSA; | ) | |
| 6) THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ROGERS; | ) | |
| 7) VIC REGALADO, SHERIFF OF TULSA COUNTY; | ) | |
| 8) SCOTT WALTON, SHERIFF OF ROGERS COUNTY; | ) | |
| 9) JASON RITCHIE, SHERIFF OF ADAIR COUNTY; | ) | |
| 10) RICK WALLACE, SHERIFF OF ALFALFA COUNTY; | ) | |
| 11) TONY HEAD, SHERIFF OF ATOKA COUNTY; | ) | |
| 12) RUBEN PARKER, JR., SHERIFF OF BEAVER COUNTY; | ) | |
| 13) TONY ALMAGUER, SHERIFF OF BLAINE COUNTY; | ) | |
| 14) CHRIS WEST, SHERIFF OF CANADIAN COUNTY; | ) | |
| 15) CHRIS BRYANT, SHERIFF OF CARTER COUNTY; | ) | |

16) NORMAN FISHER, SHERIFF OF        )
    CHEROKEE COUNTY;                 )
17) TODD GIBSON, SHERIFF OF          )
    CLEVELAND COUNTY;                )
18) BRYAN JUMP, SHERIFF OF COAL      )
    COUNTY;                          )
19) HEATH WINFREY, SHERIFF OF        )
    CRAIG COUNTY;                    )
20) BRET BOWLING, SHERIFF OF         )
    CREEK COUNTY;                    )
21) HARLAN MOORE, SHERIFF OF         )
    DELAWARE COUNTY;                 )
22) CLAY SANDER, SHERIFF OF          )
    DEWEY COUNTY;                    )
23) JERRY NILES, SHERIFF OF          )
    GARFIELD COUNTY;                 )
24) JIM WEIR, SHERIFF OF GRADY       )
    COUNTY;                          )
25) SCOTT STERLING, SHERIFF OF       )
    GRANT COUNTY;                    )
26) DEVIN HUCKABAY, SHERIFF OF       )
    GREER COUNTY;                    )
27) THOMAS MCCLENDON, SHERIFF        )
    OF HARPER COUNTY;                )
28) MARCIA MAXWELL, SHERIFF OF       )
    HUGHES COUNTY;                   )
29) ROGER LEVICK, SHERIFF OF         )
    JACKSON COUNTY;                  )
30) JEREMIE WILSON, SHERIFF OF       )
    JEFFERSON COUNTY;                )
31) JON SMITH, SHERIFF OF            )
    JOHNSTON COUNTY;                 )
32) STEVE KELLEY, SHERIFF OF KAY     )
    COUNTY;                          )
33) DENNIS BANTHER, SHERIFF OF       )
    KINGFISHER COUNTY;               )
34) JESSE JAMES, SHERIFF OF          )
    LATIMER COUNTY;                  )
35) ROB SEALE, SHERIFF OF            )
    LeFLORE COUNTY;                  )
36) MARTY GRISHAM, SHERIFF OF        )
    LOVE COUNTY;                     )
37) DANNY CRYER, SHERIFF OF          )
    MARSHALL COUNTY;                 )
38) MIKE REED, SHERIFF OF MAYES      )
    COUNTY;                          )

