UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLY GRAFF, et al. | ) |
|     Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:17-CV-606-TCK-JFJ ) |
| ABERDEEN ENTERPRIZES II, INC., et al. | ) ) ) |
|     Defendants. | ) |

**TULSA COUNTY DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO FILE A CONSOLIDATED BRIEF AND TO EXTEND PAGE LIMIT**

Defendants, Tulsa County Sheriff, Vic Regalado, in his individual and official capacities, Tulsa County Court Clerk, Don Newberry, in his individual and official capacities, Tulsa County Court Cost Administrator, Darlene Bailey,[1] in her individual and official capacities, and the Board of County Commissioners of the County of Tulsa (collectively, "Tulsa County Defendants"), respectfully submit this Brief in Opposition to Plaintiffs' Motion to File a Consolidated Brief Opposing Defendants' Motions to Dismiss and to Extend the Page Limit ("Motion") (Doc. #244). Tulsa County Defendants anticipate that their co-defendants will file timely, separate briefs in opposition to the Motion as permitted by Federal and Local Rules.

Plaintiffs have sued numerous counties and county officials in both their official and individual capacities alleging that all defendants act in the same manner to deprive Plaintiffs of their federally-protected rights regarding criminal court costs. *See* Second Amended Complaint (Doc. #212). Every defendant has moved to dismiss Plaintiffs' claims. *See* Motions to Dismiss (Docs. #215, 226-28, 230-39).

---

[1] The Tulsa County Cost Administrator is an employee (deputy) of the Tulsa County Court Clerk. *See Jones v. Hacker*, 2015 WL 1279352, at *1 (E.D. Okla. March 20, 2015).

1

There are four (4) briefs filed on behalf of the named counties, one each by Tulsa County, Rogers County, Oklahoma County and the Fifty Sheriffs in their official capacities (each 25 pages long, or thereabouts).[2]  Because each movant is a county and each county is alleged to have committed virtually identical transgressions, not surprisingly, and as acknowledged by the Plaintiffs in their Motion, each of these four briefs, for the most part, makes similar if not identical arguments.  *See* Docs. #215, 226, 234 and 238.  *See also* Motion (Doc. #244) ("Defendants' … motions contain significant repetition … [repeat] argument[s] verbatim … [and] raise the same arguments in slightly different terms").  Responding to each brief separately would require a response brief of equal page limit to the movant's brief.  But by consolidating their response to four virtually-identical briefs into one massive brief in opposition, Plaintiffs would be granted permission to return volley with three to four times the pages than each county has been allotted.  Such a procedure would be decidedly unfair and unduly prejudicial to the county defendants, and unjustly grant the Plaintiffs a significant procedural advantage.

The same argument applies to the seven (7) briefs filed on behalf of county officers in their individual capacities, one each by the Tulsa County Sheriff, Court Clerk and Cost Administrator, Rogers County Sheriff and Court Clerk, Oklahoma County Sheriff and the Fifty Sheriffs in their individual capacities (each 25 pages long, or thereabouts).  Each movant is a county officer alleged to have committed virtually identical transgressions, and each movant makes similar if not identical arguments in their respective motions to dismiss.  *See* Docs. #215, 227-28, 235-37 and 239.  Allowing Plaintiffs to file a 150-page brief in opposition to the seven

---

[2] An action against a county sheriff in his or her official capacity is maintained against the county itself.  *See Lopez v. LeMaster*, 172 F.3d 756, 762 (10th Cir. 1999) (suit against Jackson County Sheriff in his official capacity is the equivalent of a suit against Jackson County, Oklahoma); *Darnold v. Koch*, 2011 WL 4607278 (N.D. Okla. 2011) ("any claim against Defendant Glanz in his official capacity [as Sheriff] is tantamount to an action against Tulsa County itself"); and *Kentucky v. Graham*, 473 U.S. 159, 165-67, fn.14 (1985) (an official capacity "suit is, in all respects other than name, to be treated as a suit against the entity").

individual briefs would allow a tsunami wave to sweep away seven canonical fountains (after the fountains were built to spec). Each movant has spent a considerable number of his or her 25 pages devoted to the legal standards and applicable facts, a requirement Plaintiffs acknowledge they seek to avoid. *See* Motion (Doc. #244). Plaintiffs' proposed procedure is an attempt to avoid the Court's page limitation. It is egregiously unfair.

