# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

CARLY GRAFF, et. al.,

  *Plaintiffs,*

  v.

ABERDEEN ENTERPRIZES II, INC., et al.,

  *Defendants.*

Case No. 4:17-CV-606-TCK-JFJ

## PLAINTIFFS' OPPOSITION TO DEFENDANT DON NEWBERRY, COURT CLERK OF TULSA COUNTY'S MOTION TO DISMISS

### BRIEF  K

Jill Webb, OBA #21402
J Webb Law Firm PLLC
P.O. Box 1234
Tulsa, OK 74101
Tel: 918-346-5664
jill.webb@gmail.com

Katherine Hubbard (admitted *Pro Hac Vice*)
California Bar No. 302729
Ryan Downer (admitted *Pro Hac Vice*)
D.C. Bar No. 1013470
Marco Lopez* (admitted *Pro Hac Vice*)
California Bar No. 316245
Tara Mikkilineni (admitted *Pro Hac Vice*)
D.C. Bar No. 997284
Civil Rights Corps
910 17th Street NW, Suite 200
Washington, DC 20006
Tel: 202-599-0953
Fax: 202-609-8030
katherine@civilrightscorps.org
ryan@civilrightscorps.org
marco@civilrightscorps.org
tara@civilrightscorps.org

*Admitted solely to practice law in California;
not admitted in the District of Columbia.

Practice is limited pursuant to D.C. App. R. 49(c)(3).
Daniel Smolen, OBA #19943
Donald E. Smolen, II, OBA #19944
Robert M. Blakemore, OBA #18656
Smolen, Smolen & Roytman
701 South Cincinnati Avenue
Tulsa, OK 74119
Tel: 918-585-2667
Fax: 918-585-2669

Douglas N. Letter (admitted *Pro Hac Vice*)
D.C. Bar No. 253492
Robert Friedman (admitted *Pro Hac Vice*)
D.C. Bar No. 1046738
Seth Wayne (admitted *Pro Hac Vice*)
D.C. Bar No. 888273445
Institute for Constitutional Advocacy
and Protection
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, D.C. 20001
Tel: 202-662-9042
Dl1016@georgetown.edu
rdf34@georgetown.edu
sw1098@georgetown.edu

*Attorneys for the Plaintiffs*

## Index of Plaintiffs' Opposition Briefs

For ease of reference, each of Plaintiffs' opposition briefs has been labeled by letter according to the motion to dismiss to which it is responsive, listed below.


Brief A: 51 County Sheriff Defendants, Individual Capacity (Doc. 239)

Brief B: Rogers County Defendants, Official Capacity (Doc. 226)

Brief C: Kim Henry, Former Court Clerk of Rogers County, Individual Capacity (Doc. 227)

Brief D: Scott Walton, Sheriff of Rogers County, Individual Capacity (Doc. 228)

Brief E: Aberdeen Enterprizes II, Inc. (Doc. 230)

Brief F: Jim and Rob Shofner (Doc. 231)

Brief G: Oklahoma Sheriffs' Association (Doc. 232)

Brief H: Defendant Judges (Doc. 233)

Brief I: 51 County Sheriff Defendants, Official Capacity (Doc. 234)

Brief J: Vic Regalado, Sheriff of Tulsa County, Individual Capacity (Doc. 235)

Brief K: Don Newberry, Court Clerk of Tulsa County, Individual Capacity (Doc. 236)

Brief L: Darlene Bailey, Cost Administrator of Tulsa County, Individual Capacity (Doc. 237)

Brief M: Tulsa County Defendants, Official Capacity (Doc. 238)

## **Table of Contents**

INTRODUCTION…………………………………………………………………….……..1

RELEVANT BACKGROUND…………………………………………………...……………3

ARGUMENT……………………………………………………………………….………...5

     I.  Newberry Caused the Constitutional Violations That Plaintiffs Challenge……………5

     II. Plaintiffs Have Standing to Sue Newberry………………………………...…………….7

CONCLUSION…………………………………………………………………...……………..9

**INTRODUCTION**

Plaintiffs in this case challenge an abusive and illegal debt-collection scheme perpetrated by a for-profit company, Aberdeen Enterprizes II, Inc., that depends on the threat of arrest and incarceration to extract money from indigent Oklahomans, like Plaintiffs, who owe court debt that they are unable to pay.  This illicit scheme cannot function without arrest warrants for nonpayment and without individual debtors' cases being referred to Aberdeen for collection.

