**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CARLY GRAFF, et. al., | |
| *Plaintiffs*, | |
| v. | Case No. 4:17-CV-606-TCK-JFJ |
| ABERDEEN ENTERPRIZES II, INC., et al., | |
| *Defendants*. | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit this notice of supplemental authority to bring the Court's attention to recent decisions in *Feenstra v. Sigler*, 19-cv-00234-GFK-FHM (N.D. Okla.), and *Caliste v. Cantrell*, 937 F.3d 525 (5th Cir. 2019).

### I.      *Feenstra v. Sigler*

The plaintiffs in *Feenstra* owe fines and fees from court cases in Washington County, Oklahoma.  In their lawsuit, they challenge, among other practices, the alleged failure of Washington County judges, who are named defendants, to make an inquiry into the plaintiffs' ability to pay outstanding fines and fees before threatening them with jail and actually jailing them.  The plaintiffs also allege that the Oklahoma Indigent Defense System and related entities responsible for providing counsel to indigent criminal defendants ("OIDS") have violated their constitutional rights by providing contract attorneys with a financial incentive to not request a hearing on ability to pay.

In two decisions issued on November 13, 2019, and November 14, 2019, the court granted in part and denied in part the defendants' motions to dismiss.[1]  Two of the court's holdings are of particular relevance to the motions to dismiss pending before this Court.

First, the court held that the plaintiffs had standing to challenge the defendant judges' failure to inquire into ability to pay before imprisoning the plaintiffs for nonpayment.  *Feenstra v. Sigler*, 19-cv-00234-GFK-FHM (N.D. Okla.), ECF No. 47 at 16.  The court noted that the judges had threatened imprisonment before and found that such "allegations of past conduct inform the immediacy of plaintiffs' alleged potential injury." *Id.*  Plaintiffs in this case have alleged a similar past failure to inquire into ability to pay and, like the plaintiffs in *Feenstra*, have outstanding court debt that they are unable to pay.[2]  *See, e.g.*, *Graff v. Aberdeen Enterprizes II, Inc.*, 4:17-cv-606-TCK-JFJ (N.D. Okla.), ECF No. 274, at 3–7.

Second, the court in *Feenstra* followed other courts in determining that *Heck v. Humphrey*, 512 U.S. 477 (1994), "does not bar suits challenging incarceration for failure to pay fines and fees in the absence of an ability-to-pay hearing." *Feenstra v. Sigler*, 19-cv-00234-GFK-FHM (N.D. Okla.), ECF No. 48 at 13.  Accordingly, the court denied OIDS's motion to dismiss under *Heck*. *Id.* at 14.  Defendants in this case likewise invoke *Heck* as a basis for dismissal.  *See, e.g.*, *Graff v. Aberdeen Enterprizes II, Inc.*, 4:17-cv-606-TCK-JFJ (N.D. Okla.), ECF No. 230 at 3–4; ECF No. 234 at 36–37.

---

[1] The decisions are attached here as Exhibits 1 and 2, respectively.

[2] The court also dismissed for lack of standing a claim that the judges fail to inquire into ability to pay before imposing fines and fees at the time of judgment and sentencing in a criminal case. *Feenstra v. Sigler*, 19-cv-00234-GFK-FHM (N.D. Okla.), ECF No. 47 at 16.  Plaintiffs here do not bring a similar challenge to the initial imposition of fines and fees at the close of criminal cases.

## II.    *Caliste v. Cantrell*

*Caliste* considered a challenge to a Louisiana law that required a percentage of every commercial surety bond to be deposited with the Orleans Parish Criminal District Court.  937 F.3d at 526.[3]  The plaintiffs argued that this system gave the defendant judge an improper financial incentive to impose secured cash bail as a condition of release for arrestees.  *Id.*  The Fifth Circuit agreed and held that the financial incentive violated the Due Process Clause, even though the funds went to the Orleans Parish Criminal District Court to offset government expenses and did not go to the judge personally.  *Id.* at 530-31.  *Caliste* is pertinent to the financial conflict of interest claims Plaintiffs have brought in this case.  *See Graff v. Aberdeen Enterprizes II, Inc.*, 4:17-cv-606-TCK-JFJ (N.D. Okla.), ECF No. 212, at 95–96.

Dated: November 25, 2019

Respectfully submitted,

*/s/Jill E. Webb*
Jill Webb, OBA #21402
J Webb Law Firm PLLC
P.O. Box 1234
Tulsa, OK 74101
Tel: 918-346-5664
jill.webb@gmail.com

*/s/ Daniel E. Smolen*
Daniel Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Smolen & Roytman
701 South Cincinnati Avenue
Tulsa, OK 74119
Tel: 918-585-2667
Fax: 918-585-2669

---

[3] The Fifth Circuit's decision is attached here as Exhibit 3.

/s/ *Katherine Hubbard*
Katherine Hubbard (admitted *Pro Hac Vice*)
California Bar No. 302729
Ryan Downer (admitted *Pro Hac Vice*)
D.C. Bar No. 1013470
Marco Lopez* (admitted *Pro Hac Vice*)
California Bar No. 316245
Tara Mikkilineni (admitted *Pro Hac Vice*)
D.C. Bar No. 997284
Civil Rights Corps
910 17th Street NW, Suite 200
Washington, DC 20006
Tel: 202-599-0953
Fax: 202-609-8030
katherine@civilrightscorps.org
ryan@civilrightscorps.org
marco@civilrightscorps.org
tara@civilrightscorps.org

*Admitted solely to practice law in California; not admitted in the District of Columbia. Practice is limited pursuant to D.C. App. R. 49(c)(3).

/s/ *Robert D. Friedman*
Robert D. Friedman (admitted *Pro Hac Vice*)
D.C. Bar No. 1046738
Seth Wayne (admitted *Pro Hac Vice*)
D.C. Bar No. 888273445
Institute for Constitutional Advocacy and Protection
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, D.C. 20001
Tel: 202-662-9042
rdf34@georgetown.edu
sw1098@georgetown.edu

*Attorneys for the Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 25th day of November, 2019, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

*/s/ Robert D. Friedman*
Robert D. Friedman
