IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLY GRAFF, *et al.*,<br>*on behalf of themselves and all others similarly situated*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>ABERDEEN ENTERPRIZES II, INC., *et al.*,<br><br>　　　　　Defendants. | 4:17-CV-606-TCK-JFJ |

**THE COUNTY SHERIFF DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY AND BRIEF IN SUPPORT**

The County Sheriff Defendants file this response to Plaintiffs' notice of supplemental authority, Doc. 310. These authorities, which Plaintiffs appear to suggest apply to all Defendants, concern government parties with different functions and powers than the Sheriffs. The cases do not apply to the Sheriffs' motions or replies. *See* Docs. 234, 239, 294-295. The Sheriffs offer the following response.

**LAW AND ARGUMENT**

**I.	*Feenstra v. Sigler* concerns different types of parties and claims than those involving the Sheriffs in this case.**

Plaintiffs' first two authorities concern parties with markedly different functions and powers than the Sheriffs. *See Feenstra v. Sigler*, No. 19-CIV-234-GKF-FHM, 2019 WL 6040401, at *1 (N.D. Okla. Nov. 13, 2019) (unpublished); *Feenstra v.*

*Sigler*, No. 19-CIV-234-GKF-FHM, 2019 WL 6064854, at *1 (N.D. Okla. Nov. 14, 2019). One set of *Feenstra* defendants are county judges sued in their official capacities. *See* 2019 WL 6040401, at *1. The other is the Oklahoma Indigent Defense System (OIDS), and associated parties. *See* 2019 WL 6064854, at *1. The *Feenstra* plaintiffs allege the judges "have systemically failed to conduct an inquiry into criminal defendants' ability to pay either before imposing those fines and fees at sentencing, or before sanctioning indigent defendants for non-payment—including by incarceration." 2019 WL 6040401, at *1. Against OIDS, they allege "through the manner in which the OIDS contracts with private attorneys are administered, [OIDS]...created a system that denies Plaintiffs conflict-free counsel in relation to the imposition and challenge of fines, fees, and costs." 2019 WL 6064854, at *1.

### A.  Standing.

Plaintiffs claim the first *Feenstra* order bears on standing. They conclude "the court held that the plaintiffs had standing to challenge the defendant judges' failure to inquire into ability to pay before imprisoning the plaintiffs for nonpayment." *See* Doc. 310, at 2. Because "Plaintiffs in this case have alleged a similar past failure to inquire into ability to pay and, like the plaintiffs in *Feenstra*, have outstanding court debt that they are unable to pay," they argue *Feenstra* supports a finding of standing here too. *Id.*

Needless to say, the Sheriffs do not stand in the same shoes as county judges.[1]

---

[1] OIDS did not timely raise a standing argument, and the *Feenstra* Court therefore declined to rule on any standing issues that may have been unique to OIDS. *See* 2019 WL 6064854, at *3, n. 4.

Plaintiffs challenge the policies and practices of the courts in assessing and collecting fines, costs, and fees. The Sheriffs do not have the statutory authority to act in that area. *See* Doc. 215, at 15-16; Doc. 234, at 37-38; Doc. 239, at 33-34. Because of that, Plaintiffs cannot "fairly trace[]" their injuries to the Sheriffs' alleged actions. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). All the Sheriffs can do is follow the judiciary's orders. *See, e.g.*, Doc. 234, at 23-24; Doc. 239, at 10-13. *Feenstra* did not apply the three-part standing test to the Sheriffs' role. *For* that reason, *Feenstra*'s ruling on standing does not apply to the Sheriffs, and the Court should not find it persuasive.

### B. *Heck v. Humphrey.*

Plaintiffs assert that the *Feenstra* Court rejected the defense's *Heck v. Humphrey* argument and urges the Court to do the same. *See* Doc. 310, at 2. But OIDS's *Heck* argument, per the *Feenstra* Court, sought application of that case because plaintiffs "ask the court to vacate the costs, fees, and fines imposed upon them." *Feenstra*, 2019 WL 6064854, at *6. The *Feenstra* Court rejected that argument because "[p]laintiffs challenge the procedure to impose the fines and fees—specifically the failure to grant an indigency hearing—not the judgment and sentence of the fines and fees themselves." *Id.* The defendants' argument thus ran contrary to the "plain language" of *Heck v. Humphrey*, which permitted suits that "even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff[.]" *Id.* at *6 (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

The Sheriffs' contention differs from *Feenstra*. Here, the Sheriffs contend that Plaintiffs' allegations challenge components of their sentences and imply their convictions were invalid. *See* Doc. 215, at 17-19; Doc. 234, at 37-38; Doc. 239, at 33-34. Plaintiffs' claims strike at the heart of their sentences, the very thing *Heck* purports to bar. For that reason, this case differs from *Feenstra*. The Court should not find it persuasive.

## II. *Caliste v. Cantrell* does not concern the type of alleged conflict of interest Plaintiffs claim against the Sheriffs.

Plaintiffs' final authority, *Caliste v. Cantrell*, held that a parish's criminal court violated the Due Process Clause by imposing a system which created a conflict of interest for a state court judge. 937 F.3d 525 (5th Cir. 2019). The system, according to the court, empowered a magistrate to set bond amounts, of which state law required a percentage to be deposited in the court's judicial expense fund, which was then used to pay for staff to perform tasks that would otherwise fall to the bond-setting magistrate. *Id.* at 526-27. Plaintiffs, without explanation, say *Caliste* is relevant to their conflict-of-interest claims. *See* Doc. 310, at 3.

Not so, at least for the Sheriffs. In their motion, the Sheriffs offered multiple arguments against Plaintiffs' conflict-of-interest claims. *See* Doc. 239, at 10-17. Chief among them is that the Due Process Clause does not require of third-party debt collectors neutrality in the same way it requires neutrality of judges. This argument depends precisely on the difference between judges—the subject of *Caliste*—and Aberdeen, a third-party debt collector. *Id.* The Court should therefore reject *Caliste*'s

- 4 -

application to the conflict-of-interest claim against the Sheriffs in their official capacity.

## CONCLUSION

For these reasons, the Court should reject Plaintiffs' supplemental authorities and proceed to grant the County Sheriff Defendants' motions to dismiss.

Date: December 16, 2019

Respectfully submitted,

s/ Jeffrey C. Hendrickson
Robert S. Lafferrandre, OBA #11897
Randall J. Wood, OBA #10531
Jeffrey C. Hendrickson, OBA #32798
April D. Kelso, OBA #30079
Robert Betts, OBA #21601
**Pierce Couch Hendrickson Baysinger & Green, L.L.P.**
1109 N. Francis Ave.
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
rlafferrandre@piercecouch.com
rwood@piercecouch.com
jhendrickson@piercecouch.com
akelso@piercecouch.com
rbetts@piercecouch.com

*Attorneys for the County Sheriff Defendants*

## CERTIFICATE OF SERVICE

I certify that on **December 16, 2019**, I electronically transmitted the foregoing Reply in Support of Motion to Dismiss to the Clerk of this Court using the ECF System for filing. Based on the records currently on file, the Clerk will transmit a Notice of Electronic Filing all ECF registrants who have appeared in this case.

s/ Jeffrey C. Hendrickson
Jeffrey C. Hendrickson
