UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

CARLY GRAFF, et. al.,          )
                                    )
          Plaintiffs,        )
     v.                           )
                                    )     Case No. 4:17-CV-606-TCK-JFJ
ABERDEEN ENTERPRIZES II, INC., et al.,   )
                                    )
          Defendants.       )

## PLAINTIFFS' MOTION TO ENTER A SCHEDULING ORDER AND OPEN DISCOVERY

Plaintiffs respectfully move this Court to enter a scheduling order to allow discovery to commence in this civil rights lawsuit. Although this Court previously found that the pendency of a motion for a preliminary injunction and motions to dismiss constituted good cause to delay the entry of a scheduling order and postpone discovery, that good cause has evaporated in the 29 and 20 months, respectively, since those motions became ripe. The interests of plaintiffs, putative class members, and the public in a timely resolution of the legality of how court debt is collected from impoverished Oklahomans—the core issue in this case—is now stronger than ever. Economic uncertainty plagues the country, unemployment in Oklahoma has reached record levels,[1] and as a result, the risk that individuals who owe court debt will be subjected to the unlawful practices challenged in this case is at its height. Additionally, because of the passage of time since the filing of this case, there is a substantial risk that key evidence material to the resolution of Plaintiffs' claims may be lost. This Court should therefore allow discovery to

---

[1] Annie Gowen, *'A very dark feeling': Hundreds camp out in Oklahoma unemployment lines*, Washington Post, July 20, 2020, *available at* https://www.washingtonpost.com/national/a-very-dark-feeling-hundreds-camp-out-in-oklahoma-unemployment-lines/2020/07/20/44d59cb6-c77a-11ea-a99f-3bbdffb1af38_story.html.

commence so that this case, and the issues of significant public interest it raises, may progress to a just resolution.

## BACKGROUND

Plaintiff Ira Wilkins commenced this putative class action suit on November 2, 2017. On February 1, 2018, six additional named plaintiffs joined the lawsuit and filed an amended complaint. ECF No. 76. The same day, two of those plaintiffs, Carly Graff and Randy Frazier, filed a motion for a preliminary injunction asking the Court to enjoin the Sheriffs of Rogers County and Tulsa County from arresting and detaining Ms. Graff and Mr. Frazier on outstanding warrants that had issued because they did not pay assessed court debt. That motion was based on three of the ten claims asserted in the Amended Complaint and sought relief for only those two plaintiffs. ECF No. 77. Plaintiffs filed their reply brief and the motion became ripe on March 8, 2018. ECF No. 153. It remains pending.

On March 9, 2018, the parties submitted a joint status report that contained dueling proposals for discovery. ECF No. 156. Plaintiffs requested a one-year discovery period. *Id.* at 6. Defendants, by contrast, urged the court to delay discovery until after the Court ruled on pending and anticipated motions to dismiss, the latter of which were then filed by March 23, 2018. *Id.* On March 26, 2018, this Court ruled in favor of Defendants, entering a minute order finding "good cause" for delaying issuing a scheduling order in light of the pendency of Plaintiffs' motion for a preliminary injunction and Defendants' motions to dismiss. ECF No. 186.

Plaintiffs subsequently filed a second amended complaint, which prompted a new round of motions to dismiss. Defendants filed their reply briefs and the motions became ripe on December 21, 2018. ECF Nos. 281, 283-95. Those motions remain pending.

2

In compliance with the Court's March 26, 2018 Order, no discovery has taken place in this case. On August 13, 2020, Plaintiffs contacted Defendants to seek their consent to open discovery. All Defendants objected.

## ARGUMENT

This Court has broad discretion to control the timing of discovery. *See* Fed. R. Civ. P. 16(b), 26(c). In considering whether "good cause" exists to lift a stay of discovery, courts consider the same factors that govern whether to stay discovery in the first instance:

> (1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."

*Stephenson Oil Co. v. Citgo Petroleum Corp.*, No. 08-CV-380, 2008 WL 5412816, at *2 (N.D. Okla. Dec. 30, 2008) (Kern, J.) (citation omitted)); *see also, e.g.*, *Agile Sky All. Fund LP v. Citizens Fin. Grp.*, No. 09-CV-02786, 2010 WL 1816351, at *2 (D. Colo. May 5, 2010) (applying same factors to motion to lift stay); *Todd v. Montoya*, No. 10-CV-0106, 2011 WL 13286329, at *6 (D.N.M. Jan. 18, 2011) (same).

Each of these factors warrants lifting the discovery stay in this case and entering a scheduling order. First, Named Plaintiffs still owe court debt and remain at risk of the onerous debt collection processes challenged in this case. What is true of the Named Plaintiffs is true of many of the putative class members as well, and the risk of harassment, extortionate threats, and detention they face because of poverty—and the resulting inability to pay court debt—is exacerbated now that they are enduring an economic downturn. Each month that discovery is delayed will serve to delay resolution of this lawsuit, lengthening the time in which Named Plaintiffs and putative class members will continue to be at risk of being subjected to the unlawful practices that this lawsuit seeks to end. *Cf. Stephenson Oil*, 2008 WL 5412816, at *2

3

(finding that the interest of putative class members in a timely resolution counsels against a stay). Put simply, delay is particularly harmful to Plaintiffs where, as here, the challenged practices are ongoing and Plaintiffs seek injunctive relief. *Cf. Todd*, 2011 WL 13286329, at *6 ("Discovery has been delayed an unduly long period of time—approximately eight months.").

