# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLY GRAFF, *et al.*, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ABERDEEN ENTERPRIZES II, INC., *et al.*,<br><br>Defendants. | 4:17-CV-606-TCK-JFJ |

### DEFENDANTS ABERDEEN ENTERPRIZES II, INC, JIM SHOFNER AND ROB SHOFNER'S RESPONSE TO PLAINTIFFS' MOTION TO ENTER A SCHEDULING ORDER AND OPEN DISCOVERY

Defendants Aberdeen Enterprizes, II, Inc. ("Aberdeen"); Jim Shofner and Rob Shofner (collectively "the Shofners") file this response to Plaintiffs' Motion to Enter a Scheduling Order and Open Discovery [Doc. 323]. Pursuant to the argument and authority presented herein, Aberdeen and the Shofners request the Court deny Plaintiffs' Motion and continue to enforce the stay previously entered in this matter until such time as the pending motions to dismiss of all Defendants are resolved.[1]

### ARGUMENT AND AUTHORITY

This matter was originally commenced on November 2, 2017 by Plaintiff Ira Lee Wilkins against seventy-nine defendants, including Aberdeen, the Oklahoma Sheriffs' Association and all county sheriffs of Oklahoma. The allegations concerned the collection of unpaid fines and costs

---

[1] Aberdeen and the Shofners would incorporate by reference and also adopt the argument and authority presented by their Co-Defendants in their respective responses/objections to Plaintiffs' Motion to the extent not incongruous to their argument and authority herein.

incurred by persons convicted of or entering into plea arrangements connected with criminal charges. Plaintiff Wilkins alleged that the collection process - which was pursuant to state statute - is improper and constitutionally infirm because persons unable to pay the same should not be imprisoned. Aberdeen filed a motion to dismiss [Doc. 8] the Complaint on January 11, 2018.

On February 1, 2018, an Amended Class Action Complaint [Doc. 76] was filed which added more defendants (including the Shofners) and plaintiffs, along with a Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 77] on behalf of two named plaintiffs and a Motion to Certify Class [Doc. 78]. All Defendants filed motions to dismiss.

The parties presented a Joint Status Report [Doc. 156] on March 9, 2018. The Plaintiffs proposed a discovery period of almost one year, while Defendants requested no deadlines be entered until such time as the pending motions to dismiss were resolved. *See* Joint Status Report [Doc. 156], p. 6. The Court, by way of Minute Order [Doc. 186], found good cause to delay entering a scheduling order based upon the pending motions to dismiss and Plaintiffs' Motion for Preliminary Injunction.

After requesting and being granted an extension of time to respond to the Defendants' respective motions to dismiss (and instead of responding), Plaintiffs filed a Motion for Leave to File a Second Amended Complaint and to Deny Defendants' Motions to Dismiss as Moot [Doc. 202]. Defendants' objected to this request and the Court granted the request in an Opinion and Order [Doc. 211] entered on September 20, 2018. Thereafter, Plaintiffs filed the Second Amended Class Action Complaint [Doc. 212]. All Defendants, again – and, for Aberdeen, a third time – filed motions to dismiss. Briefing regarding these motions was complete as of Plaintiffs' sur-reply [Doc. 305] to Aberdeen and the Shofners' motions to dismiss filed on April 11, 2019.

Now, under the guise of a harsh economic climate, Plaintiffs request the Court lift the stay of discovery notwithstanding the pending dispositive motions. Plaintiffs propose to the Court that "[e]ach month that discovery is delayed will serve to delay resolution of this lawsuit." Plaintiffs' Motion [Doc. 323], p. 3. Plaintiffs also submit that they continue to be at risk of being contacted or arrested regarding their failure to pay the costs/fines/etc. attached to their criminal proceedings.

The course of proceedings described above is instructive, as a preface, to demonstrate that any and all delay since this matter was originally commenced can be attributed solely to Plaintiffs. Plaintiffs have filed three lengthy complaints - all of which they were well-aware would result in motions to dismiss by the numerous parties they have named. Indeed, rather than proceed with the responses for which they sought extensions to submit in connection with motions filed after the second complaint, Plaintiffs changed course and decided to file a third complaint.

In any event, Plaintiffs have wholly failed to provide a credible basis in support of lifting the current stay. Stay of discovery pending the outcome of a motion to dismiss is proper if the case is likely to be concluded as a result of resolution of the same, where the discovery sought would not affect the resolution of the motion or "'where discovery on all issues of the broad complaint would be wasteful and burdensome.'" *Stephenson Oil Co. v. Citgo Petroleum Corp.*, 2008 WL 5412816, *2 (N.D. Okla. December 30, 2008) (quoting *Kutilek v. Gannon*, 132 F.R.D. 296, 298 (D. Kan. 1990)). The Court in *Stephenson Oil* recognized five factors to consider in this respect:

> "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."

