**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CARLY GRAFF, *et.al.*<br><br>Plaintiff,<br>v.<br><br>ABERDEEN ENTERPRIZES II, INC., *et al.*,<br><br>Defendants. | Case No.: CIV-17-606-TCK-JFJ |

**STATE JUDGES' RESPONSE TO**
**PLAINTIFF'S MOTION TO LIFT STAY**

Defendant State Judges file this response to Plaintiff's Motion to Enter a Scheduling Order and Open Discovery filed on August 24, 2020 [Doc. 323], following this Court's order of March 26, 2018 [Doc. 186] staying discovery for good cause pending rulings on the Motions to Dismiss [Docs 95, 99, 169, 175-185] and Plaintiffs' Motion for Preliminary Injunction [Doc. 77].

A court has broad discretion to stay proceedings as incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (*citing Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). As such, Defendants believe that the order staying discovery pending resolution of the Motions to Dismiss was within the Court's authority and therefore proper, neither in error, nor an abuse of discretion. The Tenth Circuit (in a mandamus action) considered a challenge to a stay of proceedings and determined that the party challenging the stay must show that that their right to proceed is "clear and indisputable"—not simply that the court may have erred in balancing the factors it considered. *In re Kozeny*, 236 F.3d 615, 620 (10th Cir. 2000) (citations omitted).

The legal question of whether a court has jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Courts have regularly held that discovery should be stayed while issues related to jurisdiction are being resolved. *See e.g. Siegert v. Gilley*, 500 US 226, 231-32 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). Jurisdictional defenses are raised at the outset of a suit to avoid unnecessary litigation. *Democratic Republic of Congo v. FG Hemisphere Assoc., LLC,* 508 F.3d 1062, 1064 (D.C. Cir 2007)

All Defendants have filed Motions to Dismiss asserting various jurisdictional grounds, which if successful, would resolve this case in its entirety. Defendant State Judges have moved for dismissal based in part on Plaintiffs lack of standing to bring these claims against them in their judicial capacities. As standing is a threshold requirement, Plaintiffs lack thereof deprives this Court of jurisdiction. *Summers v. Earth Island Inst.*, 555 U.S. 488, 492-93 (2009); *see also, Gilbert v. Ferry*, 401 F.3d 411, 415-416 (6th Cir. 2005) (finding that an order staying discovery was not an abuse of discretion when a motion to dismiss challenging subject matter jurisdiction was pending); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistant Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most

efficient use of judicial resources."(internal quotation omitted); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (if "resolution of a preliminary motion may dispose of the entire action" a stay may be appropriate). This Court in *Ciempa v. Jones*, 2012 WL 1565284 (N.D. Okla. May 2, 2012) noted that "[a] stay of discovery until after resolution of a pending dispositive motion is appropriate 'where the case is likely to be finally concluded as a result of the ruling thereon, where the facts sought through uncompleted discovery would not affect the resolution of the motion, or where discovery on all issues of the broad complaint would be wasteful and burdensome.'"

District Courts in this circuit generally evaluate five factors to determine whether a stay is appropriate. The factors are: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, *2 (D. Colo. Mar. 30, 2006) *(citing FDIC v. Renda*, 1987 WL 348635, *2 (D. Kan. Aug. 6, 1987)); *see also, Hernandez v. Asset Acceptance, LLC*, 970 F. Supp. 2d 1194 (D. Colo. 2013) (*citing the String Cheese and Renda cases*). Plaintiffs assert that the relevant evidence may become unavailable or stale if discovery remains stayed pending resolution of the Motions to Dismiss. Defendant State Judges are already under an obligation to preserve any and all relevant evidence. More importantly, Defendant State Judges anticipate that the majority of the discovery likely to be sought from them are public records and are therefore not in danger of becoming stale or unavailable. As noted above, lifting the discovery stay while the Motions to Dismiss challenging this Court's jurisdiction in this case will prejudice Defendant State Judges. The burden of participating in discovery only to have

3

the case against them dismissed on standing or other jurisdictional grounds is great. The balance of factors one and two weigh in favor of maintaining the stay.

As for the remaining factors, jurisdiction must be present at all times during the litigation, meaning that judicial resources would be best conserved by maintaining the stay until the jurisdictional issues are resolved. Overseeing discovery among a multitude of parties while all defendants have raised challenges to the sufficiency of the claims and asserting constitutional, federalism, and immunity defenses would be a monumental waste of judicial resources given the likelihood of at least some claims will be dispensed with altogether when the Motions to Dismiss are resolved. Resolution of the Motions to Dismiss could alleviate the need for any discovery at all if the Motions are successful. Maintaining the stay under these circumstances also benefits non-parties and is in the public interest because discovery in this case is expected to draw time, attention and resources from the defendant governmental entities and officials. Given that there are pending jurisdictional challenges that may obviate the need for discovery altogether, non-parties and the public interest weigh in favor of a continued stay of potential unnecessary discovery. Commencing discovery while the Motions to Dismiss are pending is premature.

At this juncture, this case presents issues that will require the parties and the Court to expend significant time, effort, and money litigating. Discovery has the potential to consume vast resources from all litigants. However, the continued stay is warranted because there is no immediate need for engaging in discovery while the Motions to Dismiss are pending that may resolve or greatly narrow the issues. The stay thus far has conserved the resources of the parties and the Court. The Motions to Dismiss are generally based on legal issues such as constitutional standing and immunity. There are no issues of fact before the Court that are necessary to determine for any party's response. The potential benefits of discovery at this stage are small given the

significant possibility that the need for discovery may be entirely eliminated through disposition of Defendants' Motions to Dismiss.

## CONCLUSION

Wherefore, the State Judges respectfully submit this Response to Plaintiff's Motion to Enter a Scheduling Order filed on August 24, 2020 [Doc. 323]. Defendant State Judges request the Court deny Plaintiffs' Motion and maintain the stay already in place until the Motions to Dismiss are resolved.

Respectfully submitted,

 s/Stefanie E. Lawson
**STEFANIE E. LAWSON, OBA# 22422**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 NE 21st Street
Oklahoma City, OK 73105
Tele: (405) 521-3921 Fax: (405) 521-4518
stefanie.lawson@oag.ok.gov
*Attorney for Defendant State Judges*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of September, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants (names only are sufficient) in the above captioned case.

| | |
|---|---|
| W. Caleb Jones | Mary McCord |
| Daniel Smolen | Robert Friedman |
| Donald Smolen, II | Robert Applegate |
| Elizabeth Rossi | Robert Blakemore |
| Jill Webb | Seth Wayne |
| John Woodard, III | Scott B. Wood |
| Aaron Etherington | Chris Warzecha |
| Isaac Robertson Ellis | Melodie Freeman-Burney |
| Robert Dale James | Jeffrey Hendrickson |
| Robert Betts | Rodney Heggy |
| Thomas LeBlanc | Douglas Wilson |
| Barrett Powers | Jo Lynn Jeter |
| Joel Wohlgemuth | Mike Shouse |
| Douglas Letter | Ryan Downer |
| Marco Lopez | Tara Mikkilineni |
| April Kelso | Robert Lafferandre |
| Randall Wood | Carri Remillard |
| Maurice Woods | Kelsey Chilcoat |

 s/ Stefanie E. Lawson
**Stefanie E. Lawson**