UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLY GRAFF, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-606-TCK-JFJ |
| ) | |
| ABERDEEN ENTERPRIZES II, INC., et al.; ) | |
| ) | |
| Defendants. ) | |

DEFENDANT OKLAHOMA SHERIFFS' ASSOCIATION'S RESPONSE TO PLAINTIFFS' MOTION TO ENTER A SCHEDULING ORDER AND OPEN DISCOVERY

COMES NOW, Defendant the Oklahoma Sheriffs' Association ("OSA"), pursuant to FED. R. CIV. P. 16(b)(2), and requests that the Court deny Plaintiffs' Motion to Enter a Scheduling Order and Open Discovery [Doc. 323] ("Motion"). OSA hereby incorporates by reference as if fully set forth herein the Responses of the other several Co-Defendants to Plaintiffs' Motion. On March 26, 2018, this Court found good cause for delay in issuing a scheduling order in this matter due to the pendency of all Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint, stating that the Motions "should first be resolved". [Doc. 186]. Subsequently, Plaintiffs were allowed to file a Second Amended Complaint. Motions to Dismiss Plaintiffs' Second Amended Complaint were filed by all Defendants in October 2018, responses and replies were filed, and those motions remain pending before the Court. The status of this case has not changed since the Court's initial order on March 26, 2018; the same good cause still exists to delay issuance of a scheduling order. The Motions should first be resolved to

conserve party and judicial resources and prevent prejudice to the Defendants. In further support, the OSA states as follows:

## BACKGROUND

1. Plaintiffs filed their 103-page Class Action Complaint on November 2, 2017 against Aberdeen Enterprizes II, Inc., the Oklahoma Sheriffs' Association, and the 77 Sheriffs of Oklahoma Counties. [Doc. 2]. In their Class Action Complaint, Plaintiffs alleged an unconstitutional practice of "debt-collection arrest warrants" by each of these Defendants.

2. On February 1, 2018, Plaintiffs filed a 111-page Amended Class Action Complaint with exhibits, subtracting some Sheriffs, adding additional named Plaintiffs and adding as Defendants County Boards of Commissioners, Oklahoma District Court Judges, County Court Clerks and Cost Administrators. [Doc. 76].

3. By March 23, 2018, all Defendants had moved to dismiss the lawsuit on a number of grounds. [Docs. 95, 99, 169, 175-185].

4. On March 26, 2018, this Court found good cause existed to order delay of the issuance of a scheduling order until the motions to dismiss were resolved. [Doc. 186].

5. Plaintiffs thereafter requested leave to amend their Class Action Complaint on May 15, 2018. [Doc. 202]. The Court granted Plaintiffs' request, finding the fourteen motions to dismiss to be moot. [Doc. 211].

6. Nearly a year after their initial complaint, on September 21, 2018, Plaintiffs filed their 120-page Second Amended Class Action Complaint with exhibits [Doc. 212], again resetting the litigation at the starting line.

7. All Defendants timely moved again to dismiss the lawsuit in October 2018. [Docs. 226-239].

8. Despite the fact that motions to dismiss are pending which, if granted, would dispose of every claim by every named Plaintiff and purported class member against every Defendant in this case, Plaintiffs filed on August 24, 2020 their Motion seeking entry of a scheduling order and permission for the parties to begin what will undoubtedly be a time-consuming, expensive, and unwieldy discovery process [Doc. 323].

9. As all Defendants filed motions to dismiss as their responsive pleadings, no Defendant has Answered Plaintiffs' Second Amended Class Action Complaint or interposed Affirmative Defenses, so the facts of this matter are not yet even at issue.

## ARGUMENTS & AUTHORITIES

Pursuant to FED. R. CIV. P. 16(b)(2) and FED. R. CIV. P. 26(c) this Court has authority and discretion to delay issuance of a scheduling order for good cause. *See also*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Stays are appropriate "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion, or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Stephenson Oil Co. v. Citgo Petroleum Corp.,* 2008 WL 5412816, at 2 (N.D. Okla. 2008) (citation omitted). This Court found such good cause in its initial order delaying issuance of a scheduling order, and the same good cause exists today. Issuance of a scheduling order which opens discovery at this time would waste party resources, result in the abrogation of judicial economy to resolve inevitable discovery disputes and would immediately and substantially burden and prejudice the defendants, including OSA. Plaintiffs have offered no compelling evidence or argument of any overriding interest of

3

Plaintiffs that should compel these 66 Defendants to spend time and money to defend in discovery claims that are subject to dismissal by the Court.

