UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLY GRAFF, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-606-TCK-JFJ |
| ) | |
| ABERDEEN ENTERPRIZES II, INC., ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

**TULSA COUNTY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION TO ENTER A SCHEDULING ORDER AND OPEN DISCOVERY (DOC. # 323)**

**Joel L. Wohlgemuth,** OBA #9811
**Jo Lynn Jeter,** OBA #20252
**Barrett L. Powers,** OBA #32485
NORMAN WOHLGEMUTH
3200 Mid-Continent Tower
401 South Boston Avenue
Tulsa, OK 74103
918-583-7571
918-584-7846 (facsimile)

**Douglas A. Wilson,** OBA#13128
**Michael Shouse**, OBA #33610
TULSA COUNTY DISTRICT ATTORNEY'S OFFICE
500 S. Denver Ave., Suite 832
Tulsa, OK 74103
Telephone: (918) 596-8795
Facsimile: (918) 596-4804

**ATTORNEYS FOR DEFENDANTS BOARD OF
COUNTY COMMISSIONERS OF THE
COUNTY OF TULSA, VIC REGALADO,
SHERIFF OF TULSA COUNTY, DON
NEWBERRY, TULSA COUNTY COURT
CLERK, AND DARLENE BAILEY, TULSA
COUNTY COURT COSTS ADMINISTRATOR**

**September 18, 2020**

TABLE OF CONTENTS

**INTRODUCTION**......................................................................................................................1

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**..........................................1

**ARGUMENT AND AUTHORITIES** ......................................................................................3

    I. THE PROCEEDINGS, INCLUDING DISCOVERY, SHOULD REMAIN STAYED PENDING RESOLUTION OF THE DISPOSITIVE IMMUNITY DEFENSES. .................................................3

    II. THE COURT SHOULD STAY CLASS DISCOVERY AND CLASS CERTIFICATION..............7

    III. THE FACTORS WEIGH HEAVILY IN FAVOR OF THE CASE REMAINING STAYED. .......8

**CONCLUSION** ........................................................................................................................12

i

# TABLE OF AUTHORITIES

**Cases**

*Albright v. Rodriguez,*
    51 F.3d 1531 (10th Cir. 1995) ............................................................................3

*Anderson v. Creighton,*
    483 U.S. 635 (1987)............................................................................................6

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)............................................................................................4

*Behrens v. Pelletier,*
    516 U.S. 299 (1996)............................................................................................4

*Bryson v. Gonzales,*
    534 F.3d 1282 (10th Cir. 2008) ..........................................................................5

*Callahan v. Unified Gov't of Wyandotte Cty.,*
    806 F.3d 1022 (10th Cir. 2015) ..........................................................................5

*Colbruno v. Kessler*
    928 F.3d 1156 (10th Cir. 2019) ..........................................................................5

*Collins v. Daniels,*
    916 F.3d 1302 (10th Cir. 2019) ..........................................................................3

*Crawford-El v. Britton*
    523 U.S. 574 (1998)............................................................................................4

*Curtin v. United Airlines, Inc.,*
    275 F.3d 88 (D.C. Cir. 2001) ..........................................................................7, 8

*Dalton v. Town of Silver City,*
    2019 WL 1428363 (D.N.M. March 29, 2019).....................................................4

*Harlow v. Fitzgerald,*
    457 U.S. 800 (1982)............................................................................................4

*Hunter v. Bryant,*
    502 U.S. 224, 116 L. Ed. 2d 589, 112 S. Ct. 534 (1991).....................................3

*Jamieson v. Vaterott Educ. Ctrs., Inc.,*
    259 F.R.D. 520 (D. Kan. 2009)...........................................................................8

*Kehoe v. Fidelity Federal Bank & Trust.*,
 421 F.3d 1209 (11th Cir. 2005) .......................................................................................7

*Mireles v. Waco*,
 502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)...........................................................3

