IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLY GRAFF, *et al.*, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ABERDEEN ENTERPRIZES II, INC., *et al.*,<br><br>Defendants. | 4:17-CV-606-TCK-JFJ |

**SHERIFF DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ENTER A SCHEDULING ORDER & OPEN DISCOVERY**

Defendants, the Fifty-One County Sheriffs, individually and in their official capacities ("Sheriff Defendants"), hereby submit the following consolidated response to Plaintiffs' Motion to Enter a Scheduling Order and Open Discovery [Doc. 323]. The Court should deny Plaintiff's Motion for four reasons:

- It is premature to open discovery because fourteen motions to dismiss still await a ruling [*see* Docs. 226-239].

- Opening discovery would immediately subject Sheriff Defendants to an extraordinarily cumbersome discovery process.

- Sheriff Defendants' assertions of qualified and quasi-judicial immunity shield them from the discovery proposed by Plaintiffs. [*See* Doc. 239].

- Plaintiffs' arguments for opening discovery are generally unpersuasive.

**I. PROCEDURAL HISTORY**

1. Plaintiffs filed this lawsuit on November 2, 2017 against Aberdeen Enterprizes II, Inc., the Oklahoma Sheriffs' Association, and county sheriffs. [Doc. 2]. In their Class Action

Complaint, Plaintiffs allege an unconstitutional practice of "debt-collection arrest warrants" by each of these Defendants. On February 1, 2018, Plaintiffs submitted an Amended Class Action Complaint, alleging much the same. [Doc. 76].

2. Within a week, Defendant P.D. Taylor filed the first two motions to dismiss. [Doc. 95, 99]. On March 23, 2018, all Defendants moved to dismiss the lawsuit for a litany of distinct and separate reasons, including the assertions of judicial immunity, quasi-judicial immunity, and qualified immunity. [Doc. 169, 175-185].

3. On March 26, 2018, this Court delayed the issuance of a scheduling order until the motions to dismiss were resolved. [Doc. 186]. Plaintiffs then asked for leave to amend their Class Action Complaint on May 15, 2018. [Doc. 202]. The Court granted this request for leave, finding the fourteen motions to dismiss to be moot. [Doc. 211].

4. Plaintiffs submitted a Second Amended Class Action Complaint on September 21, 2018. [Doc. 212].

5. Again, all Defendants moved to dismiss the lawsuit in October 2018. [Doc. 226-239]. By December 21, 2018, each of the fourteen motions to dismiss were ripe for ruling [Doc. 283-295], although Plaintiffs did file a sur-reply to the motions of Defendants Aberdeen and Shofners, [Doc. 305].

6. On August 24, 2020, Plaintiffs moved for the Court to enter a scheduling order and open what is certain to be an extensive discovery process. In this Motion, Plaintiffs offer **no limitation** on the scope or breadth of discovery. Plaintiffs argue that the "good cause to delay" the opening of unlimited discovery "has evaporated in the 29 and 20 months, respectively, since [the motions to dismiss] became ripe." [Doc. 323, p. 1]. On August 26, 2020, the Court lifted the stay of discovery and ordered the parties "to submit a Joint Scheduling Order regarding the

Motion for Class Certification [Doc. 78] within twenty (20) days of the date of this order." [Doc. 324].

7. Defendants moved for the Court to reconsider and vacate this decision to lift the stay of discovery. [Docs. 328-332]. The Court granted these Motions for Reconsideration on September 11, 2020, and vacated the August 26, 2020 Minute Order. [Doc. 333]. In granting the motions, the Court ordered Defendants to submit their responses to Plaintiff's Motion to Enter a Scheduling Order and Open Discovery by September 18, 2020.

### III. ARGUMENTS & AUTHORITIES

### LEGAL STANDARD

In the Tenth Circuit, a defendant is generally entitled to a stay of discovery when he files a motion for absolute or qualified immunity. *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) ("[d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred"); *Shophar v. Johnson Cty., Kansas*, No. 20-CV-2280-EFM-TJJ, 2020 WL 5408124, at *1 (D. Kan. Sept. 9, 2020) (staying discovery while dispositive motions are pending is appropriate 'where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome'"). The policies underlying the stay require that all discovery in the case be stayed, including as to other parties and claims that are unrelated to the question of qualified immunity. *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009); *Herrera v. Santa Fe Pub. Sch.*, 11-cv-0422 JB/KBM, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012).

