UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLY GRAFF, et. al.,           ) | |
| ) | |
| Plaintiffs,       ) | |
| v.               ) | |
| ) | Case No. 4:17-CV-606-TCK-JFJ |
| ABERDEEN ENTERPRIZES II, INC., et al.,  ) | |
| ) | |
| Defendants.      ) | |

### RESPONSE TO DEFENDANTS' MOTION TO SET BRIEFING SCHEDULE ON REMAINING DISMISSAL ISSUES

Plaintiffs hereby respond to Defendants' motion to enter an Order setting a briefing schedule on the remaining dismissal issues in this case, Doc. 372.  Prior to the filing of the motion, Plaintiffs' counsel informed counsel for Defendants that while they did not object to the timing of the schedule, they conditioned their consent to any proposed schedule on two requirements: (1) that Defendants be limited to the arguments already raised in the previous rounds of motion to dismiss briefing; and (2) that Plaintiffs be permitted to file a single, consolidated brief in response. Defendants did not agree to these conditions, and filed their motion.

Defendants seek to file new motions to dismiss following the Tenth Circuit's decision overturning dismissal on jurisdictional grounds but declining to rule on any alternative arguments raised by Defendants.  Plaintiffs agree that this Court should rule on the Defendants' other arguments asserting purported grounds for dismissal.  But Plaintiffs submit that no further motion to dismiss briefing is necessary.  To date, Defendants have filed a combined thirty (30) motions to dismiss in this case.  *See* Docs. 8, 95, 99, 169, 175-85, 215, 226-239.  Between those motions, Plaintiffs' responses, Defendants' replies, and supplemental briefs, there have already been well over 50 documents filed and over 1,000 pages of briefing on dismissal arguments in this case.

1

While it is true that some portion of that briefing addressed jurisdictional arguments that have since been rejected by the Court of Appeals, much of it is about other arguments that have yet to be considered by this Court. Plaintiffs do not believe hundreds of pages more of additional briefing will aid this Court in rendering a decision on arguments already raised.

While Plaintiffs agree with Defendants that there may have been relevant decisions in the law in the years since briefing was completed, Plaintiffs submit that any such novel developments should be confined to limited supplemental filings addressing only that authority. Entirely new and revised motions to dismiss are not necessary. As to the timing of any supplemental briefs, Plaintiffs do not object to Defendants' proposed schedule, or any other reasonable schedule ordered by this Court.

Even if this Court were to permit Defendants to file entirely new motions to dismiss, Plaintiffs note that any such motions must be limited to the arguments already raised. The Rules are clear that "a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Defendants have had ample opportunity to raise any applicable defenses or objections in the dozens of Rule 12 motions they have already filed. The Rules say that they may not receive an yet another bite at the apple.

Finally, Plaintiffs ask that in any additional round of briefing, supplemental or comprehensive, they be permitted to file a single responsive document to whatever number of briefs that Defendants file. In the previous round of briefing, Plaintiffs were required to file over a dozen responsive briefs to Defendants' motions. Because those motions raised duplicative arguments, Plaintiffs had to employ a complex and extensive system of cross-references to avoid inundating the court with dozens of pages of redundant or identical briefing. The ensuing tangled

web of briefs by the parties covering overlapping but slightly distinct topics is difficult to wade through—indeed, even the Court of Appeals noted the burden of "digging through every page of an extensive record" in this case. *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 508 (10th Cir. 2023).  This Court would not benefit from more than 30 new filings which would serve to complicate things even further.

For the foregoing reasons, Plaintiffs request that this Court strictly limit any additional briefing on Defendants' motions to dismiss to new authority issued after the previous briefs were submitted, and permit Plaintiffs to file a single responsive brief to any filings by Defendants.

Dated: May 12, 2023

Respectfully submitted,

*/s/ Daniel E. Smolen*
Daniel Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Smolen & Roytman
701 South Cincinnati Avenue
Tulsa, OK 74119
Tel: 918-585-2667
Fax: 918-585-2669

*/s/ Ryan Downer*
Ryan Downer (admitted *Pro Hac Vice*)
D.C. Bar No. 1013470
Civil Rights Corps
1601 Connecticut Ave. NW Ste 800
Washington, DC 20009
Tel: 202-844-4975                                          Fax: 202-609-8030
ryan@civilrightscorps.org

*/s/ Seth Wayne*
Seth Wayne (admitted *Pro Hac Vice*)
D.C. Bar No. 888273445
Shelby Calambokidis (*Pro Hac Vice* application forthcoming)
Institute for Constitutional Advocacy and Protection
Georgetown University Law Center

600 New Jersey Ave. NW
Washington, D.C. 20001
Tel: 415-516-4939
sw1098@georgetown.edu
sc2053@georgetown.edu

*Attorneys for the Plaintiffs*

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 12th day of May, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

*/s/ Seth Wayne*