IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLY GRAFF, et al. | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 4:17-CV-606-TCK-JFJ |
| | ) |
| ABERDEEN ENTERPRIZES, II, INC. et al., | ) |
| | ) |
|     Defendants. | ) |

**JOINT STATUS REPORT**

**Jury Demanded:**  ☒ Yes ☐ No

**I.     Summary of Claims:**

Plaintiffs, on behalf of themselves and others similarly situated, challenge the practices used to collect court debt arising from criminal and traffic cases in 54 Oklahoma counties. The Sheriffs of each of these counties, all of whom are defendants here, authorized Defendant Oklahoma Sheriffs' Association, Inc. to enter into a contract with Defendant Aberdeen Enterprizes II, Inc., a private for-profit company, that delegates to Aberdeen, Inc. the authority to collect debt from individuals who have had a warrant issued against them for nonpayment of court debt. Aberdeen, Inc.'s collection practices include, among other things, threatening debtors with arrest if they do not pay; seeking additional warrants to extract payment; and if a debtor is arrested, demanding money for release. Although Oklahoma law and the United States Constitution prohibit arrest for non-payment of court debt absent proof of a willful refusal to pay, Aberdeen, Inc. engages in these practices without regard to the debtors' ability to pay and ignores the pleas of debtors who are too poor to pay. The Defendant Sheriffs, in addition to authorizing the Sheriffs' Association's contract with Aberdeen, Inc., enforce Aberdeen, Inc.'s threats by arresting individuals for non-payment. Plaintiffs—who are all impoverished, struggle to obtain the basic necessities of life, and owe court debt—have each endured some or all of these practices, and have suffered numerous harms, including loss of liberty and money.

Plaintiffs also challenge the practices of three Tulsa County judges, the Tulsa County Clerk of Court and Cost Administrator, one Rogers County judge, and the Rogers County Clerk of Court. These Defendants are responsible for issuing the debt collection warrants that set Aberdeen, Inc.'s scheme in motion. The Clerks of Court and Cost Administrator seek, and the judges issue, or authorize the issuance of, arrest warrants solely because an individual debtor has not paid, without any inquiry into the debtor's ability to pay. When a debtor is arrested for nonpayment, Defendant Judges Dawn Moody and Terrell S. Crosson also require the debtor to remain in prison, sometimes for days, to await a hearing unless the

debtor can pay a pre-set amount that, likewise, does not account for the debtor's ability to pay.

Plaintiffs bring this case under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962; 42 U.S.C. § 1983; and Oklahoma tort law. Their Constitutional claims arise under the Due Process and Equal Protection Clauses of the Fourteenth Amendment and the Fourth Amendment, as applied against state actors through the Fourteenth Amendment. Their tort claims allege abuse of process, unjust enrichment, and civil extortion. Plaintiffs seek compensatory and punitive damages, attorneys' fees, declaratory relief, and injunctive relief prohibiting Defendants' unlawful practices. Thousands of other debtors in Oklahoma who have experienced the same harms make up the proposed class.

    A.    **Claims to be Dismissed**: None

**II.**    **Summary of Defenses:**

Plaintiffs' lawsuit names more than one-hundred defendants (including official and individual capacity claims). Due to the complexity and scope of the allegations and the limited time for investigation and evaluation of these claims, each Defendant or group of Defendants may evaluate the case differently and raise different defenses. Therefore, Defendants would provide the Court with a general list of potential defenses, and reserve the right to assert further defenses that arise.

- Plaintiffs have failed to state a claim for which relief may be granted;

- The Amended Complaint fails to state a federal claim for relief under 42 U.S.C § 1983;

- The Amended Complaint fails to state a claim under the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1962(c) and (d);

- The Amended Complaint fails to state a claim for relief under the Fourth Amendment of the United States Constitution;

- The Amended Complaint fails to state a claim for relief under the Fourteenth Amendment of the United States Constitution;

- Plaintiffs have failed to state a cognizable claim under the Constitution of the State of Oklahoma or any state law;

- Plaintiffs have failed to state a cognizable claim under the Constitution of the United States or any federal law;

- Plaintiffs state law claims are barred or limited by the Oklahoma Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 151, et seq;

- The individual defendants are entitled to qualified immunity;

- The Judicial Defendants are entitled to judicial immunity;

- The individual defendants are entitled to quasi-judicial immunity;