| | |
|---|---|
| 39) KEVIN CLARDY, SHERIFF OF McCURTAIN COUNTY; | ) ) |
| 40) KEVIN LEDBETTER, SHERIFF OF MCINTOSH COUNTY; | ) ) |
| 41) DARRIN RODGERS, SHERIFF OF MURRAY COUNTY; | ) ) |
| 42) SANDY HADLEY, SHERIFF OF NOWATA COUNTY; | ) ) |
| 43) STEVEN WORLEY, SHERIFF OF OKFUSKEE COUNTY; | ) ) |
| 44) P.D. TAYLOR, SHERIFF OF OKLAHOMA COUNTY; | ) ) |
| 45) EDDY RICE, SHERIFF OF OKMULGEE COUNTY; | ) ) |
| 46) EDDIE VIRDEN, SHERIFF OF OSAGE COUNTY; | ) ) |
| 47) JEREMY FLOYD, SHERIFF OF OTTAWA COUNTY; | ) ) |
| 48) MIKE WATERS, SHERIFF OF PAWNEE COUNTY; | ) ) |
| 49) R.B. HAUF, SHERIFF OF PAYNE COUNTY; | ) ) |
| 50) MIKE BOOTH, SHERIFF OF POTTAWATOMIE COUNTY; | ) ) |
| 51) B.J. HEDGECOCK, SHERIFF OF PUSHMATAHA COUNTY; | ) ) |
| 52) DARREN ATHA, SHERIFF OF ROGER MILLS COUNTY; | ) ) |
| 53) SHANNON SMITH, SHERIFF OF SEMINOLE COUNTY; | ) ) |
| 54) LARRY LANE, SHERIFF OF SEQUOYAH COUNTY; | ) ) |
| 55) MATT BOLEY, SHERIFF OF TEXAS COUNTY; | ) ) |
| 56) BOBBY WHITTINGTON, SHERIFF OF TILLMAN COUNTY; | ) ) |
| 57) CHRIS ELLIOT, SHERIFF OF WAGONER COUNTY; | ) ) |
| 58) RICK SILVER, SHERIFF OF WASHINGTON COUNTY; | ) ) |
| 59) ROGER REEVE, SHERIFF OF WASHITA COUNTY; | ) ) |
| 60) RUDY BRIGGS, JR., SHERIFF OF WOODS COUNTY; | ) ) |
| 61) KEVIN MITCHELL, SHERIFF OF WOODWARD COUNTY | ) ) |

| | |
|---|---|
| 62) **JUDGE DAWN MOODY;** | ) |
| 63) **JUDGE DOUG DRUMMOND;** | ) |
| 64) **JUDGE WILLIAM J. MUSSEMAN, JR.;** | ) ) |
| 65) **DON NEWBERRY, TULSA COUNTY COURT CLERK;** | ) ) |
| 66) **DARLENE BAILEY, TULSA COUNTY COST ADMINISTRATOR;** | ) ) |
| 67) **JUDGE TERRELL S. CROSSON; and** | ) |
| 68) **KIM HENRY, ROGERS COUNTY COURT CLERK;** | ) ) |
| | ) |
| **Defendants.** | ) |
| | ) |

# OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Leave to file a Second Amended Complaint ("Motion to Amend"). (Doc. 202.) For reasons discussed below, Plaintiffs' Motion to Amend is **GRANTED**.

## I.  Factual Background

This case arises out of Aberdeen Enterprizes II., Inc.'s allegedly unlawful debt collection business. The named plaintiffs, on behalf of a putative class, challenge the alleged practices of the above-named Defendants in assessing court debts, requesting and issuing warrants on those debts, and collecting those debts. Plaintiff Ira Lee Wilkins filed this case, on behalf of himself and the putative class, on November 2, 2017. (Doc. 2.) Defendant Aberdeen Enterprizes II, Inc. filed a Motion to Dismiss on January 11, 2018 (Doc. 8), before any Defendants had been served, though this motion was quickly deemed moot when, after serving all Defendants in late January, all named Plaintiffs filed a First Amended Complaint ("FAC") on February 1, 2018. (Doc. 76.) All Defendants filed Motions to Dismiss the Amended Complaint by March 23, 2018. (Docs. 95, 99, 169, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, and 185.) Plaintiffs did not respond to these

4

Motions to Dismiss, but rather, filed a Motion to Amend Complaint. (Doc. 202.) Some, but not all, of the Defendants oppose this Motion to Amend.[1]

## II. Standard for Leave to Amend

Courts should "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). The Court has wide discretion in deciding whether to grant leave to amend. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). "Refusing leave to amend is generally only 'justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Additionally, a party may amend its pleading once as a matter of course, either twenty-one days after service, or twenty-one days after service of a responsive pleading. FED. R. CIV. P. 15(a)(1)(B). Amendment as a matter of course after responsive pleading is meant to streamline and expedite consideration of the issues raised in the motion, as the responsive pleading may raise issues that the original pleader had not considered. FED. R. CIV. P. 15 Comm. Notes on Federal Rules of Civil Procedure ("Rules")—2009 Amendment.

## III. Analysis

The Defendants who oppose Plaintiffs' Motion to Amend have filed five Response briefs, which together argue that Plaintiffs' motion should be denied for all of the reasons listed above.