The Federal Rules of Civil Procedure, and local rules in conformity, "should be construed, administered, and employed by the court and the parties to secure the *just*, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1 (emphasis added). Moreover, "[t]he trial judge has discretion in any civil or criminal case to waive, supplement, or modify any requirement of [the court's] local rules when the ***administration of justice*** requires." LCvR1.2(c) (emphasis added). As lady justice reminds us, justice is a balancing act: the procedural rules by which the parties advance their respective facts and arguments must be impartial.

By Order of this Court dated March 16, 2018, the following page limitations were imposed on Defendants regarding their respective Briefs in Support of their Motions to Dismiss:

- Defendant Aberdeen may file one brief of not more than twenty-five (25) pages.
- Defendants Jim Shofner and Rob Shofner may file one consolidated brief of not more than twenty-five (25) pages.
- Defendants 51 Sheriffs may file two consolidated briefs (addressing individual capacity and official capacity liability) of not more than forty (40) pages each.
- Defendant Oklahoma Sheriffs' Association may file one brief of not more than twenty-five (25) pages.
- Defendant Vic Regalado may file one brief of not more than twenty-five (25) pages.
- Defendant Don Newberry may file one brief of not more than twenty-five (25) pages.
- Defendant Darlene Bailey may file one brief of not more than twenty-five (25) pages.

- Defendant Board of County Commissioners of the County of Tulsa may file one brief of not more than twenty-five (25) pages.

- Defendants Judge Terrell S. Crosson, Judge Doug Drummond, Judge Dawn Moody, and Judge William J. Musseman, Jr. may file one consolidated brief of not more than thirty-Five (35) pages.

Order (Doc. #165).

Upon considerations of fairness, justice and impartiality, as well as judicial economy, Plaintiffs should be required to respond to each of the above briefs in like manner. It is clearly easier for the Court to match argument for argument by matching an opening brief with its corresponding response brief, and then factor in the reply, as opposed to searching through 150 pages of a consolidated response that shifts between particular events in time and space and abstract generalizations without historical reference, as it suits Plaintiffs' needs (*see, e.g.*, Second Amended Complaint, Doc. #212), and trying to extrapolate what specific, and not general, issues remain for each of the eleven replies. Will each movant be granted a 60-page reply brief?[3] Plaintiffs' request should be denied.

Respectfully submitted,

Joel L. Wohlgemuth, OBA #9811
Jo Lynn Jeter, OBA #20252
**NORMAN WOHLGEMUTH CHANDLER JETER BARNETT & RAY**
2900 Mid-Continent Tower
401 South Boston
Tulsa, OK 74103
(918) 583-7571
(918) 584-7846 – facsimile
jlw@nwcjlaw.com
jlj@nwcjlaw.com

/s/ Douglas A. Wilson
Douglas A. Wilson, OBA #13128
Assistant District Attorney
Tulsa County District Attorney's Office
500 S. Denver Ave., Suite 832
Tulsa, OK 74103
(918) 596-8795 phone
(918) 596-4804 fax
douglas.wilson@tulsacounty.org

**ATTORNEYS FOR TULSA COUNTY SHERIFF VIC REGALADO, TULSA COUNTY COURT CLERK DON NEWBERRY, TULSA COUNTY COURT COST ADMINISTRATOR DARLENE BAILEY AND THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF TULSA**

---

[3] 60 pages is to 150 pages the same as 10 pages is to 25 pages (40%).

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | | |
|---|---|---|
| Robert Earl Applegate | Robert Dale James | Daniel E Smolen |
| Robert Lamar Betts | Jo Lynn Jeter | Donald Eugene Smolen, II |
| Robert Murray Blakemore | Alexander Karakatsanis | Todd Michael Wagner |
| Kelsey Ann Chilcoat | April Danielle Kelso | Chris M Warzecha |
| Isaac Robertson Ellis | Robert Stevens Lafferrandre | Seth T Wayne |
| Aaron Etherington | Stefanie Erin Lawson | Jill Elizabeth Webb |
| Melodie Freeman-Burney | Thomas Adrian LeBlanc | Joel L Wohlgemuth |
| Robert D Friedman | Douglas N. Letter | Randall J Wood |
| Kimberly Majors Hall | Mary B McCord | John R Woodard, III |
| Rodney J Heggy | Harry Anthony Parrish | Maurice Glenn Woods, II |
| Jeffrey Calvin Hendrickson | Carri Ann Remillard | |
| Katherine Hubbard | Elizabeth Rossi | |

/s/ Douglas A. Wilson
Douglas A. Wilson