Defendant Don Newberry, the Clerk of the Tulsa County District Court, plays a pivotal role in securing the necessary arrest warrants and referring cases to Aberdeen.  First, as the Second Amended Complaint alleges, Newberry has established a practice—carried out with the assistance of the Tulsa County Cost Administrator, Defendant Darlene Bailey—of requesting arrest warrants after a debtor misses a certain number of payments.  Under this policy, Newberry's office requests warrants with complete disregard of the debtor's ability to pay the court debt owed, and does not make the request under oath or affirmation.  Second, Newberry chooses which cases to refer to Aberdeen, again without the constitutionally required inquiry into the debtor's ability to pay, and once a case is transferred, adds 30 percent to the amount of court debt the debtor owes.  Third, Newberry has established a policy that requires his office to assist Aberdeen in securing new debt-collection arrest warrants after the company takes control of a case.  These requests also involve no inquiry into ability to pay and are not made under oath or affirmation.

Plaintiffs have sued Newberry, in his individual capacity, to enjoin him from continuing this unlawful conduct and to seek compensatory damages for the harm already done.  In Counts Two and Five, Plaintiffs challenge Newberry's practice of requesting, and helping Aberdeen request, warrants based solely on nonpayment, without regard to the debtor's ability to pay.  In

1

BRIEF K

Count Three, Plaintiffs challenge Newberry's practice of recklessly omitting material information related to ability to pay when requesting, or helping Aberdeen request, warrants. Count Three also challenges his practice of requesting warrants that are not based on oath or affirmation.  In Count Seven, Plaintiffs challenge Newberry's practice of referring cases to Aberdeen, which is an integral part of the collective effort among various Defendants in this case to use unconstitutionally onerous methods to collect debt that violate the Equal Protection Clause.

In his motion to dismiss, Newberry primarily contends that he is entitled to quasi-judicial immunity and qualified immunity from damages, and that this Court lacks authority to issue an injunction against him in his personal capacity.  Newberry also contends that that injunctive relief is never available against a government official in his individual capacity.  These arguments parrot the ones made by Defendant Bailey.  In the interest of preserving judicial resources, Plaintiffs do not repeat their arguments that explain why Newberry's positions lack merit and, instead, respectfully refer the Court to their brief in opposition to Defendant Bailey's motion to dismiss.  *See* Br. L, Section IV, pp. 21-24.

Newberry does make two arguments that require separate treatment.  First, he asserts that Plaintiffs' damages claims based on unconstitutional warrant requests should be dismissed because all the requests at issue in the Second Amended Complaint were made before January 1, 2017, when he took office.  He is wrong.  The Second Amended Complaint alleges that Newberry is responsible for a warrant request, made in September 2017, against Plaintiff Melanie Holmes.  Accordingly, Plaintiffs' damages claims against Newberry survive.

Second, Newberry argues that Plaintiffs lack standing to sue him.  This contention also fails.  Ms. Holmes has standing to seek damages for the harm caused by Newberry's

2

BRIEF K

unconstitutional warrant request, and Plaintiff Randy Frazier has standing to seek damages for Newberry's role in referring his case to Aberdeen.  Further, multiple Plaintiffs are financially unable to pay their court debts and are therefore at imminent risk of being subjected to Newberry's practices of assisting Aberdeen to obtain new arrest warrants and referring cases to Aberdeen.  These Plaintiffs have standing to seek injunctive relief against Newberry's warrant practices.  And because Tulsa has temporarily stopped using Aberdeen, all Plaintiffs owing court debt in Tulsa County have standing to enjoin Newberry from transferring their cases to Aberdeen once more.