Plaintiffs are also highly likely to suffer evidentiary prejudice from continued delay. In light of the number of Defendants sued—a symptom of the breadth of the scheme challenged—it is a near certainty that some employees of Defendants who could testify to the practices that were in effect when this lawsuit began have now moved on to other employment. With those employees no longer under Defendants' control, Plaintiffs may face difficulties locating these witnesses. And, even if Plaintiffs can locate the witnesses, Plaintiffs must then undertake the cumbersome process of subpoenaing their documents and testimony, paying the fees associated with those subpoenas, and if this case proceeds to trial, potentially being deprived of in-person testimony. Although the discovery stay precludes Plaintiffs from ascertaining the extent of this prejudice, the longer the stay persists the higher the risk of evidentiary injury to Plaintiffs. *See, e.g.*, *Agile Sky*, 2010 WL 1816351, at *2 (lifting stay and noting that stays "result[] in a decrease in evidentiary quality and witness availability").

Second, there is no prejudice to Defendants. Of course, Defendants will have to participate in discovery, but "[d]efendants always are burdened [with discovery] when sued . . . . That is a consequence of our judicial system and the rules of civil procedure." *Id.* at *2. As this Court has recognized, discovery issues (if any) "can be resolved by agreement or by motions to compel," and such ordinary burdens "do not provide cause to stay discovery altogether." *Stephenson Oil*, 2008 WL 5412816, at *2. The relevant inquiry, rather, is whether there is any "special burden," *Agile Sky*, 2010 WL 1816351, at *2, and none exists here.

Further, this is not a case where a motion to dismiss reveals that the plaintiff's claims are "wholly frivolous or clearly lacking in legal support" such that a stay may be proper to protect a defendant against routine discovery. *Stephenson Oil*, 2008 WL 5412816, at *2. When this Court found "good cause" to postpone discovery, it had had not yet received Plaintiffs' briefs in opposition to the motions to dismiss, and so the absence of a justification for a stay was not as clear. As Plaintiffs' briefs now make clear, there is ample authority for their claims and, accordingly, no basis for a continued stay.

Third, allowing discovery to commence is in the interest of convenience to the Court. Stale evidence not only prejudices Plaintiffs by depriving them of the best evidentiary presentation they can make, but also makes the Court's task of deciding this case more difficult by forcing it to grapple with evidentiary gaps in resolving any factual disputes.

Fourth, lifting the stay would benefit non-parties to the lawsuit. As the complaint alleges, part of the debt collection scheme this lawsuit challenges involves contacting family members of the individuals who owe court debt (*i.e.*, the named plaintiffs and putative class members) and threatening those family members with their loved one's arrest if payment is not made. *See* Second Am. Compl. ¶¶ 7, 167, ECF No. 212. The longer resolution is delayed, the longer those non-parties must endure the collateral effects of the oppressive collection practices this lawsuit concerns. Indeed, counsel for Plaintiffs can represent to the Court that they were contacted this month by a person who reported that Defendant Aberdeen Enterprizes II, Inc., called her mother and told the mother that, if she did not pay the daughter's court debt, the daughter would go to jail.

Fifth, the public's interest in commencing discovery and moving this case to resolution could hardly be stronger. This case involves allegations of unlawful practices used to collect

public debt; unlawful conduct by numerous public officials; the enrichment of a private company at the expense of Oklahoma's most vulnerable residents; the mechanisms by which Oklahoma funds its court system; and the persistence of a de facto debtors' prison scheme as the foundation of it all.  The public's interest in seeing these allegations resolved cannot be overstated, and the discovery process must begin for that interest to be vindicated.

## CONCLUSION

For the foregoing reasons, the Court should allow Plaintiffs to commence discovery and should enter a scheduling order.

Dated: August 24, 2020

Respectfully submitted,

/s/Jill E. Webb
Jill Webb, OBA #21402
J Webb Law Firm PLLC
P.O. Box 1234
Tulsa, OK 74101
Tel: 918-346-5664
jill.webb@gmail.com

/s/ Daniel E. Smolen
Daniel Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Smolen & Roytman
701 South Cincinnati Avenue
Tulsa, OK 74119
Tel: 918-585-2667
Fax: 918-585-2669

/s/ Katherine Hubbard
Katherine Hubbard (admitted *Pro Hac Vice*)
California Bar No. 302729
Ryan Downer (admitted *Pro Hac Vice*)
D.C. Bar No. 1013470
Marco Lopez* (admitted *Pro Hac Vice*)
California Bar No. 316245
Tara Mikkilineni (admitted *Pro Hac Vice*)

6

D.C. Bar No. 997284
Civil Rights Corps
910 17th Street NW, Suite 200
Washington, DC 20006
Tel: 202-599-0953
Fax: 202-609-8030
katherine@civilrightscorps.org
ryan@civilrightscorps.org
marco@civilrightscorps.org
tara@civilrightscorps.org

*Admitted solely to practice law in California; not admitted in the
District of Columbia. Practice is limited pursuant to D.C. App. R.
49(c)(3).

/s/ *Robert Friedman*
Robert Friedman (admitted *Pro Hac Vice*)
D.C. Bar No. 1046738
Seth Wayne (admitted *Pro Hac Vice*)
D.C. Bar No. 888273445
Institute for Constitutional Advocacy and Protection
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, D.C. 20001
Tel: 202-662-9042
rdf34@georgetown.edu
sw1098@georgetown.edu

*Attorneys for the Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 24th day of August, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.


*/s/ Robert Friedman*