3

*Id.* (quoting *Schmaltz v. Smithkline Beecham Corp.*, 2008 WL 3845260, *1 (D. Colo. August 15, 2008).

First and foremost, the amount of discovery to be conducted in this matter will be - to put it mildly - extensive. The Second Amended Complaint identifies eight (8) named plaintiffs and sixty-five (65) named defendants.[2] Plaintiffs have set forth three hundred and seventy-two (372) numerical paragraphs alleging federal and state claims that include constitutional violations, RICO claims and state torts. Based upon the applicable authority set forth in their motions to dismiss, Aberdeen and the Shofners anticipate Plaintiffs' entire cause of action will not survive judicial scrutiny. Even to the extent, <u>arguendo</u>, only one cause of action were subject to dismissal, such would still result in a substantial decrease in the amount of discovery anticipated in this matter. Allowing discovery to proceed while the motions remain pending would only subject all parties and, most likely, the Court (in relation to inevitable discovery issues) to unnecessary expenditures of time and financial resources. *See Kutilek v. Gannon*, 132 F.R.D. 296, 298 (D. Kan. 1990) (stay of discovery proper during pending dispositive motion where, *inter alia*, "discovery on all issues of the broad complaint would be wasteful and burdensome").

Plaintiffs have advanced no reason which would outweigh the burden to all parties, their counsel and the Court if discovery were to proceed prior to resolution of the pending motions to dismiss. Plaintiffs have not alleged that discovery will aid resolution of the pending motions. *See Estate of Brown v. Ogletree*, 2011 WL 13318529, *2 (S.D. Tex. December 15, 2011). Rather, the thrust of Plaintiffs' argument seems to be that, given the current national economic climate and "record levels" of unemployment in Oklahoma, further delay of discovery in this matter could

---

[2] Since the filing of the Second Amended Complaint, Plaintiffs dismissed Defendant P.D. Taylor. *See* Doc. 280.

result in collection efforts regarding their outstanding "court debt" - amounts they, at no time, have ever disputed as being ordered or due in connection with their criminal cases. *See* Plaintiffs' Motion [Doc. 323], p. 1. This risk lacks in certainty, imminence and substance, particularly given that it is a "risk" present before the inception of this matter, during the multiple amended complaints and until such time as the Court could arguably determine any conduct alleged is wrongful. Moreover, Plaintiffs have continued to ignore their available process under provisions such as Oklahoma's Post-Conviction Procedure Act, for requesting a state court review their economic status for purposes of adjusting/resolving any outstanding "court debt" connected with their convictions/sentences.

All Defendants, including Aberdeen and the Shofners, have also presented argument in support of various immunities in their respective motions. Such immunities raise important protections which should be resolved as initial matters. *See Goin v. Kansas*, 2007 WL 60939, *1 (D. Kan. January 8, 2007).

Finally, it is important to note Plaintiffs' argument regarding preservation of evidence. Plaintiffs' argument presumes that witnesses may be difficult to locate should discovery continue to be stayed. Plaintiffs can present no credible example to support that lifting the stay prior to resolution of the pending motions to dismiss will mitigate this claimed risk. Difficulties attendant to locating and securing testimony of witnesses will exist regardless as to when the stay is lifted in this matter. The pending stay does not preclude Plaintiffs' counsel from performing their own investigative efforts.

In sum, Plaintiffs' Motion should be denied and the stay remain pending until the Court has rendered its decisions regarding the pending motions to dismiss. The breadth of parties,

witnesses and claims involved in this matter, alone, supports the substantial burden on <u>all</u> parties and the Court should discovery proceed at this time.

Respectfully submitted,

/s/ John R. Woodard, III
John R. Woodard, III OBA No. 9853
Robert E. Applegate, OBA No. 17376
Coffey Senger & Woodard, PLLC
4725 East 91st Street, Suite 100
Tulsa, OK 74137
918-292-8787
918-292-8788 – Fax
john@cswlawgroup.com
applegate@cswlawgroup.com
*Attorneys for Defendant Aberdeen Enterprizes*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September, 2020, I electronically transmitted the foregoing document with the Clerk of Court using the CM/ECF system for filing. Based on the current records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

/s/John R. Woodard, III
John R. Woodard, III