OSA and the other defendants are entitled to challenge and receive a ruling regarding whether this Court even has jurisdiction over this matter and whether Plaintiffs' allegations state cognizable claims against Defendants before they are required to engage in very expensive and time-consuming discovery. Because the allegations of the Second Amended Class Action Complaint are taken as true for purposes of Defendants' motions, there is no need for discovery of facts, and discovery should therefore be stayed until the Court has ruled on these matters. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997) (facial challenges to the legal sufficiency of claims should be resolved before discovery begins as they present purely legal questions). When qualified immunity is invoked, discovery should be stayed. *See Siegert v. Gilley*, 500 U.S. 226, 231 (1991) (citing *Gomez v. Toledo*, 446 U.S. 635 (1980); *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *Bryson v. Gonzales*, 534 F.3d 1282, 1287 (10th Cir. 2008). This is true also for defendants who do not assert a qualified immunity defense, where other defendants do. *Ashcroft* at 685-686. Most of the Defendants have asserted judicial or qualified immunity defenses.

Plaintiffs assert that commencing discovery in a case such as this without awaiting ruling on the Defendants' motions to dismiss imposes no "special burden" on said Defendants. [Doc. 323, p. 4 (quoting *Agile Sky*, *supra*)]. The contrary is true. This is not a routine case. It involves a potential Plaintiffs' class composed of thousands of individuals and over 70 named parties. Plaintiffs propose four different classes be certified in this matter, each of which will require proof of the elements within FED. R. CIV. P. 23(a) and (b). These prerequisites will be the subject of very extensive discovery. Plaintiffs' Second Amended Class Action Complaint

includes over one hundred pages of factual allegations. Plaintiffs allege ten theories of recovery against the Defendants, including RICO and §1983 claims, as well as state law claims of abuse of process, duress and unjust enrichment. Each of these claims will require very extensive discovery. Defendants have interposed numerous defenses in their motions for dismissal, including judicial and qualified immunity defenses, and claim preclusion defenses under the *Rooker-Feldman*, *Younger, Pullman* and *Burford* doctrines which challenge the very subject matter jurisdiction of this Court to preside over this action. Plaintiffs' lawsuit challenges the constitutionality of Oklahoma state legislation and a direct Order of the Oklahoma Supreme Court mandating that the Defendants engage in the complained-of statutory debt collection program. Plaintiffs allege that Defendants' compliance with these statutes and the Oklahoma Supreme Court's mandate is not only unconstitutional, but criminally extortionate. Plaintiffs' only allegations against OSA relate specifically to its administration of the contract on behalf of County Sheriffs with debt collectors, the precise action which 19 Okla. Stat. §514.4(E) mandates that OSA do.[1] This is OSA's sole involvement in the program. OSA is obviously not involved in issuing fines, collecting fines, issuing warrants, serving warrants or making arrests. This is the focus of OSA's Motion to Dismiss [Doc. 232].

## **CONCLUSION**

Discovery in this putative class action, if and when it begins in earnest, will present a monumental burden to the Defendants. Indeed, the scope of this case is virtually unprecedented. Plaintiffs have sued 66 Defendants, most of them public officials, on the theory

---

[1] "The provisions of any contract entered into by a county sheriff shall be administered by a statewide association of county sheriffs in Oklahoma. The county sheriff of any Oklahoma county may assign their right to contract to the statewide association administering the provisions of this contract." 19 Okla. Stat. 21514.4(E). "Each district court is authorized and directed to participate in the misdemeanor or failure to pay warrant collection program authorized by Title 19 Oklahoma Statutes Sections 514.4 and 514.5 immediately. These collections apply to misdemeanor and felony cases." Order of Oklahoma Supreme Court, January 13, 2011.

5

that all are involved in a scheme to throw thousands of indigent persons across fifty-one Oklahoma counties into jail for the inability to pay fines. These are vast and complicated allegations. It is one thing for the OSA to be sued by Plaintiffs for simply following Oklahoma law. It should not also be required, *while its Motion to Dismiss Plaintiffs' unactionable claims is pending*, to expend untold amounts of time and resources to participate in Plaintiffs' unlimited discovery campaign against 66 Defendants.

Premises considered, the OSA respectfully requests that the Court deny Plaintiff's Motion to Enter a Scheduling Order and Open Discovery until such time as the motions to dismiss are ruled upon and any remaining claims are at issue.

Respectfully Submitted,

*/s/* Robert Dale James
Robert Dale James, OBA #16667
Melodie Freeman-Burney, OBA #12667
Isaac Robertson Ellis, OBA #30072
Chris M. Warzecha, OBA #30764
CONNER & WINTERS, LLP
4000 One Williams Center
Tulsa, OK 74172-0148
Tel: 918.586.5711
rob.james@cwlaw.com
mburney@cwlaw.com
iellis@cwlaw.com
cwarzecha@cwlaw.com

Maurice G. Woods, II, OBA #16582
Kelsey A. Chilcoat, OBA #32750
McATEE & WOODS, P.C.
410 N.W. 13th Street
Oklahoma City, OK  73103
Telephone: (405) 232-5067
Facsimile: (405) 232-0009
mauricew@mcateeandwoods.com
kelseyc@mcateeandwoods.com

*Attorneys for Oklahoma Sheriffs' Association*

**CERTIFICATE OF SERVICE**

  I certify that on September 18, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

                s/ Robert Dale James
                Robert Dale James