*Mitchell v. Forsyth*,
 472 U.S. 511 (1985).......................................................................................................4, 5

*Nelson v. McMullen.*,
 207 F.3d 1202 (10th Cir. 2000) .........................................................................................3

*Pfuetz v. State of Kansas*
 2010 U.S. Dist. LEXIS 95935 (D. Kan. Sept. 14, 2010) .....................................................4

*Robbins v. Oklahoma ex rel. Dep't of Human Servs.*,
 519 F.3d 1242 (10th Cir. 2008) .........................................................................................5

*Stephenson Oil Co. v. Citgo Petroleum Corp.*,
 2008 U.S. Dist. LEXIS 104961 (N.D. Okla. Dec. 30, 2008)..........................................8, 9

**Rules and Other Authorities**

Fed. R. Civ. P. 23(c)(1)(A) ........................................................................................................7
Fed. R. Civ. P. 23(d) .................................................................................................................7
Rule 8.5 of the Rules of the Court of Criminal Appeals..............................................................12

iii

Defendants, Board of County Commissioners of the County of Tulsa, Tulsa County Sheriff Vic Regalado, Tulsa County Court Clerk Don Newberry, and Tulsa County Cost Administrator Darlene Bailey (collectively the "Tulsa County Defendants"), respectfully submit this Response in Opposition to Plaintiffs' Motion to Enter a Scheduling Order and Open Discovery (Doc. #323) (the "Motion"). For the reasons stated herein, the Motion should be denied.

## INTRODUCTION

The Tulsa County Defendants filed motions to dismiss the Second Amended Complaint on October 22, 2018 (Doc. ##235, 236, 237, 238), seeking dismissal of Plaintiffs' claims with prejudice based in large part upon absolute quasi-judicial immunity, qualified immunity, and/or Eleventh Amendment immunity. These immunities are immunity from suit, not just liability. This case will involve wide-ranging, intrusive, burdensome discovery which will be prejudicial to the Tulsa County Defendants if this Court and/or the Tenth Circuit Court of Appeals later determine that Plaintiffs' claims are barred by one or more of these immunity defenses. None of the foregoing was mentioned, let alone analyzed, by Plaintiffs in their Motion. The Tulsa County Defendants respectfully submit that under applicable United States Supreme Court and Tenth Circuit precedent, discussed in detail herein, Plaintiffs' Motion should be denied and the case should remain stayed pending resolution of these dispositive immunity defenses.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs initiated this action on November 2, 2017 (Doc. #2). Plaintiffs claim to be indigent and owe court costs in connection with state criminal proceedings. The Second Amended Complaint (Doc. #212), filed September 21, 2018, is the current iteration of the Complaint. Plaintiffs' Second Amended Complaint, which challenges court debt collection practices in the

State of Oklahoma, is over a hundred pages, contains 372 paragraphs, asserts ten claims, and names sixty-six defendants. (Doc. #212).

The Tulsa County Defendants filed dismissal motions on October 22, 2018 (Doc. ##235, 236, 237, 238). The dismissal motions present a number of dispositive and meritorious bases for the Court to dismiss the claims against the Tulsa County Defendants with prejudice. Sheriff Regalado, Newberry and Bailey argued, *inter alia*, that they are entitled to absolute quasi-judicial immunity and cannot be sued in their individual capacities because they were acting at the direction of the state court judges in carrying out facially valid court orders. (*See e.g.*, Doc. # 235, p. 8; Doc. #236, p. 9; Doc. #237, p. 8). Regalado, Newberry and Bailey also argued that they are entitled to qualified immunity because there is no clearly established law requiring them to independently inquire into an individual's financial condition or to question whether the state judges' issuance of warrants were proper. (*See e.g.*, Doc. #235, p. 15; Doc. #236, p. 18; Doc. # 237, p. 18). On the contrary, the clearly established law is that they have no such duty or discretion and must carry out facially valid orders of state court judges. Regalado, Newberry and Bailey, in their official capacities, and the Board of County Commissioners of Tulsa County sought dismissal, *inter alia*, based on Eleventh Amendment immunity as they were acting as arms of the State of Oklahoma. (Doc. #238, p. 22).