Absolute and qualified immunity are "an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). It therefore protects officials not only from having to stand trial, but also from having to bear the burdens of litigation, including and especially pretrial discovery. *Iqbal*, 556 U.S. at 685; *Workman*, 958 F.2d at 335; *Harlow v. Fitzgerald,* 457 U.S. 800 (1982) ("[u]ntil this threshold immunity question is resolved, discovery should not be allowed"); *Bryson v. Gonzales*, 534 F.3d 1282, 1287 (10th Cir. 2008); *B.T. Davis*, 557 F.Supp.2d 1262, 1286 (D.N.M. 2007); *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3718836 (D. Kan. Sept. 14, 2010); *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (ruling on an assertion of immunity early on in a lawsuit "permits courts expeditiously to weed out suits which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits…[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit"). A stay is especially important for a motion to dismiss wherein a defendant asserts some form of immunity and challenges legal sufficiency of a plaintiff's basis to state a claim at all. *See Moore v. Busby*, 92 F.App'x 699, 702 (10th Cir. 2004) (affirming stay of discovery pending resolution of absolute immunity issue); *Behrens v. Pelletier*, 516 U.S. 299, 308-10 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Siegert*, 500 U.S. at 231.

Indeed, it "is well-settled that questions of immunity should be resolved at the earliest stages of litigation." *Guerrero v. City of Pueblo, Colo.*, No. 20-CV-00810-KMT, 2020 WL 4003649, at *2 (D. Colo. July 15, 2020) (citing *Schwartz v. Booker*, 702 F.3d 573 (10th Cir. 2012)). In addition, "discovery generally should be avoided" once an immunity defense is raised,

unless the plaintiffs demonstrate "how [such] discovery will raise a genuine fact issue as to the defendants' immunity claim." *Martin v. Cty. of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015) (citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373 (10th Cir. 1994)); *Guerrero*, 2020 WL 4003649 at *2 ("[g]iven that the motion to dismiss does appear to be substantially predicated upon questions of law, the court agrees that Defendants could be prejudiced by engaging in discovery at this time"); *Raven v. Williams*, No. 19-CV-01727-WJM-SKC, 2019 WL 4954640, at *2 (D. Colo. Oct. 8, 2019); *Caranchini v. Peck*, No. 18-2249-CM-TJJ, 2018 WL 5313764, at *3 (D. Kan. Oct. 26, 2018) ("a defendant is generally entitled to have questions of immunity resolved before being required to engage in discovery") (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).

## PROPOSITION ONE:
### IT IS PREMATURE TO COMMENCE DISCOVERY BEFORE A RULING ON THE ASSERTIONS OF IMMUNITY IN THE MOTIONS TO DISMISS.

Plaintiffs propose opening discovery without any proposed limitation before there is a decision on the fourteen motions to dismiss [Docs. 226-239]. It is improper to start discovery before those motions – especially those asserting immunity – are resolved. *See, e.g., Workman*, 958 F.2d at 336. Commencing discovery while these motions are pending is simply premature for three reasons. First, if the Court agrees with Defendants' assertion of immunity, Defendants would be dismissed with prejudice. *Shophar*, 2020 WL 5408124 at *1 (staying discovery while dispositive motions are pending is appropriate "where the case is likely to be finally concluded as a result of the ruling thereon"). Second, discovery of any kind would not affect the outcome of these assertions of immunity. Sheriff Defendants have argued that the allegations in Plaintiffs' suit establish their entitlement to quasi-judicial and/or qualified immunity. *Id.* (staying discovery while dispositive motions are pending is proper "where the facts sought through uncompleted

discovery would not affect the resolution of the motion"). Third, the discovery process for these Defendants alone will be extraordinarily burdensome. [*See* Proposition Two]. If the Court grants Sheriff Defendants' Motion to Dismiss, such discovery "would be wasteful." *Id.* In short, there is no discovery to be conducted prior to a decision on the fourteen motions to dismiss. [Docs. 226-239]. It is therefore premature to commence discovery.