- Plaintiffs have failed to exhaust all administrative remedies;

- The County defendants are not proper parties to a 42 U.S.C. § 1983 claim under a theory of respondeat superior;

- Plaintiffs have failed to state a claim for punitive damages;

- Punitive damages may not be awarded against some or all of these defendants;

- All actions taken by these Defendants, their officers, appointees, or employees with respect to these Plaintiffs were objectively reasonable in nature and did not violate any of the Plaintiffs' constitutional rights;

- Plaintiffs alleged injuries were not caused by the acts of Defendants, their agents, officers, employees, or appointees;

- Any injuries or damages sustained by Plaintiffs were caused by Plaintiffs' own acts or omissions;

- Plaintiffs' claims against the state judicial defendants and the individual defendants in their official capacities are barred by the Eleventh Amendment;

- The State Judicial Defendants are not "persons" for purposes of §1983;

- The Tenth Amendment bars these claims against the State Judicial Defendants;

- Plaintiffs lack standing to bring these claims;

- Plaintiffs' claims are barred by the statute of limitations;

- Defendants deny the factual allegations asserted in the Amended Complaint;

- The actions of the Oklahoma Sheriffs' Association were specifically authorized and/or mandated by Oklahoma statute;

- Claims asserted against individual defendants in their official capacities and their respective counties are duplicative;

- The sheriffs, the Oklahoma Sheriffs' Association, clerks and costs administrators are not policymakers for purposes of §1983;

- Under 42 U.S.C. § 1983, the judicial defendants cannot be enjoined unless they violate a declaratory decree;

- Plaintiffs have failed to invoke the Court's equity jurisdiction;

- The Court should decline to exercise supplemental jurisdiction over state law claims;

- Plaintiffs' claims are barred or limited by the Prison Litigation Reform Act;

- Plaintiffs' damages are limited by law;

- Some or all of Plaintiffs' requested relief may become moot as a result of the passage of Oklahoma House Bill 2259.

- Plaintiffs' claims fail to satisfy Rule 23 of the Federal Rules of Civil Procedure;

- See Also the Jurisdictional defenses in Section IV.A, below; and

- Any defense asserted in any motion to dismiss inadvertently omitted herein.

    A.    **Defenses to be Abandoned:** None.

III.    **Motions Pending (Include Docket Number, Description and Date at Issue):**

Per Defendants' Joint Motion to Set Briefing Schedule, Dkt. 372, Defendants' collective position is that they request the Court permit Defendants to file new motions to dismiss following the Tenth Circuit's order remanding the case to this Court. To the extent the Court considers Defendants' previously-filed motions to dismiss still pending, the motions that are currently pending are:

- Dkt. 77 – Plaintiffs' Motion for Preliminary Injunction (Hearing Set: 3/29/18);

- Dkt. 78 – Plaintiffs' Motion for Class Certification (Filed 2/2/18);

- Dkt. 226 – Motion to Dismiss by Board of County Commissioners of the County of Rogers, The, Kim Henry, Scott Walton (10/19/2018);

- Dkt. 227 – Motion to Dismiss for Failure to State a Claim by Kim Henry (10/19/2018);

- Dkt. 228 – Motion to Dismiss by Scott Walton (10/19/2018);

- Dkt. 230 – Motion to Dismiss Plaintiff's Second Amended Compliant by Aberdeen Enterprizes II, Inc. (10/22/2018);

- Dkt. 231 – Motion to Dismiss Plaintiff's Second Amended Compliant by Jim D Shofner, Rob Shofner (10/22/2018);

- Dkt. 232 – Motion to Dismiss Plaintiffs' Second Amended Complaint and Brief in Support by Oklahoma Sheriffs' Association (10/22/2018);

- Dkt. 233 – Motion to Dismiss and Brief in Support by Terrell S Crosson, Doug Drummond, Dawn Moody, William J Musseman, Jr (10/22/2018);