---

[1] The following Defendants oppose this Motion: Darlene Bailey, Tulsa County Cost Administrator; The Board of County Commissioners of the County of Tulsa; Don Newberry, Tulsa County Court Clerk; Vic Regalado, Sheriff of Tulsa County ("Tulsa County Defendants") (Doc. 204); The Board of County Commissioners of the County of Rogers; Kim Henry, Rogers County Court Clerk; Scott Walton, Sheriff of Rogers County ("Rogers County Defendants") (Doc. 205); Oklahoma Sheriffs' Association (Doc. 207); Aberdeen Enterprizes II, Inc.; Jim D. Shofner; Rob Shofner (Doc. 208); Judges Terrell S. Crosson, Doug Drummond, Dawn Moody, and William J. Musseman, Jr. (Doc. 209). The remaining Defendants do not oppose the Motion to Amend.

(Docs. 204, 205, 207, 208, and 209.) Additionally, Tulsa County Defendants (Doc. 204), Rogers County Defendants (Doc. 205) and Aberdeen Enterprizes II, Inc., Jim D. Shofner, and Rob Shofner (Doc. 208) argue in the alternative that, should the Court grant Plaintiffs' Motion to Amend, Plaintiffs should be required to pay all fees and costs incurred by Defendants. Finally, the Oklahoma Sheriffs' Association argues that the Court should consider Plaintiff's Motion to Amend in connection with Defendants' Motions to Dismiss. (Doc. 207.)

Plaintiffs, by contrast, argue that amending their complaint in response to arguments raised in Defendants' Motions to Dismiss will increase clarity and encourage resolution of issues, and will preserve the Court's and the Parties' resources, without prejudice against Defendants. They also argue that the proposed amendments here do not fall within the reasons that justify denying the Motion to Amend, as identified in *Frank v. U.S. West*. (Doc. 202.) Further, they argue that Defendants' request for costs should be denied, for the same reasons the Motion to Amend should be granted. (Doc. 206.) Finally, Plaintiffs argue that their Motion to Amend should not be considered with Defendants' Motions to Dismiss for reasons of judicial economy, as the changes in the proposed Second Amended Complaint ("SAC") will substantively affect Defendants' arguments and Plaintiffs' responses. (Doc. 210.)

A. **Undue Delay**

A delay is undue when the party filing the motion has no adequate explanation for the delay, or should have known the facts upon which the proposed amendment is based but failed to include them in the original pleading. *See Frank*, 3 F.3d at 1365; *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990). Courts have found that a party knew or should have known the facts upon which the proposed amendment is based in cases where the party had actual knowledge, or where the facts were of obvious importance to the party and were

6

not difficult to learn. *See, e.g.*, *Muller v. Culbertson*, 408 F. App'x 194, 197 (10th Cir. 2011) (unpublished) (plaintiff's motion to amend was denied where he changed his allegations as to the identity of his employer in response to defendant's motion to dismiss, as plaintiff knew or should have known who his employer was); *Panis v. Mission Hills Bank*, 60 F. 3d 1486, 1494-95 (10th Cir. 1995) (plaintiff's motion to amend denied where plaintiff had actual knowledge of the omitted facts); *Frank*, 3. F.3d at 1366 (plaintiffs' motion to amend denied where plaintiffs conceded that their failure to name a defendant prior to the proposed amendment was a strategic decision); *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) (defendant's motion to amend was denied where he possessed documents from which he could have discovered and asserted a statute of limitations defense at the time the lawsuit was filed).

In this case, though Defendants argue that Plaintiffs were aware of the facts underlying the amendments at the time the lawsuit was filed, they have not identified any specific fact in the proposed SAC of which the Plaintiffs were, or should have been, aware, prior to filing the FAC. With the exception of allegations regarding the Plaintiffs named in the FAC, the Court can similarly find no indication that Plaintiffs had actual knowledge of any of the facts that they allege for the first time in the SAC. Indeed, the allegation in the SAC that "[a]fter the filing of this lawsuit, Tulsa County stopped using Aberdeen, Inc.'s services for collection of Tulsa County court debt," was by necessity not known to Plaintiffs prior to filing their complaint. Further, in the case of the allegations regarding the Plaintiffs named in the FAC , the additional allegations appear to add precision to existing allegations, rather than to add new allegations of which they had actual knowledge prior to filing the SAC.