Newberry's motion to dismiss should be denied.

## RELEVANT BACKGROUND

Don Newberry is the Clerk of the Tulsa County District Court.  SAC ¶ 35.  Along with Defendant Darlene Bailey, the Cost Administrator, he is responsible for collecting fines, fees, and costs assessed against individuals convicted of traffic and criminal offenses.  SAC ¶¶ 35-36.  As part of that effort, Defendants Newberry and Bailey establish payment plans for people owing court debt.  SAC ¶¶ 35-36.  Under practices that Newberry has established, if a debtor misses a certain number of payments, ranging from six to twelve payments, his office, which includes Bailey, requests that a judge issue a warrant for the debtor's arrest.  SAC ¶¶ 35, 118, 120-21.  Under these practices, the requests include no information about the debtor's ability to pay, and the requestor does not attest to facts under oath or affirmation.  SAC ¶¶ 35, 120-21.  Once the request is submitted, a judge signs the warrant so that it becomes an active arrest warrant.  SAC ¶¶ 120-21.  The Second Amended Complaint alleges that Bailey and Newberry established these practices for seeking warrants.  SAC ¶¶ 35-36.

3

BRIEF K

After a warrant issues in a specific case, Newberry, along with Bailey, "chooses" whether to refer the case to Aberdeen to take charge of collecting the court debt.  SAC ¶ 35.[1]  If the case is referred, Newberry's office increases the amount the debtor owes by 30 percent.  SAC ¶¶ 35, 36, 58.  The 30 percent add-on is used to pay Aberdeen for its services and the Oklahoma Sheriffs' Association for overseeing Aberdeen's contract.  Okla. Stat. tit. 19, § 514.5(b).

Newberry has established practices that require his office to continue to play a role in collecting debt even after referral, specifically, by assisting Aberdeen in obtaining new arrest warrants.  If the debtor pays Aberdeen to have a warrant recalled, but then misses payments again, Aberdeen will seek a new warrant.  SAC ¶ 126.  To do this, Aberdeen makes an informal request for a warrant to Newberry's office.  SAC ¶¶ 35, 89, 126.  Pursuant to Newberry' practice, his office then assists Aberdeen by putting the request in front of a judge in a form that allows the judge to issue a warrant.  SAC ¶ 35.  This is done without information about the debtor's ability to pay and without making (or having Aberdeen make) the request under oath or affirmation.  SAC ¶¶ 35, 89, 126.

 Newberry's illegal policies have affected multiple Plaintiffs in this case.  Of particular relevance here, pursuant to his policies, Newberry's office requested that a warrant issue against Melanie Holmes for nonpayment.  SAC ¶¶ 25, 35.  Additionally, Newberry referred Randy Frazier's case to Aberdeen.  SAC ¶¶ 19, 35.  As a result of Newberry's practices, Ms. Holmes has an active warrant out against her, leaving her afraid to return to Oklahoma to visit her family, SAC ¶ 25, 212, and Mr. Frazier has endured being threatened with arrest by Aberdeen—a threat Aberdeen made not only to him but also to his daughter, SAC ¶¶ 166-68.  Multiple other

---

[1] Tulsa County ceased using Aberdeen to collect debt after Plaintiffs initiated this action, but before the filing of the Second Amended Compliant.  SAC ¶ 124. The statement of the relevant background that follows captures Newberry's practices prior to the point that Tulsa stopped using Aberdeen.

4

BRIEF K

plaintiffs, moreover, are financially unable to pay their court debt.  *See, e.g.*, SAC ¶¶ 20, 21, 23. Because they will therefore miss payments, they are at risk of being subjected to Newberry's practices for requesting warrants.  *See* SAC ¶ 126.