On August 24, 2020, Plaintiffs filed the Motion, requesting that the Court open discovery and enter a Scheduling Order in the case. As discussed below, courts generally stay discovery pending determination of immunity defenses for a number of compelling policy reasons. Indeed, on March 26, 2018, this Court found good cause for delaying issuance of a scheduling order, stating that the pending dismissal motions and Motion for Preliminary Injunction should be resolved first. (Doc. #186). Plaintiffs' Motion did not mention, let alone analyze, the immunity defenses as they

relate to lifting the stay in this case. Plaintiffs' Motion does not present the Court with the proper context and analysis for lifting a stay because it fails to discuss the pending dismissal motions in any depth whatsoever, which were a principal basis for implementing the stay in the first instance. In particular, Plaintiffs do not present the Court with any argument as to how their interests in proceeding with both merits and class discovery outweighs the Tulsa County Defendants' compelling interest in having their immunity defenses decided first, which is supported by well-established precedent favoring a stay of discovery under these circumstances.

## ARGUMENT AND AUTHORITIES

I. **THE PROCEEDINGS, INCLUDING DISCOVERY, SHOULD REMAIN STAYED PENDING RESOLUTION OF THE DISPOSITIVE IMMUNITY DEFENSES.**

The Tulsa County Defendants assert dispositive immunity defenses including absolute quasi-judicial immunity, qualified immunity and/or Eleventh Amendment immunity. Until the Court determines whether immunity exists, the proceedings should remain stayed. These defenses are not merely immunity from liability, *but immunity from suit*. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Collins v. Daniels*, 916 F.3d 1302, 1316 (10th Cir. 2019) (quoting *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (per curiam)). "Qualified immunity is more than a defense to liability – it acts as an immunity to suit . . . ." *Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000).

The United States Supreme Court has made it clear that it is important to resolve immunity defenses at the outset if possible and that proceedings should generally be stayed pending such resolution. "[T]he Supreme Court has repeatedly stressed the importance of resolving immunity questions at the earliest possible stage of litigation." *Nelson*, 207 F.3d at 1206 (internal quotations omitted) (citing *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) and *Hunter v. Bryant*,

3

502 U.S. 224, 227, 116 L. Ed. 2d 589. 112 S. Ct. 534 (1991)). "When a plaintiff files a complaint against a public official alleging a claim that requires proof of wrongful motive, the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998). "It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." The United States Supreme Court has stated that "if the defendant does plead the immunity defense, **the district court should resolve that threshold question before permitting discovery**." *Id.* at 598. (emphasis added); *see also Dalton v. Town of Silver City*, 2019 WL 1428363, *3 (D.N.M. March 29, 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009)) ("[O]nce a single defendant raises the issue of qualified immunity in a dispositive motion, discovery for all defendants should generally be stayed."); *Pfuetz v. State of Kansas*, 2010 U.S. Dist. LEXIS 95935 (D. Kan. Sept. 14, 2010) (granting motion to stay where defendants asserted qualified immunity and Eleventh Amendment immunity).

In *Behrens v. Pelletier,* the United States Supreme Court stated that qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" 516 U.S. 299, 308 (1996); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (Qualified immunity was "refashioned" in such a way to "avoid [subjecting] government officials either to the costs of trial or to the burdens of broad-reaching discovery.") (internal quotations omitted) (alteration by the Court)). "[E]ven such pretrial matters as discovery are to be avoided if possible. . . ." *Mitchell*, 472 U.S. at 526 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982)). "Unless the plaintiff's allegations state a claim of violation of clearly established law, **a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery**." *Id.* (emphasis added).