## PROPOSITION TWO:
## PLAINTIFFS' DISCOVERY WOULD BE EXTRAORDINARILY CUMBERSOME.

Discovery in this particular case will be broad and extremely burdensome. Plaintiffs' suit concerns how certain government procedures affect the rights of certain individuals in at least fifty-three jurisdictions. Plaintiffs seek to certify four overlapping classes: (1) an Aberdeen Class, (2) a Damages Class, (3) a Tulsa Court Debt Class, and (4) a Rogers Court Debt Class. [Doc. 78, pp. 6-7]. Certification as a class-action requires the class-proponent to establish four elements: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). *See* Fed. R. Civ. P. 23(a)(1)-(4). The proponent must also show at least one element from Fed. R. Civ. P. 23(b)(1)-(3). To satisfy their heavy burden, Plaintiffs will have to set an enormous scope. Indeed, Plaintiffs may have to inquire into the circumstances of every failure-to-pay arrest and warrant in fifty-three counties, if not every county in the state.

For the Sheriff Defendants, that means this case is about how thousands of individual plaintiffs in these classes were affected by the practices and procedures of fifty-three separate, independently-operated counties to collect debt, issue fines, and execute warrants. Plaintiffs will be required to conduct discovery on the practices employed in the various counties involved in

this case, and will certainly propound over one-hundred sets of written discovery. Defendants would likewise be required to propound countless sets of written discovery to. This may require the production of *millions* of documents. Needless to say, this written discovery, propounded on all parties, would be onerous and extensive, and would impinge on the immunity rights clearly provided to Defendants. And this does not even get into taking depositions, which could *exceed* 200. Each County Sheriff in their individual and official capacities, other independently-elected county officials, and many others could be deposed to determine how these different counties' procedures may affect indigent persons. In short, it is difficult to overstate how cumbersome and onerous class certification discovery[1] will be for the fifty-three county offices, and that is before reaching the burden of discovery for remaining defendants. The scope of this case is virtually unprecedented.

## PROPOSITION THREE:
## DEFENDANTS' IMMUNITY SHIELDS THEM FROM THE EXTRAORDINARILY CUMBERSOME DISCOVERY PROPOSED BY PLAINTIFFS.

As discussed above, commencing discovery in this case is simply premature due to the pendency of fourteen motions to dismiss. Discovery is premature for practical reasons, as the proposed discovery would not aid in the resolution of those motions. Moreover, any decision on immunity could allow for an appeal, wherein the Court would be divested of jurisdiction until the appeal is resolved. *See Stewart v. Donges,* 915 F.2d 572, 576 (10th Cir. 1990). But as the clear weight of the case law indicates, the pendency of immunity assertions is the primary reason a stay of discovery should remain in place. *See Siegert*, 500 U.S. at 232; *Iqbal*, 556 U.S. at 685-86; *Behrens,* 516 U.S. at 308-10; *Mitchell,* 472 U.S. at 526; *Harlow,* 457 U.S. at 800; *Workman,* 958 F.2d at 336; *Bryson,* 534 F.3d at 1287; *Moore,* 92 F. App'x at 702; *Shophar*,

---

[1] Notably, Plaintiffs intend to pursue both class certification *and* merits discovery.

2020 WL 5408124 at *1; *Pfuetze*, 2010 WL 3718836 at *2; *Guerrero*, 2020 WL 4003649 at *2; *Raven*, 2019 WL 4954640 at *2; *Caranchini*, 2018 WL 5313764 at *3. Until the issue of whether various Defendants are entitled to immunity is resolved, discovery should not be permitted.