- Dkt. #234 – Motion to Dismiss by Tony Almaguer, Darren Atha, Dennis Banther, Matt Boley, Mike Booth, Bret Bowling, Chris Bryant, Kevin Clardy, Danny Cryer, Chris Elliott, Norman Fisher, Jeremy Floyd, Todd Gibson, Marty Grisham, Sandy Hadley, R B Hauf, Tony Head, B J Hedgecock, Jesse James, Bryan Jump, Steve Kelley, Larry Lane, Kevin Ledbetter, Roger Levick, Marcia Maxwell, Thomas McClendon, Kevin Mitchell, Harlan Moore, Jerry Niles, Ruben Parker, Jr, Mike Reed, Roger Reeve, Eddy Rice, Jason Ritchie, Darrin Rodgers, Clay Sander, Rob Seale, Rick Silver, Jon Smith, Shannon Smith, Scott Sterling, Eddie Virden, Rick Wallace, Scott Walton, Mike Waters, Jim Weir, Chris West, Bobby Whittington, Jeremie Wilson, Heath Winfrey, Steven Worley (10/22/2018);

- Dkt. 235 – Motion to Dismiss Plaintiffs' Second Amended Complaint by Vic Regalado (10/22/2018);

- Dkt 236 – Motion to Dismiss Plaintiffs' Second Amended Complaint by Don Newberry (10/22/2018);

- Dkt. 237 – Motion to Dismiss Plaintiffs' Second Amended Complaint by Darlene Bailey (10/22/2018);

- Dkt 238 – Motion to Dismiss Plaintiffs' Second Amended Complaint by Board of County Commissioners of the County of Tulsa, The, Vic Regalado, Don Newberry, Darlene Bailey (10/22/2018);

- Dkt. 239 – Motion to Dismiss by Tony Almaguer, Darren Atha, Dennis Banther, Matt Boley, Mike Booth, Bret Bowling, Chris Bryant, Kevin Clardy, Danny Cryer, Chris Elliott, Norman Fisher, Jeremy Floyd, Todd Gibson, Marty Grisham, Sandy Hadley, R B Hauf, Tony Head, B J Hedgecock, Jesse James, Bryan Jump, Steve Kelley, Larry Lane, Kevin Ledbetter, Roger Levick, Marcia Maxwell, Thomas

McClendon, Kevin Mitchell, Harlan Moore, Jerry Niles, Ruben Parker, Jr, Mike Reed, Roger Reeve, Eddy Rice, Jason Ritchie, Darrin Rodgers, Clay Sander, Rob Seale, Rick Silver, Jon Smith, Shannon Smith, Scott Sterling, Eddie Virden, Rick Wallace, Mike Waters, Jim Weir, Chris West, Bobby Whittington, Jeremie Wilson, Heath Winfrey, Steven Worley (10/22/2018); and

- Dkt. 372 – Motion to Set Briefing Schedule (5/2/23).

IV. **Stipulations:**

   A. **Jurisdiction Admitted:** ☐ Yes ☒ No (If no, explain.)

   Defendants assert that the Plaintiffs lack standing; failure to plead a municipal liability case; and "sovereign immunity" conferred by Oklahoma Governmental Tort Claims Act. State Judicial Defendants additionally assert Eleventh Amendment immunity, absolute judicial immunity as well as federalism and comity. The individual Defendants in their official capacities allege that they are entitled to Eleventh Amendment immunity. The individual Defendants in their individual capacities further argue that they are entitled to absolute quasi-judicial immunity and/or qualified immunity.

   B. **Venue Appropriate:** ☒ Yes ☐ No (If no, explain.)

   C. **Facts:** None.

   D. **Law:** None at this time.

V. **Proposed Deadlines:**

   A. **Parties to be Added:**

   **Plaintiffs:** July 23, 2023

   **Defendants:** Defendants object to the entry of a scheduling order pending the resolution of the *Joint Motion to Set Briefing Schedule*, Dkt. 372, and any motions to dismiss now pending and/or to be pending in light of the Court's ruling on Dkt. 372, and thus object to the entry of parties-added date. Defendants recommend delaying the scheduling of a parties-added date until after the Court has ruled upon Dkt. 372 and any pending or to-be-filed motions to dismiss. Defendants therefore do not propose a parties-added date at this time as it is premature to do so

B. **Proposed Discovery Cutoff Date (4 Months of Discovery Unless Extended by the Court for Good Cause):**

**Plaintiffs:** May 1, 2024 – "Good cause" for an extended discovery period exists due to the number of parties, complexity of the issues and need to explore both class and merits-based issues.