Moreover, the Court can find no facts alleged in the SAC that are both of obvious importance to Plaintiffs and not difficult to learn. For example, many of Plaintiffs' proposed

amendments supply more precision and clarity regarding Plaintiffs' allegations as to each Defendant's unlawful conduct. While each Defendant's alleged role in the unlawful activity may be of obvious importance, the precise details of each Defendant's actions are nowhere near as easily discoverable as the facts that have served as the basis for denying motions to amend, such as the identity of a plaintiff's employer, or the existence of a statute of limitations defense. *See, e,g.*, *Muller*, 408 F. App'x at 197 (plaintiff's motion to amend was denied where he changed his allegations as to the identity of his employer in response to defendant's motion to dismiss, as plaintiff knew or should have known who his employer was); *Fed. Ins. Co.*, 823 F.2d at 387 (defendant's motion to amend was denied where he possessed documents from which he could have discovered and asserted a statute of limitations defense at the time the lawsuit was filed). Accordingly, the facts alleged in Plaintiffs' SAC are not facts that Plaintiffs knew, or should have known, at the time they filed the FAC.

Plaintiffs have also presented an adequate explanation for filing their Motion to Amend at this time. Plaintiffs state that "[t]he proposed amendments here are made in good faith in direct response to Defendants' motions to dismiss in order to bolster Plaintiff's claims and to streamline the issues for presentation to the Court." (Doc. 202.) Though Plaintiffs cannot amend their Complaint as a matter of course, as they have already done so once, Plaintiff's proposed amendments fall within the policy of judicial economy that supports allowing a plaintiff to amend in response to a motion to dismiss. *See* FED. R. CIV. P. 15 Comm. Notes on Rules—2009 Amendment (allowing a plaintiff to amend his complaint in response to a motion to dismiss "may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim."). Plaintiffs' SAC limits which of their claims are brought against each Defendant, offers greater clarity on their factual allegations

and the legal substance of their claims, and adds an additional Plaintiff in response to Defendants' arguments regarding the statute of limitations. Permitting these amendments will allow the Court to decide future motions on substantive legal issues, rather than on procedural issues. *See Travelers Indem. Co. v. United States*, 382 F.2d 103 (10th Cir. 1967) (pleading is not a game of skill and its purpose is to facilitate a decision on the merits). Accordingly, the Court finds that Plaintiffs' delay in filing the proposed SAC is not undue.

Further, allowing Plaintiffs to file their SAC will not make their allegations a "moving target," as some Defendants contend. (Doc. 204, 205, and 208.) It is common, and indeed, contemplated by the Rules that a plaintiff may amend his complaint in response to a motion to dismiss. *See* FED. R. CIV. P. 15 Comm. Notes on Rules—2009 Amendment. In this case, the proposed SAC does not change Plaintiffs' theory of the case, but rather alleges additional facts that address the issues raised in Defendants' motions to dismiss. Accordingly, rather than making Plaintiffs' allegations a "moving target," the SAC refines the allegations and will allow the Court to decide future motions based on substantive issues. *See Travelers Indem. Co.*, 382 F.2d 103.

Finally, this amendment will not lay the groundwork for Plaintiffs to make serial amendments to prevent a decision on the merits, because the policy reasons in the Committee Notes on Rule 15 that support amendment in this case will not apply equally to future responsive pleadings. For example, the right to amend as a matter of course after service of a responsive pleading is not cumulative, and so the policy cannot apply with equal force to future amendments. *See* FED. R. CIV. P. 15 Comm. Notes on Rules—2009 Amendment. Moreover, serial amendments to prevent a decision on the merits would allow Defendants to put forward facts showing undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

## B. Undue Prejudice to the Opposing Party

Courts typically find prejudice when the proposed amendment will unfairly affect the opposing party "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1208. This most often occurs when the amended claims arise out of a different subject matter than what was set forth in the original complaint and raises significant new factual issues. *Id.* Prejudice is the most important factor in deciding a motion to amend the pleadings. *Id.*, at 1207.

In this case, Defendants will not be prejudiced by Plaintiffs' filing the SAC. While the SAC alleges some new facts, restyles one claim, and adds a new Plaintiff, there is significant overlap in the legal and factual material of both the FAC and SAC, which limits potential prejudice from the SAC. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (finding no prejudice where there was significant overlap in the factual underpinnings and defenses of the two complaints). Additionally, because much of the SAC attempts to describe, with more precision, the role of each Defendant in the alleged unlawful activity, the relevant witnesses and documents are within Defendants' control, further limiting prejudice. *See Velocity Press v. Key Bank, N.A.*, 570 F. App'x 783, 788 (10th Cir. 2014) (finding no prejudice where relevant witnesses and documents were within defendants' control). Finally, because the amendment would take place before the parties have commenced discovery and before the Court has ruled on any motions, Defendants will not be prejudiced in their ability to conduct discovery on all of Plaintiffs' legal claims and factual allegations, nor their ability to present every relevant argument to the Court.