## ARGUMENT

### I.   Newberry Caused the Constitutional Violations That Plaintiffs Challenge.

Section 1983 imposes liability on a state actor who "subjects[] or causes [an individual] to be subjected" to a deprivation of her constitutional rights.  42 U.S.C. § 1983.  Put differently, there must be a "direct causal link" between the defendant's conduct and the plaintiff's injury. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1318 (10th Cir. 2002).  This requirement, often referred to (including by Newberry) as a requirement of "personal participation," does not mandate "direct participation" in the infliction of the injury and "is not limited solely to situations where a defendant violates a plaintiff's rights by [for example] physically placing hands on him."  *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (quotation marks omitted).  Instead, liability also extends to the "defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy" that, when enforced "by the defendant-supervisor or her subordinates," injures the plaintiff.  *Id.* at 1199.  Indeed, it is enough if the supervisor is deliberately indifferent to the maintenance of a practice carried out by subordinates that causes the plaintiff's injury.  *Durkee v. Minor*, 841 F.3d 872, 877 (10th Cir. 2016).

Plaintiffs' have adequately alleged that Newberry "personally participated" in constitutional violations that involved both his referral practices and his warrant practices. Indeed, although Newberry broadly asserts that Plaintiffs' claims lack "factual allegations that would implicate Newberry in his individual capacity" at all, he concedes in the next paragraphs that Plaintiffs have alleged he is responsible for the transfer of Mr. Frazier's case to Aberdeen.

5

BRIEF K

Mot. to Dismiss Pls.' Sec. Am. Compl. By Def. Don Newberry, in His Individual Capacity ("Doc. 236") at 7-8 ("Plaintiff Frazier's claim, and the class he represents against Newberry, is limited to Newberry's alleged transfer of Frazier's account to Aberdeen.").  This concession accords with the allegations in the Second Amended Complaint, which include that Newberry is responsible for choosing when to transfer cases to Aberdeen and that his office did, in fact, transfer Mr. Frazier's case.  SAC ¶¶ 35, 164.

Newberry, however, asks this Court to find that Plaintiffs have failed to allege his personal participation in causing constitutional violations related to his warrant practices.  His argument proceeds in three steps.  First, although Plaintiffs have alleged that a warrant issued against Mr. Frazier in January 2017, Newberry asks the Court to take judicial notice of a public record, which he claims shows that the warrant, in fact, issued against Mr. Frazier in December 2016. Doc. 236 at 8.  Second, Newberry did not take office until January 2, 2017.  Doc. 236 at 7. Third, because the warrant against Mr. Frazier issued before Newberry took office, Newberry cannot be held responsible for it. Doc. 236 at 8.  From this string, Newberry asserts that the claims against him based on unconstitutional warrant requests must be dismissed.

Newberry is incorrect.[2]  Regardless of the timing of the warrant request against Mr. Frazier, Plaintiffs have alleged, as noted above, that Newberry is responsible for a warrant request made against Plaintiff Melanie Holmes.  As the Second Amended Complaint explains, Ms. Holmes currently has an "active debt collection warrant[]" out against her that was "issued by Judge Moody," *i.e.*, the Tulsa County Judge to whom Newberry's office submits warrant requests.  SAC ¶¶ 25, 120-21.  The public records show that this warrant issued in September

---

[2] Plaintiffs acknowledge that the public record contains two notations, one that says a warrant issued against Mr. Frazier on January 3, 2017, and one that says a warrant issued on December 28, 2016.

6

BRIEF K

2017, well after Newberry took office.[3]  Because Plaintiffs have alleged that Newberry set the policies for his office's request of warrants and because Newberry's office made the request against Ms. Holmes months after Newberry took office, SAC ¶¶ 35, 120-21, Plaintiffs have alleged that Newberry "possesses responsibility for the continued operation of [the] policy" that caused Ms. Holmes' injury.  *Dodds*, 614 F.3d at 1199.  These allegation satisfy the personal participation element of Ms. Holmes' § 1983 claims, and those of the putative class members, based on Newberry's warrant practices.[4]

## II.     Plaintiffs Have Standing to Sue Newberry.

The allegations that show Newberry personally participated in the challenged conduct also demonstrate that Newberry's argument that Plaintiffs lack standing is incorrect.  With respect to their claims for both damages and injunctive relief, Plaintiffs meet the three requirements—"injury-in-fact, causation and redressability," *Finstuen v. Crutcher*, 496 F.3d 1139, 1143 (10th Cir. 2007)—necessary for Article III standing.