The Plaintiffs represented to the Court in their Motion that defendants would not be prejudiced and that the dismissal motions did not present any clear legal bar to their claims. Not so. As discussed above, if any of the three immunity defenses apply then Plaintiffs' claims are barred as a matter of law with prejudice to their refiling. Discovery in this case will be far-ranging and burdensome. Such discovery will be prejudicial in the event immunity applies. If the Court were to grant Plaintiffs' Motion and commence discovery, such an Order would be a *de facto* denial, at least in part, of the Tulsa County Defendants' immunity defenses. *See Mitchell*, 472 U.S. at 526 (Immunity is "effectively lost if a case is erroneously permitted to go to trial"). This is because immunity is intended to protect those to whom it applies from all aspects of suit, not just liability. By proceeding with discovery and other aspects of litigation, the Tulsa County Defendants will have been effectively denied the protection the immunity defenses are intended to provide.

The Tulsa County Defendants have a right to an interlocutory appeal of a denial of immunity. "Because qualified immunity establishes immunity from suit rather than a mere defense to liability, a district court's denial of a claim of qualified immunity is immediately appealable under 28 U.S.C. § 1291." *Colbruno v. Kessler*, 928 F.3d 1156, 1160 (10th Cir. 2019) (quoting *Callahan v. Unified Gov't of Wyandotte Cty.*, 806 F.3d 1022, 1026 (10th Cir. 2015)). As the Tenth Circuit Court of Appeals acknowledged in *Colbruno*, a defendant that is denied immunity by the district court has an immediate right of appeal. Indeed, the "very purpose of [an] interlocutory appeal" in immunity cases "is to spare [official defendants] from the ordeal of discovery if the complaint fails to allege a constitutional violation or if the alleged violation was not clearly established." *Bryson v. Gonzales*, 534 F.3d 1282, 1287 (10th Cir. 2008) (quoting *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1248-49 (10th Cir. 2008)) (second alteration by the court).

Plaintiffs have sued a host of governmental officials. Discovery will necessarily be expansive, invasive and likely disruptive to the operations of counties, courthouses, and sheriffs' departments across the state. *See Anderson v. Creighton*, 483 U.S. 635, 638 (1987) ("[D]amages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties."). This Court can and should resolve the immunity defenses prior to opening the floodgates of discovery and litigation. If the Tulsa County Defendants are entitled to immunity, then that immunity would immunize them from the discovery Plaintiffs seek.

Plaintiffs' purported need for discovery is that evidence may grow stale. The risk of stale evidence, which the Tulsa County Defendants submit is at most a minor risk, is substantially outweighed by the need to resolve immunity defenses prior to discovery. First, the length of time dismissal is pending does not in any way lessen the fact that immunity defenses are threshold questions that should be resolved first. Second, many cases involving numerous parties and issues remain pending on dispositive motions for lengthy periods of time. That is simply a fact of litigation, particularly when a plaintiff names 64 defendants. Third, Plaintiffs do not submit any compelling justification for their concern that evidence will grow stale. All defendants are under an obligation to preserve relevant evidence. Moreover, this is not the type of case where the evidence needed to establish Plaintiffs' claims is primarily witness testimony involving fading memories. Plaintiffs' claims, at their heart, involve allegations that the judicial system in Oklahoma and the contract with Defendant Aberdeen are constitutionally deficient. The state statutes governing court costs and indigent status are not going to fade with time; the contract with Aberdeen is not going to fade; and the Plaintiffs' state proceedings are public record.

## II. THE COURT SHOULD STAY CLASS DISCOVERY AND CLASS CERTIFICATION.

Class discovery and class certification should be stayed for all the reasons set forth in Section I, *supra*. The Tulsa County Defendants submit that, in addition to the foregoing reasons, there are also reasons unique and inherent to class actions that weigh in favor of staying class discovery and certification in particular until immunity defenses are resolved.