As stated in their Motions to Dismiss, the Sheriff Defendants are entitled to immunity in two forms. First, Sheriff Defendants are entitled to absolute quasi-judicial immunity for performing ministerial acts at the direction of a judge. [Doc. 239, p. 26]. Because Plaintiffs have not alleged the executed warrants are not facially invalid, the Sheriff Defendants are immune from suit for simply carrying out their duties. *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000); *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1247 (10th Cir. 2007). Second, Sheriff Defendants are entitled to qualified immunity because it "shields officers from liability when they act under an obligation to follow state law." [Doc. 239, p. 16 (citing *Coates v. Powell*, 639 F.3d 471 (8th Cir. 2011); *Kloch v. Kohl*, 545 F.3d 603 (8th Cir. 2008); *Humphries v. Cty. of Los Angeles*, 554 F.3d 1170 (9th Cir. 2009); *Mills v. Graves*, 930 F.2d 729 (9th Cir. 1991)]. These Defendants are required to follow state law, and are not permitted discretion to decline to execute facially valid court orders. Sheriff Defendants first submitted this argument in March 2018, and has been ripe for ruling since December 2018.

As summarized in *Higgins v. Saavedra*, when the Sheriff Defendants raise an immunity defense, they are protected from the burdens of discovery:

> It is well settled that a qualified immunity defense "protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery." *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). The Supreme Court has repeatedly emphasized the importance of resolving the issue of qualified immunity early on in the litigation. *Scott v. Harris*, 550 U.S. 372, 376 n.2 (2007) (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (*per curiam*)). The defense of qualified immunity does not create immunity from all discovery, but only from "broad-reaching discovery," and it recognized that "limited discovery may sometimes be necessary before the district court can resolve a motion for

> summary judgment based on qualified immunity." *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (quotation omitted). Unlike a motion for summary judgment, however, a motion to dismiss tests the legal sufficiency of a complaint and requires no additional discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 674–75 (2009).

No. 1:17-CV-00234-WPL-LF, 2017 WL 1437317, at *1 (D.N.M. Apr. 21, 2017). Naturally, this protection extends to absolute quasi-judicial immunity, as the doctrine shields officials from *suit*, full stop. *See Johnson v. Schmidt*, No. 20-3017-SAC, 2020 WL 4260626, at *1 (D. Kan. July 24, 2020) ("[o]fficials who act pursuant to a 'facially valid court order' enjoy quasi-judicial immunity from suit under § 1983") (citing *Turney v. O'Toole*, 898 F.2d 1470, 1472 (10th Cir. 1990).

Lifting discovery immediately subjects Sheriff Defendants to discovery and undermines one of the purposes for absolute immunity. Allowing an unlimited discovery process against these Defendants – and several other Defendants that raised immunity – is unjustifiable. Thus, the Minute Order is not only premature, but also undermines the very purpose of asserting judicial, quasi-judicial, or qualified immunity at the motion to dismiss stage: immunity from the rigors of the discovery process. This process could involve locating, collating, and producing records about thousands – if not hundreds of thousands – of persons incarcerated in fifty-plus different county jails over the course of several years. Not to mention that each of those fifty-plus counties have different processes and procedures for handling debt-collection and issuing warrants. Restated, this process will be expensive, extensive, and astonishingly burdensome for the Sheriff Defendants. Defendants' assertions of immunity from suit should not be set aside without allowing Defendants to respond as to why discovery should not and cannot commence. Accordingly, the Court should vacate its Minute Order to either allow for a response.