**Defendants:** Defendants object to the entry of a scheduling order pending the resolution of the *Joint Motion to Set Briefing Schedule*, Dkt. 372, and any motions to dismiss now pending and/or to be pending in light of the Court's ruling on Dkt. 372, and thus object to the entry of a discovery cut-off date. Defendants recommend delaying the scheduling of class certification and merits discovery periods until after the Court has ruled upon Dkt. 372 and any pending or to-be-filed motions to dismiss. Defendants therefore do not propose a discovery cut-off date at this time as it is premature to do so.

C. **Fact Witness Lists to be Exchanged by:**

**Plaintiffs:** March 25, 2024

**Defendants:** Defendants object to the entry of a scheduling order pending the resolution of the *Joint Motion to Set Briefing Schedule*, Dkt. 372, and any motions to dismiss now pending and/or to be pending in light of the Court's ruling on Dkt. 372, and thus object to the entry of a witness-list exchange date. Defendants recommend delaying the scheduling of the exchange of witness lists until after the Court has ruled upon Dkt. 372 and any pending or to-be-filed motions to dismiss. Defendants therefore do not propose a witness-list exchange date at this time as it is premature to do so.

D. **Proposed Date for Expert Reports by Plaintiff and Defendant:**

**Plaintiffs:**

| | |
|---|---|
| Plaintiff: | October 16, 2023 |
| Defendants: | November 20, 2023 |

**Defendants:**

Defendants object to the entry of a scheduling order pending the resolution of the *Joint Motion to Set Briefing Schedule*, Dkt. 372, and any motions to dismiss now pending and/or to be pending in light of the Court's ruling on Dkt. 372, and thus object to the entry of an export-report exchange date. Defendants recommend delaying the scheduling of the exchange of expert reports until after the Court has ruled upon Dkt. 372 and any pending or to-be-filed motions to dismiss. Defendants therefore do not propose an expert-report exchange date at this time as it is premature to do so.

**VI.**     **Fed. R. Civ. P. 26(f) Discovery Plan**

    **A.**     **Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?**

        **Plaintiffs:** ☐ Yes (If yes, explain.) ☒ No

        **Defendants:** ☒ Yes (If yes, explain.) ☐ No

        Defendants object to the entry of a scheduling order pending the resolution of the *Joint Motion to Set Briefing Schedule*, Dkt. 372, and any motions to dismiss now pending and/or to be pending in light of the Court's ruling on Dkt. 372, and thus object to the exchange of initial disclosures at this time. Defendants recommend delaying the scheduling of the exchange of initial disclosures until after the Court has ruled upon Dkt. 372 and any pending or to-be-filed motions to dismiss. Defendants therefore do not propose an initial-disclosure date at this time as it is premature to do so.

    **B.**     **When were or will initial disclosures under Rule 26(a)(1) be made?**

        **Plaintiffs:** June 1, 2023

        **Defendants:** Defendants object to the entry of a scheduling order pending the resolution of the *Joint Motion to Set Briefing Schedule*, Dkt. 372, and any motions to dismiss now pending and/or to be pending in light of the Court's ruling on Dkt. 372, and thus object to the exchange of initial disclosures at this time. Defendants recommend delaying the scheduling of the exchange of initial disclosures until after the Court has ruled upon Dkt. 372 and any pending or to-be-filed motions to dismiss. Defendants therefore do not propose an initial-disclosure date at this time as it is premature to do so.

        Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan. All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a magistrate judge for resolution. Failure of any party to disclose information or failure of any party to bring disclosure issues to the Court's attention in a timely manner may result in sanctions, including prohibiting the use of that information at trial pursuant to Rule 37(c)(1).

C. **Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?**

**Plaintiffs:** ☐ Yes ☒ No

Plaintiffs disagree with conducting discovery in phases as there will be overlap in class and merits issues. Plaintiffs further object to any stay of discovery as their claims have merit and there is no reasonably likelihood that this case will be resolved at the motion to dismiss stage. A stay of discovery will unnecessary delay and thwart justice.

**Defendants**: ☒ Yes ☐ No

Defendants object to the entry of a scheduling order pending the resolution of the *Joint Motion to Set Briefing Schedule*, Dkt. 372, and any motions to dismiss now pending and/or to be pending in light of the Court's ruling on Dkt. 372, and thus object to the exchange of initial disclosures at this time. Defendants recommend delaying the scheduling of the exchange of initial disclosures until after the Court has ruled upon Dkt. 372 and any pending or to-be-filed motions to dismiss. Defendants therefore object to discovery being conducted at this time as it is premature to do so.