Moreover, though several Defendants have asserted that allowing Plaintiffs to file the SAC would result in prejudice, the only prejudice any Defendant has alleged is that Defendants will likely be required to file an additional Motion to Dismiss, and that this task will be time-consuming, as the SAC is quite lengthy. (Docs. 204, 205, 207, and 208.) While Defendants may

be required to engage in additional research in response to the SAC or draft an additional motion to dismiss, this additional work does not, by itself, constitute prejudice. Defendants are not prejudiced simply because they must respond to Plaintiffs' amendments, particularly because, as discussed *supra*, III. A, the Rules contemplate Plaintiffs amending their complaint in response to motions to dismiss. *See* FED. R. CIV. P. 15 Comm. Notes on Rules—2009 Amendment; *Minter*, 451 F.3d at 1208; *Velocity Bank*, 570 F. App'x at 788. Defendants' argument is especially unpersuasive in this case because, with one exception, the pending motions to dismiss are the first motions to dismiss filed by the parties in this litigation, further limiting potential prejudice.[2] Accordingly, the SAC would not unduly prejudice Defendants.

### C. Bad Faith or Dilatory Motive

Bad faith may be inferred if the proposed amendment contradicts the original pleading, such that the two cannot be reconciled, or if the party seeks leave to amend for an improper purpose. *See Rivera v. Volvo Cars of N. Am., LLC.*, No. 13-00397 KG/KBM, 2015 U.S. Dist. LEXIS 192620, at *11 (D. N.M. Feb. 9, 2015); *Colo. Civ. Rights Comm'n v. 1950 Logan Condos. Condo. Ass'n*, No. 13-cv-02583-PAB-MJW, 2013 U.S. Dist. LEXIS 181195, at *4 (D. Colo. Dec. 30, 2013); *see also Ayon v. Gourley*, No. 98-1305, 1999 U.S. App. LEXIS 14199, *9-10 (10th Cir. 1999). In this case, Defendants have identified no portion of the SAC that contradicts the FAC, and the Court has found none.

Similarly, while Defendants Aberdeen Enterprizes, Jim Shofner, and Rob Shofner have alleged that Plaintiffs seek this amendment for the improper purpose of delay, the facts they cite in support of this allegation are equally consistent with Plaintiffs, in good faith, seeking to refine their factual allegations and legal claims. These Defendants argue that Plaintiffs presented their

---

[2] Aberdeen Enterprizes II has filed two Motions to Dismiss. (Docs. 8 and 208.)

11

prior pleadings with the goal of discerning what factual and legal allegations would draw objection, and now seek "a mulligan." (Doc. 208.) However, these facts are not sufficient to demonstrate an improper purpose of delay—they are equally consistent with the Rules' policy to allow amendment in response to a motion to dismiss, as it "may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that might otherwise be raised seriatim." *See* FED. R. CIV. P. 15 Comm. Notes on Rules—2009 Amendment. As discussed *supra*, III.A., merely seeking to amend in response to a motion to dismiss does not in itself demonstrate bad faith. Accordingly, Plaintiffs' proposed SAC does not demonstrate bad faith or dilatory motive.

### D. Failure to Cure Deficiencies by Amendments Previously Allowed

Defendants contend that leave to amend should not be granted because Plaintiffs have amended their complaint once before, and failed to include the factual refinements, additional Plaintiff, and claim restyling that they have included in the SAC. (Doc. 205, 207, and 208.) This argument is not persuasive. As discussed *supra*, III. A, Plaintiffs have presented adequate reason for filing their Motion to Amend at this time, and the Court has before it no compelling evidence that Plaintiffs should have filed their Motion to Amend earlier, or should have included the amendments contained in the SAC in the FAC. Accordingly, the Court rejects Defendants' argument that Plaintiffs have not cured deficiencies by amendments previously allowed.