---

[3] The docket reflecting this warrant against Ms. Holmes is attached to this brief. Ex. A; *see also* oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-2005-4750&cmid=1696675. Ms. Holmes previously went by the name of Melanie Lee, which is the name that appears on the docket.  *See* Doc. 215 at 17 (brief of Defendant P.D. Taylor observing this fact).  Additionally, this public docket aside, the fact that the warrant request made against Ms. Holmes issued after Newberry took office can also be inferred from the allegations in the Second Amended Complaint.  Plaintiffs alleged that Ms. Holmes was held in the Tulsa County jail on a debt-collection warrant from December 2 to 8, 2016 and that there is currently a new warrant out for her arrest.  *See* SAC ¶ 25.  Newberry's office therefore must have requested the new warrant between December 8, 2016, and the time of the filing of the Second Amended Complaint. Because Plaintiffs have further alleged that a debtor must miss multiple monthly payments before either Newberry's office or Aberdeen will request a new payment, SAC ¶¶ 120-21, 126, it is not possible that the warrant request was made before Newberry took office on January 2, 2017.  These inferences must be drawn in Plaintiffs' favor at the pleadings stage.  *See, e.g.*, *W. Watersheds Project v. Michael*, 869 F.3d 1189, 1193 (10th Cir. 2017).

[4] Although the foregoing demonstrates that Newberry has been given fair notice of the claims against him, should the Court deem it necessary, Plaintiffs are willing to make a technical amendment to make even more explicit that Newberry's office, under Newberry's policies, requested the warrant against Ms. Holmes.

BRIEF K

With respect to damages, as discussed, both Ms. Holmes and Mr. Frazier have been injured by Newberry's unconstitutional practices.  Pursuant to Newberry's warrant policies, his office requested a warrant against Ms. Holmes for nonpayment.  SAC ¶¶ 25, 35.  Because of that warrant, Ms. Holmes has been too scared to visit with her family.  SAC ¶ 213.  Newberry also caused the transfer of Mr. Frazier's debt to Aberdeen, resulting in Mr. Frazier being subjected to threats of "pay or be arrested," despite his indigence.  SAC ¶¶ 19, 164.  These Plaintiffs clearly have suffered past injuries caused by Newberry, and damages will redress those injuries.

With respect to injunctive relief, all Plaintiffs with cases arising in Tulsa County District Court have standing to seek an injunction against Newberry's practice of referring cases to Aberdeen.  As noted, Plaintiffs have alleged that Tulsa County stopped using Aberdeen after Plaintiffs filed this case.  SAC ¶ 124.  This voluntary cessation of the challenged conduct, of course, does not moot Plaintiffs claims.  *See, e.g.*, *ARW Expl. Corp. v. Aguirre*, 947 F.2d 450, 453 (10th Cir. 1991).  But here, it does create the possibility that Plaintiffs' cases will later be sent back to Aberdeen without a court order against Newberry.  The requested injunction will redress that anticipated injury.

Multiple Plaintiffs also have standing to seek injunctive relief against Newberry's warrant practices.  As explained in Plaintiffs' Opposition to the Judicial Defendants' Motions to Dismiss, *see* Br. H, Section I.A, pp. 11-13, multiple Plaintiffs cannot pay their court debt and are at imminent risk of having a new debt-collection arrest warrant issue against them, a process in which Newberry plays an integral—and unconstitutional—role.  *See* SAC ¶¶ 36, 89.  An injunction prohibiting Newberry from either requesting a warrant or, if Tulsa County begins using Aberdeen again, assisting Aberdeen in requesting new warrants without regard to ability to

8

BRIEF K

pay and without making the request under oath or information will prevent these anticipated imminent injuries.