Class certification is to be determined at "an early practicable time. . . ." FED. R. CIV. P. 23(c)(1)(A). Rule 23 also grants the Court broad discretion in conducting class action proceedings. FED. R. CIV. P. 23(d). While what constitutes "practicable" depends on the circumstances of each case, courts routinely hold that it is appropriate to determine dispositive motions prior to class certification. *See Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92-93 (D.C. Cir. 2001) (holding "where . . . the plaintiffs' claims can be readily resolved on summary judgment, where the defendant seeks an early disposition of those claims, and where the plaintiffs are not prejudiced thereby, a district court does not abuse its discretion by resolving the merits before considering the question of class certification."); *see also Kehoe v. Fidelity Federal Bank & Trust*, 421 F.3d 1209, 1211 (11th Cir. 2005) (recognizing the discretion of a district court to decide dispositive motions prior to class certification and reversing district court on other grounds).

In *Curtin*, the D.C. Circuit provided an analysis that is equally applicable to this case in light of the pending dispositive immunity defenses. The court stated that while "it is often more efficient and fairer to the parties to decide the class question first" "that was not so in this case where . . . the district court readily and correctly perceived fatal flaws in plaintiffs' claims." *Curtin*, 275 F.3d at 92. "Reversing the usual order of disposition in such circumstances spares both the parties and the court a needless, time-consuming inquiry into certification." *Id.* The Court further noted that "where the defendant seeks an early disposition of those claims, and where plaintiffs

7

are not prejudiced thereby, a district court does not abuse its discretion by resolving the merits before considering the question of class certification." *Id.* at 93.

If the Tulsa County Defendants and/or other defendants in this case are entitled to immunity then it will be a needless waste of time and resources to engage in class discovery and certification issues. Moreover, in light of the dispositive nature of the dismissal motions, it would be not only appropriate, but preferable, for the Court to resolve these dispositive immunity issues prior to class discovery and certification. *See Jamieson v. Vaterott Educ. Ctrs., Inc.*, 259 F.R.D. 520, 526 (D. Kan. 2009) (citing *Curtin*, 275 F.3d at 92-93) ("As a practical matter, it is appropriate to clarify the nature and scope of the pending claims before determining their suitability for class treatment.").

### III.   THE FACTORS WEIGH HEAVILY IN FAVOR OF THE CASE REMAINING STAYED.

Plaintiffs set forth various factors that the Court should consider in determining whether to lift a stay. (Doc. #323, p. 3). Plaintiffs cite to this Court's decision in *Stephenson Oil Co. v. Citgo Petroleum Corp.*, 2008 U.S. Dist. LEXIS 104961 (N.D. Okla. Dec. 30, 2008). *Stephenson Oil Co.* did not involve claims against governmental actors. Nor did it involve pending dismissal motions that asserted dispositive immunity defenses. It involved alleged breaches of a franchise agreement. The procedural posture was also very different. In *Stephenson Oil Co.*, the defendants were moving for a stay. *Id.* at *4. Here the Court already found good cause to delay issuing a scheduling order pending resolution of the dispositive dismissal motions. (Doc. #186). Plaintiffs' Motion to Enter a Scheduling Order and Open Discovery, in essence, was a motion for the Court to reconsider its prior Order staying the case for no other reason than time has passed.

The Tulsa County Defendants submit that the factors Plaintiffs present do not comport with the clear preference the United States Supreme Court and Tenth Circuit Court of Appeals have

8

repeatedly expressed for cases to be stayed pending resolution of immunity defenses. *See* Section I, *supra*. But even if the Court applies the factors it applied in *Stephenson Oil Co.*, the factors weigh heavily in favor of a stay. At the outset, this Court noted in *Stephenson Oil Co.*, that the courts "may" consider these factors, but did not hold these factors must be considered or that these factors are applicable in every type of case. *Id.* at *5. Nonetheless, the factors are: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.* at **5-6.