## **PROPOSITION FOUR:**
## **PLAINTIFFS' ARGUMENTS FOR OPENING DISCOVERY ARE UNPERSUASIVE.**

Despite the clear burden on Defendants, and without any discussion whatsoever of what this particular discovery process would look like, Plaintiffs baselessly say there is no "special burden" on any of the hundred-plus defendants by commencing discovery in a case involving tens of "thousands" of plaintiffs, and move on. [Doc. 323, p. 4 (quoting *Agile Sky All. Fund LP v. Citizens Fin. Group*, No. 09-CV-027686, 2010 WL 1816351) (D. Colo. May 5, 2010)]. In support, Plaintiffs cite authority from this Court regarding the reasons to stay discovery in the first place. [Doc. 323, p. 3 (citing *Stephenson Oil Co. v. Citgo Petroleum Corp.*, No. 08-CV-380, 2008 WL 5412816 (N.D. Okla. Dec. 30, 2008)]. One of the factors for a stay of discovery is "the burden on the defendants." *Stephenson Oil Co., supra* at *2. To satisfy this element, Plaintiffs say "there is no prejudice to Defendants" by opening discovery because "Defendants always are burdened [with discovery when sued . . . That is a consequence of our judicial system and the rules of civil procedure." [Doc. 323, p. 4 (quoting *Agile Sky, supra*)].

For all of the above-stated reasons, however, Defendants strongly disagree. Plaintiffs' argument that discovery will not burden these Defendants more than usual ignores plain reality. Indeed, to argue discovery will not be an *astronomical* burden on all Defendants ignores reality. For Plaintiffs to nonchalantly discount the burden that discovery would cause is baffling. And Plaintiffs do not even mention the fact that over fifty defendants have argued they are immune from suit altogether. Frankly, Plaintiff's Motion misconstrues their case as a normal one, where they are not attempting to gather thousands of Plaintiffs together to sue hundreds of defendants for a variety of debt collection practices. The impending burden on Defendants should not be minimized, as Plaintiffs clearly have, especially in light of these assertions of immunity. *See Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 291 (5th Cir. 2015) ("[a] district court may defer

a ruling on qualified immunity and issue a discovery order **only after** it initially determines that the plaintiff alleges facts that, if true, would overcome the defense of qualified immunity"). Any discussion of whether discovery should proceed should be based on the reality that discovery is certain to be extremely burdensome, and immunity assertions remain unresolved.

Regardless of any burden on Defendants, however, Plaintiffs advance two arguments in support of opening discovery. *First*, Plaintiffs submit that the economic conditions in Oklahoma heighten the need to resolve this case for indigent Oklahomans. This is speculative. Plaintiffs offer no support for this position that there is currently an immediate need for the resolution of this particular case. Plaintiffs do not support the proposition that an increase in unemployment necessarily leads to a change in the imposition of court fines. And even if there were support, it is unclear how increased unemployment necessarily means discovery should commence before the motions to dismiss and assertions of immunity are decided. *Second*, Plaintiffs submit "there is a substantial risk that key evidence material to the resolution of Plaintiffs' claims may be lost." [Doc. 323, p. 1]. Again, this unsupported and speculative. For one, it is unclear what "key evidence" to which Plaintiffs refer. But more importantly, most of the "key evidence" is court record. Plaintiffs do not state with any amount of specificity how any of these court records are at risk of being "lost." [Doc. 323, p. 1]. Plaintiffs' arguments for why discovery should start in full regardless of the motions to dismiss are unpersuasive.

### III. CONCLUSION

WHEREFORE, based on the foregoing, Sheriff Defendants respectfully requests that the Court deny Plaintiffs' Motion to Enter a Scheduling Order and Open Discovery [Doc. 323].

Respectfully submitted,

s/ Robert S. Lafferrandre
Robert S. Lafferrandre, OBA #11897
Randall J. Wood, OBA #10531
Jeffrey C. Hendrickson, OBA #32798
April D. Kelso, OBA #30079
Robert Betts, OBA #21601
PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN, L.L.P.
1109 N. Francis Ave.
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
rlafferrandre@piercecouch.com
rwood@piercecouch.com
jhendrickson@piercecouch.com
akelso@piercecouch.com
rbetts@piercecouch.com

*Attorneys for Sheriff Defendants*

## CERTIFICATE OF SERVICE

I certify that on **September 18, 2020**, I electronically transmitted this **RESPONSE TO PLAINTIFFS' MOTION TO ENTER A SCHEDULING ORDER & OPEN DISCOVERY** to the Clerk of this Court using the ECF System for filing. Based on the records currently on file, the Clerk will transmit a Notice of Electronic Filing all ECF registrants who have appeared in this case.

s/ Robert S. Lafferrandre
Robert S. Lafferrandre