D. **Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?**

☒ Yes (If yes, explain.) ☐ No

Defendants maintain their objection to the entry of a scheduling order at this time. When a scheduling order is ultimately entered, the limit on the number of depositions under Rule 30(A)(2) must be expanded (as agreed to below) considering the number of parties involved and complexity of the issues.

E. **Proposed Number of Fact and Expert Depositions:**

1. To be allowed for Plaintiff? 25

2. To be allowed for each Defendant? 25

**Plaintiffs:** Plaintiffs object to Defendants' proposal of 25 depositions each. There are over 60 Defendants in this case. Allowing 25 depositions to each Defendant would result in a substantial waste of judicial resources and open the door for Defendants to harass and overburden Plaintiffs and this Court. Plaintiffs propose all Defendants be allowed a total of 25 depositions.

**Defendants:** Defendants object to Plaintiffs' proposal to limit over 100+ Defendants to taking "a total of 25 depositions." Plaintiffs have elected to include

an exorbitant number of Defendants in the ambit of one lawsuit—some of which are municipal entities—and now seek to preclude those same Defendants from being able to conduct adequate discovery on the claims against them.

  F.  **Is there a need for any special discovery management order(s) by the Court?**

    **Plaintiffs:** ☐ Yes (If yes, explain) ☒ No

    **Defendants:** ☒ Yes (If yes, explain) ☐ No

    Defendants object to the entry of a scheduling order at this time.

  G.  **The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.**

**VII.** **Anticipated Dispositive Motions?**

☒ Yes (If yes, describe.) ☐ No

Defendants anticipate filing renewed motions to dismiss pending the Court's resolution of Defendants' *Joint Motion to Set Briefing Schedule*, Dkt. 372, and anticipate filing motions for summary judgment at the appropriate time.

**VIII.** **Do all parties consent to trial before the assigned magistrate judge?**

☐ Yes ☒ No

If yes, please email a proposed Consent to Magistrate for Trial (AO-085) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the magistrate judge is requested. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**IX.** **Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**

☐ Yes ☒ No

If yes, please email a completed, proposed Consent to Magistrate Disposition Motion (AO 085A) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

X.  **Settlement Plan (Check one):**

☒ Settlement Conference Requested After:

**Plaintiffs:** Plaintiffs suggest that a settlement conference occur "After the Discovery cutoff."

**Defendants:** As Defendants do not believe a discovery cut-off date should be proposed at this time, it is likely that any discovery cut-off is more than one year away. Defendants propose that an early settlement conference may be beneficial to the parties in light of the nature of the claims, the number of parties, the extensive briefing and discovery that is anticipated, and the valuable resources that will be expended in litigating this action. This is especially important due to the fact that taxpayer dollars will be expended in defending many of the claims.

**Describe Settlement Judge Expertise Required, If Any:** Civil rights/§1983 cases and class actions.

☐ Private Mediation Scheduled On:

☐ Other ADR (Explain):

☐ ADR Appropriate:

☐ Yes

☐ No (If no, explain.)

Copy of the Court's ADR Booklet Provided to Clients as Required?

Plaintiffs:     ☒ Yes ☐ No

Defendants:   ☒ Yes ☐ No

XI.  **Does this case warrant special case management?**

**Plaintiffs**: ☐ Yes (If yes, explain.) ☒ No

**Defendants**: ☒ Yes (If yes, explain.) ☐ No

Defendants do not believe a scheduling order should be entered at this time for the reasons stated in Defendants' portions of this *Joint Status Report.* Additionally, on top of that, the Court should enter orders consistent with managing discovery in this case in a structured, measured way, as it essentially constitutes 100+ civil rights cases brought in one single lawsuit.