### E. Futility of Amendment

A proposed amendment is futile if the pleading, as amended, would be subject to dismissal for any reason. *See Watson ex. rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001) (internal citations omitted). When a court denies a motion to amend based on futility, that court has frequently already ruled on a dispositive motion, either in a separate order or in conjunction

with the motion to amend. *See, e.g.*, *Bradshaw v. Lappin*, 484 F. App'x 217, 221 (10th Cir. 2012) (motion to amend denied where it reasserted claims that had been dismissed and so was futile); *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.*, 175 F.3d 848, 850 (10th Cir. 1999) (granting motion to dismiss and denying motion to amend because both the original and amended complaint were based on an article protected by the first amendment); *Bauchman v. West High Sch.*, 132 F.3d 541, 559 (10th Cir. 1997) (motion to amend denied where claims with no material differences had already been dismissed); *Mountain View Pharmacy v. Abbott Laboratories*, 630 F.2d 1383, 1389 (10th Cir. 1980) (granting a motion to dismiss and denying in part a motion to amend where "both complaints were equally devoid of any factual allegations which would support the claims of these plaintiffs against these particular defendants.").

In this case, the court has yet to rule on any dispositive motions. Accordingly, the Court has not yet determined whether the FAC is subject to dismissal, and so cannot determine based exclusively on the proposed SAC whether the SAC is subject to dismissal. At the very least, the SAC is not so obviously deficient that the Court can find that it would be subject to dismissal without the aid of the Parties' briefing on this subject.

Further, the Court declines to consider Defendants' motions to dismiss in conjunction with Plaintiffs' motion to amend, as the facts in this case counsel against such a process. Considering the motions to dismiss and the motion to amend together would require the Court to determine whether any dismissed claims were dismissed for defects cured in the proposed SAC. The briefing on the present motions to dismiss is extensive, and if the Court considered the Motions to Dismiss and the Motion to Amend together, the Court would be required to determine whether the SAC cured the defects of the FAC without the benefit of the same extensive briefing. Due to the

complex nature of both Plaintiffs' claims and Defendants' defenses, the Court will require briefing to determine whether the SAC is subject to dismissal.

Finally, Defendants argue that Plaintiffs restyling their claim of "civil extortion" as "duress" does not save this claim, as duress is not an independent tort. (Doc. 208.) This too does not render the proposed SAC futile. Economic duress is not an independent tort under Oklahoma law, and cannot support the award of punitive damages. *See Cimarron Pipeline Constr. Inc. ex. rel. All Other Insurers Who Write Comp. Ins. v. United States Fidelity & Guar. Ins. Co.*, 1993 OK 22, 848 P.2d 1161, 1162 (Okla. 1993). However, economic duress is an equitable doctrine under contract law, and can support a claim for avoiding or rescinding a contract based on economic duress, as well as for compensatory damages arising out of that contract. *Id.* at 1165-66. Plaintiffs' proposed SAC includes compensatory damages in its Prayer for Relief. Accordingly, Plaintiffs' claim of duress is not subject to dismissal without the benefit of briefing. However, Defendants may raise their objections to this, or any, claim in any subsequent motions to dismiss.

**F.     Costs**

The Court has the discretion to impose "reasonable conditions" on a grant of leave to amend, such as requiring Plaintiffs to pay Defendants' additional discovery costs and attorney's fees. *See Duran v. N.M. DOL*, 42 F. App'x 326, 327-28 (10th Cir. 2002)(unpublished); *Mountain View Pharmacy v. Abbott Laboratories*, 630 F.2d 1383, 1386 (10th Cir. 1980). When deciding whether to impose any conditions on a party's leave to amend, several of the same factors that are relevant to determining whether to grant leave to amend initially may be considered. 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 1486 (2014), citing *Mountain View Pharmacy*, 630 F.2d at 1386.

14

In this case, though it would be within the Court's discretion to impose conditions such as the award of costs, the same factors that weigh in favor of granting the Motion to Amend also weigh against requiring Plaintiffs to pay Defendants' additional discovery costs and attorney's fees. In this case, Plaintiffs filed their Motion to Amend two months after Defendants' filed their Motions to Dismiss, and in direct response to those motions. Accordingly, rather than causing economic prejudice to Defendants, the proposed SAC will conserve resources and help the Court and the parties reach a decision on substantive issues. *See Travelers Indem. Co. v. United States*, 382 F.2d 103 (10th Cir. 1967) (pleading is not a game of skill and its purpose is to facilitate a decision on the merits). Additionally, discovery and other pretrial procedures have not begun in this case, so Defendants will not have to undergo additional discovery. Indeed, it appears that Defendants' only potential additional costs will be to prepare additional Motions to Dismiss. This is not sufficient to justify awarding discovery costs and attorney's fees. *See Duran*, 41 F. App'x at 328-29 (upholding a condition that plaintiff pay additional discovery costs on the court's grant of leave to amend where the defendant would have been required to engage in additional discovery and respond to otherwise-barred claims). Accordingly, the Court will not require Plaintiffs to pay Defendants' additional discovery costs and attorney's fees.