Newberry's argument that he lacks authority to redress these anticipated injuries is meritless. As an initial matter, Newberry has the ability to pay the money damages Plaintiffs seek as compensation for their injuries. As for injunctive relief, Plaintiffs agree that Newberry lacks authority to "issue[ or] amend" warrants, and they do not ask for an injunction requiring him to "recall" warrants. Plaintiffs only request the Court enjoin Newberry's practices of requesting warrants without regard to ability to pay and not under oath or affirmation, and of referring cases to Aberdeen without regard to ability to pay. For this same reason, Newberry's assertion that he cannot redress Plaintiffs' injuries because he lacks authority to "undertake pre-deprivation procedures regarding . . . ability to pay" misses the point. *See* Doc. 236 at 22. The injury is not the absence of "pre-deprivation procedures" alone, but the deprivation (*i.e.*, the warrant and arrest) that occurs in their absence. Accordingly, an order prohibiting Newberry from continuing to seek unconstitutional warrants will provide the sought-after relief. If Newberry cannot provide the requisite pre-deprivation process himself, as he claims, then he cannot be left free to seek warrants until another appropriate government official takes the constitutionally required actions that are prerequisites for Newberry's conduct.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court deny Defendant Don Newberry's motion to dismiss in his individual capacity.

9

BRIEF K

Dated: November 30, 2018           Respectfully submitted,

                                   */s/Jill E. Webb*
                                   Jill Webb, OBA #21402
                                   J Webb Law Firm PLLC
                                   P.O. Box 1234
                                   Tulsa, OK 74101
                                   Tel: 918-346-5664
                                   jill.webb@gmail.com

                                   */s/ Daniel E. Smolen*
                                   Daniel Smolen, OBA #19943
                                   Donald E. Smolen, II, OBA #19944
                                   Robert M. Blakemore, OBA #18656
                                   Smolen, Smolen & Roytman
                                   701 South Cincinnati Avenue
                                   Tulsa, OK 74119
                                   Tel: 918-585-2667
                                   Fax: 918-585-2669

                                   */s/ Katherine Hubbard*
                                   Katherine Hubbard (admitted *Pro Hac Vice*)
                                   California Bar No. 302729
                                   Ryan Downer (admitted *Pro Hac Vice*)
                                   D.C. Bar No. 1013470
                                   Marco Lopez* (admitted *Pro Hac Vice*)
                                   California Bar No. 316245
                                   Tara Mikkilineni (admitted *Pro Hac Vice*)
                                   D.C. Bar No. 997284
                                   Civil Rights Corps
                                   910 17th Street NW, Suite 200
                                   Washington, DC 20006
                                   Tel: 202-599-0953
                                   Fax: 202-609-8030
                                   katherine@civilrightscorps.org
                                   ryan@civilrightscorps.org
                                   marco@civilrightscorps.org
                                   tara@civilrightscorps.org

                                   *Admitted solely to practice law in California; not admitted in the
                                   District of Columbia. Practice is limited pursuant to D.C. App. R.
                                   49(c)(3).

                                   */s/ Seth Wayne*
                                   Douglas N. Letter (admitted *Pro Hac Vice*)
                                   D.C. Bar No. 253492

10

BRIEF K

Robert Friedman (admitted *Pro Hac Vice*)
D.C. Bar No. 1046738
Seth Wayne (admitted *Pro Hac Vice*)
D.C. Bar No. pending
Institute for Constitutional Advocacy and Protection
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, D.C. 20001
Tel: 202-662-9042
mbm7@georgetown.edu
rdf34@georgetown.edu
sw1098@georgetown.edu

*Attorneys for Plaintiffs*

11

BRIEF K

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of November, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.


*/s/ Seth Wayne*


12

BRIEF K