First, all parties have some interest in proceeding expeditiously in every case. Speed must, however, be balanced with other considerations. The Tulsa County Defendants have a meritorious and compelling interest in the Court resolving their immunity defenses prior to being subjected to further litigation and discovery. *See* Section I, *supra*. Plaintiffs present two interests in proceeding with litigation. Plaintiffs argue evidence may grow stale. As discussed, *supra*, the risk of evidence growing stale is minimal in this case. Most of the evidence is public record. The contract with Aberdeen will not fade. Nor will the Oklahoma statutes at issue fade.

Plaintiffs also argue that they continue to suffer the "risk" of harassment, threats and detention. (Doc. #323, p. 3). Plaintiffs' only example of this alleged ongoing "risk" is that some unidentified person contacted Plaintiffs' counsel claiming their mother received a call from Aberdeen attempting to collect a debt. (*Id.* at p. 5). Even if this hearsay statement is true, it could not have happened in Tulsa County because Tulsa County no longer contracts with Aberdeen for collections, which is confirmed in Plaintiffs' Second Amended Complaint. (*See* Doc. 212, ¶ 124 ("After the filing of this lawsuit, Tulsa County stopped using Aberdeen, Inc.'s services for collection of Tulsa County court debt.")). Accordingly, there is no ongoing risk of collection

efforts by Aberdeen in Tulsa County. Plaintiffs do not present a single affidavit or any other type of evidence demonstrating that they are being harassed, threatened or have been detained in Tulsa County, or elsewhere. Reason dictates that if it were the case, Plaintiffs would state so through an affidavit. They did not. The Plaintiffs will not be prejudiced by waiting for the Court to rule on the dispositive immunity issues. Moreover, it would be a needless waste of Plaintiffs' time and resources as well to proceed in this case against the multitude of defendants they have sued without knowing whether or not their claims are barred as a matter of law.

Second, the burden on the Tulsa County Defendants of proceeding with litigation and discovery, including class discovery, will likely be enormous.[1] While Plaintiffs argue defendants will not be burdened at all. Plaintiffs' only basis for that statement is that discovery is always burdensome to some degree. Here, however, while the burden of discovery should be considered, the immunity issues present something more fundamental. The Tulsa County Defendants do not simply have an *interest* in avoiding burdensome discovery; they are *immune* from it. Plaintiffs totally ignore the dispositive immunity defenses and the clear authority from the United States Supreme Court and Tenth Circuit that details the burden and prejudice to government actors who have to engage in discovery and litigation when immunity defenses are raised. And this is not a case involving one or two government actors. Plaintiffs have sued 62 government actors and/or entities. (Doc. #212, Second Amended Complaint). Class discovery alone will be burdensome. Plaintiff proposes four different classes, each involving different putative class representatives. (Doc. #78, pp. 1-3). Plaintiffs have alleged a multitude of common issues of fact and law across

---

[1] On September 11, 2020, counsel for all parties had a telephonic conference. During the conference, counsel for Plaintiffs stated that they intended to commence both class discovery *and merits discovery*. Accordingly, Plaintiffs by their own representation seek wide-ranging discovery into every issue in this case.

10

their four proposed classes. (*Id.* at pp. 8-12). The discovery in this case will necessarily be wide-ranging, expensive, intrusive and time consuming. All of which may ultimately be needless if the Tulsa County Defendants are immune from suit.

Third, it would be more convenient to the Court to resolve the dispositive immunity defenses first as they are a complete bar to Plaintiffs' claims. Resolution of the immunity defenses will potentially terminate the Tulsa County Defendants from the case entirely. Even if the immunity defenses do not resolve the case entirely, their resolution could potentially narrow the case considerably and greatly impact the putative classes, common issues of fact, and common issues of law. It would be greatly inconvenient to the Court to oversee class discovery and review certification briefing, only to rule that some or all of the defendants who have raised immunity are in fact entitled to immunity.