**XII.   Do the parties request that the Court hold a scheduling conference?**

☐ Yes  ☒ No

**XIII.  Estimated Trial Time:**

20-30 days

Respectfully submitted:

| Attorneys for Plaintiffs: | Attorneys for Defendants: |
|---|---|
| /s/ Daniel E. Smolen | s/ Jo Lynn Jeter |
| Daniel Smolen, OBA #19943 | Joel L. Wohlgemuth, OBA #9811 |
| Robert M. Blakemore, OBA #18656 | Jo Lynn Jeter, OBA #20252 |
| Smolen & Roytman | W. Caleb Jones, OBA #33541 |
| 701 South Cincinnati Avenue | Norman Wohlgemuth, LLP |
| Tulsa, OK 74119 | 3200 Mid-Continent Tower |
| Tel: 918-585-2667 | 401 South Boston |
| Fax: 918-585-2669 | Tulsa, OK 74103 |
|  | (918) 583-7571 |
| /s/ Ryan Downer | (918) 584-7846 — facsimile |
| Ryan Downer (admitted Pro Hac Vice) | JJeter@NWLawOK.com |
| D.C. Bar No. 1013470 |  |
| Civil Rights Corps | - AND - |
| 1601 Connecticut Ave. NW Ste 800 |  |
| Washington, DC 20009 | Douglas A. Wilson, OBA #13128 |
| Tel: 202-844-4975 | Michael Shouse, OBA #33610 |
| ryan@civilrightscorps.org | Tulsa County District Attorney's Office |
|  | Civil Division |
|  | 218 W. Sixth St., Suite 933 |
| /s/ Seth Wayne | Tulsa, OK 74119 |
| Seth Wayne (admitted Pro Hac Vice) | 918-596-8795 |
| D.C. Bar No. 888273445 | douglas.wilson@tulsacounty.org |
| Institute for Constitutional Advocacy and Protection |  |
| Georgetown University Law Center | *Attorneys for Tulsa County Sheriff Vic Regalado, Tulsa County Court Clerk Don Newberry, Tulsa County Cost Administrator Darlene Bailey, and the Board of County Commissioners of the County of Tulsa* |
| 600 New Jersey Ave. NW |  |
| Washington, D.C. 20001 |  |
| Tel: 202-662-9042 |  |
| sw1098@georgetown.edu |  |

s/ John R. Woodard, III
John R. Woodard, III, OBA No. 9853
Coffey Senger & Woodard
47 25 East 91st Street, Suite 100
Tulsa, OK 74137
918-292-8787
918-292-8788 — Fax
john@cswlawgroup.com

*Attorneys for Defendant Aberdeen Enterprizes II, Inc., Jim D. Shofner and Rob Shofner*

s/ Matthew B. Free
Thomas A. LeBlanc, OBA #14768
Matthew B. Free, OBA #18055
Best & Sharp
One West Third Street
Williams Center Tower I, Suite 900
Tulsa OK 74103
(918) 582-1234 Telephone
(918) 585-7447 Facsimile
mfree@bestsharp.com

*Attorneys for Defendants,
Scott Walton, Sheriff of Rogers County,
in his official and individual capacity;
Board of County Commissioners of Rogers
County, Oklahoma, and Kim Henry,
Rogers County Court Clerk, in her official
Capacity*

s/ Scott B. Wood
Scott B. Wood, OBA #12536
Wood, Puhl & Wood, PLLC
4037 E. 49th St. S.
Tulsa, OK 74135
918-742-0808
okcoplaw@aol.com

*Attorneys for Kim Henry, in her individual Capacity*

s/ Jeffrey C. Hendrickson
Robert S. Lafferrandre, OBA #11897
Randall J. Wood, OBA #10531

        Jeffrey C. Hendrickson, OBA #32798
        Pierce Couch Hendrickson
        Baysinger & Green, L.L.P.
        1109 N. Francis Ave.
        Oklahoma City, Oklahoma 73106
        Telephone: (405) 235-1611
        Facsimile: (405) 235-2904
        jhendrickson@piercecouch.com

        *Attorneys for 51 County Sheriffs*


        s/ Isaac R. Ellis
        Isaac Robertson Ellis, OBA #30072
        Robert Dale James, OBA #16667
        Conner & Winters, LLP
        15 E. 5th Street
        Suite 4100
        Tulsa, OK 74103
        Tel: 918.586.8996
        IEllis@cwlaw.com

        *Attorneys for Oklahoma Sheriffs'*
        *Association*

        s/ Stefanie E. Lawson
        Stefanie E. Lawson, OBA #22422
        Office of the Attorney General for the State
        of Oklahoma, Litigation Department
        313 NE 21st St.
        Oklahoma City, OK 73105
        405-521-3921
        stefanie.lawson@oag.ok.gov

        *Attorneys for Judge Dawn Moody,*
        *Judge Doug Drummond,*
        *Judge William J. Musseman, Jr., and*
        *Judge Terrell S. Crosson*