## IV. Conclusion

For the reasons set forth above, the Court finds that Plaintiffs' Motion to Amend is **GRANTED**. Plaintiffs may file their SAC within five (5) days of this order being entered.

Plaintiffs' Motion to Amend (Doc. 202) is **GRANTED**. Further, because Defendants' Motions to Dismiss refer to the FAC, which is no longer the operative complaint, Plaintiffs' Motion to Deny Defendants' Motions to Dismiss as Moot (Doc. 202) is **GRANTED**.

Defendant P.D. Taylor's Motion to Dismiss for Lack of Jurisdiction in Official Capacity (Doc. 95) is **DENIED AS MOOT**.

Defendant P.D. Taylor's Motion to Dismiss for Lack of Jurisdiction in Individual Capacity (Doc. 99) is **DENIED AS MOOT**.

Defendants' Terrell S. Crosson's, Doug Drummond's, Dawn Moody's, and William J. Musseman Jr.'s Motion to Dismiss (Doc. 169) is **DENIED AS MOOT**.

Defendant Aberdeen Enterprizes II, Inc. Motion to Dismiss (Doc. 175) is **DENIED AS MOOT**.

Defendants Jim D. Shofner's and Ron Shofner's Motion to Dismiss (Doc. 176) is **DENIED AS MOOT**.

Defendants the Board of County Commissioners of the County of Rogers's, Roger County Clerk Kim Henry's, and Rogers County Sheriff Scott Walton's (Doc. 177) is **DENIED AS MOOT**.

Defendants Roger County Clerk Kim Henry's and Rogers County Sheriff Scott Walton's Motion to Dismiss (Doc. 178) is **DENIED AS MOOT**.

Defendant Oklahoma Sheriffs' Association's Motion to Dismiss (Doc. 179) is **DENIED AS MOOT**.

Defendant Darlene Bailey's Motion to Dismiss (Doc. 180) is **DENIED AS MOOT**.

Defendants Darlene Bailey's, the Board of County Commissioners of the County of Tulsa's, Don Newberry's and Vic Regalado's Motions to Dismiss (Doc. 181) is **DENIED AS MOOT**.

Defendant Don Newberry's Motion to Dismiss (Doc. 182) is **DENIED AS MOOT**.

Defendant Vic Regalado's Motion to Dismiss (Doc. 183) is **DENIED AS MOOT**.

Defendants Tony Almaguer's, Darren Atha's, Dennis Banther's, Matt Boley's, Mike Booth's, Bret Bowling's, Rudy Briggs, Jr.'s, Chris Bryant's, Kevin Clardy's, Danny Cryer's, Chris Elliott's, Norman Fisher's, Jeremy Floyd's, Todd Gibson's, Marty Grisham's, Sandy Hadley's, R.B. Hauf's, Tony Head's, B.J. Hedgecock's, Jesse James's, Bryan Jump's, Steve Kelley's, Larry Lane's, Kevin Ledbetter's, Roger Levick's, Marcia Maxwell's, Thomas McClendon's, Kevin Mitchell's, Harlan Moore's, Jerry Niles's, Ruben Parker, Jr.'s, Mike Reed's, Roger Reeve's, Eddy Rice's, Jason Ritchie's, Darrin Rodgers's, Clay Sander's, Rob Seale's, Rick Silver's, Jon Smith's, Shannon Smith's, Scott Sterling's, Eddie Virden's, Rick Wallace's, Mike Waters's, Jim Weir's, Chris West's, Bobby Whittington's, Jeremie Wilson's, Heath Winfrey's, and Steven Worley's Motions to Dismiss in their Official Capacity (Doc. 184) and in their Individual Capacities (Doc. 185) are **DENIED AS MOOT**.

**DATED THIS 20th day of September, 2018.**

**TERENCE C. KERN**
**United States District Judge**