Fourth, with respect to individuals who are not parties to the litigation, Plaintiff claims the alleged unconstitutional collection practices impact family members of those who owe costs and are subject to failure to pay warrants. (Doc. #323, p. 5). Plaintiffs' only support for this contention is that counsel for Plaintiffs was told by "a person" that that person's mother was told by Aberdeen that if that person did not pay their daughter's court debt then the daughter would go to jail. (*Id.*). Plaintiffs could have presented an affidavit instead of a multi-layer hearsay statement that involves unidentified individual and a highly speculative scenario with only a possible threat of detention.

Even if true this argument does not outweigh the meritorious and compelling interest the Tulsa County Defendants have in the Court resolving the immunity defenses prior to discovery. Nothing about discovery will recall a warrant or prevent calls such as those alleged. Moreover, this unidentified individual, or any similarly situated individual who owes costs in connection with a Tulsa County case, may simply appear before the state court and request a hearing. (*See* Doc.

#145, p. 2, Tulsa County Defendants' Response in Opposition to Motion for Temporary Restraining Order and Preliminary Injunction). If this individual, or any similarly situated individual, would simply appear, the failure to pay warrant will be recalled by the state court judge and the matter will be heard at the next available cost docket where a judge will determine the individual's ability to pay. (*See* Rule 8.5 of the Rules of the Court of Criminal Appeals, attached as Exhibit 2 to Doc. #145). Plaintiffs ignore following this simple procedure that is available and would potentially provide them instantaneous, total relief.

Fifth, with respect to the public interest, Plaintiffs argue that Oklahoma runs a *de facto* debtor's prison. This is nothing more than an allegation. The Tulsa County Defendants respectfully submit that, until deemed unlawful, Oklahoma and its citizens have an interest in seeing its laws, enacted by the people's lawfully elected Legislature, enforced. The public also has an interest in seeing lawfully assessed fines and costs collected and paid. Again, discovery will not provide Plaintiffs the relief they seek.

## **CONCLUSION**

The Tulsa County Defendants respectfully request that the Court deny Plaintiffs' Motion (Doc. #323), and maintain the current stay of these proceedings until the defendants' dismissal motions have been resolved. The United States Supreme Court and the Tenth Circuit Court of Appeals have expressed compelling policy reasons for staying cases pending resolution of immunity defenses. The Tulsa County Defendants respectfully submit that they are entitled to absolute quasi-judicial immunity, qualified immunity and/or Eleventh Amendment Immunity, and that these defenses should be determined before commencing any discovery, including class discovery, and before engaging in any further litigation, including class certification briefing and related proceedings.

Respectfully submitted,

 /s/ Jo Lynn Jeter
**Joel L. Wohlgemuth**, OBA #9811
**Jo Lynn Jeter**, OBA #20252
**Barrett L. Powers,** OBA #32485
NORMAN WOHLGEMUTH
3200 Mid-Continent Tower
401 South Boston Ave.
Tulsa, OK 74103
(918) 583-7571
(918) 584-7846 – facsimile
jlw@nwcjlaw.com
jlj@nwcjlaw.com
blp@nwcjlaw.com

- and -

**Douglas A. Wilson,** OBA #13128
**Assistant District Attorney,**
**Chief of Civil Division**
**Michael Shouse,** OBA #33610
**Assistant District Attorney**
**Tulsa County District Attorney's Office**
500 S. Denver Ave., Suite 832
Tulsa, OK 74103
Telephone: (918) 596-8795
Facsimile: (918) 596-4804
douglas.wilson@tulsacounty.org
mshouse@tulsacounty.org

*Attorneys for the Board of County Commissioners of the County of Tulsa, Tulsa County Sheriff Vic Regalado, Tulsa County Court Clerk Don Newberry and Tulsa County Cost Administrator Darlene Bailey, in both their individual and official capacities*

13

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 18, 2020, I electronically transmitted the foregoing document to the Clerk of Court using ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registered counsel of record.

                                                  /s/ Jo Lynn Jeter