IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLY GRAFF, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ABERDEEN ENTERPRIZES II, ) <br> INC., et al., ) <br> ) <br> Defendants. ) | Case No. 4:17-cv-606-TCK-JFJ |

### PLAINTIFFS' OPPOSITION IN PART TO DEFENDANTS' MOTION FOR ISSUANCE OF ORDER CONFIRMING ECF NO. 165 GOVERNS DEFENDANTS' NUMBER OF BRIEFS AND PAGE LIMITATIONS

Plaintiffs respectfully request that this Court deny the motion of the County Sheriff Defendants, ECF No. 393, to impose a prior ruling on page limitations for previously filed motions to dismiss on the current briefing schedule governing Defendants' renewed motions.[1]

As Plaintiffs explained in their partial opposition to Defendants' motion to set a briefing schedule, ECF No. 377, there has already been extensive briefing on Defendants' alternative bases for dismissal. The Court has allowed Defendants to file renewed motions to dismiss in compliance with Fed. R. Civ. P. 12(g)(2), *see* Minute Order dated May 24, 2023, which prohibits Defendants from "mak[ing] another motion . . . raising a defense or objection that was available to the party but omitted from its earlier motion." Rule 12(g)(2). Accordingly, Defendants' motions may not raise newly conceived legal arguments. They must be short and limited to addressing new developments in the law, which was the purported justification for this additional

---

[1] The motion was also filed by the Board of Commissioners of Tulsa County, Don Newberry, Darlene Bailey, and Vic Regalado. But the prior order referenced in the motion denied these defendants' specific request to exceed the default page limitations in the local rules. *See* ECF No. 165 at 2–3. Thus, Plaintiffs have no objection with respect to these defendants.

round of briefing in the first place. *See* ECF No. 372 at 4 (arguing that further briefing should be permitted because "[i]t has been four years since the prior briefing on Defendants' motions to dismiss Plaintiffs' Second Amended Complaint, and the state of the law has evolved"); ECF No. 379 at 1 ("[t]he prior briefs are stale" and "[n]ew briefs would be shorter and more narrowly focused"). It is to nobody's benefit if Defendants spend time and money submitting hundreds of pages of repetitive motions making the same arguments that they made in the previous round of briefing, and to which Plaintiffs have already responded. The new briefs should be exactly what they were proposed to be: limited to new developments to supplement or modify arguments already made and on which the Court has yet to rule. To that end, the County Sheriff Defendants correctly note that the renewed motions will have to address recent revisions to Okla. Stat. tit. 22, § 983. They should be able to do so within the default limitation of 25 pages. This is especially so given that the renewed briefs must be shorter and narrowly focused on new developments in the law, and will no longer need to waste space on the jurisdictional issues already resolved by the Court of Appeals. *See* ECF No. 379 at 1 (acknowledging that prior briefs "include immense discussion over questions that are no longer at issue").[2]

Dated: July 6, 2023                              Respectfully submitted,

*/s/ Daniel E. Smolen*
Daniel Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Smolen & Roytman
701 South Cincinnati Avenue
Tulsa, OK 74119

---

[2] At the very least, the Court should deny the request to extend the page limitation for *both* the individual-capacity and official-capacity sheriffs. Any impact of the new law on Plaintiffs' forward-looking claims will be the same for both groups of sheriffs.

Tel: 918-585-2667
Fax: 918-585-2669

*/s/ Ryan Downer*
Ryan Downer (admitted pro hac vice)
D.C. Bar No. 1013470
Marco Lopez (admitted pro hac vice)
D.C. Bar No. 888324793
Leonard J. Laurenceau (admitted pro hac vice)
D.C. Bar No. 90007729
Ellora Thadaney Israni (pro hac vice forthcoming)
D.C. Bar No. 1740904
Civil Rights Corps
1601 Connecticut Ave. NW Ste 800
Washington, DC 20009
Tel: 202-844-4975
ryan@civilrightscorps.org
marco@civilrightscorps.org
leo@civilrightscorps.org
ellora@civilrightscorps.org

*/s/ Seth Wayne*
Seth Wayne (admitted pro hac vice)
D.C. Bar No. 888273445
Shelby Calambokidis (admitted pro hac vice)
D.C. Bar No. 1684804
Institute for Constitutional Advocacy and Protection
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, DC 20001
Tel: 202-662-9042
sw1098@georgetown.edu
sc2053@georgetown.edu

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2023, I electronically transmitted the foregoing document to the Clerk of Court using ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registered counsel of record.

*/s/ Seth Wayne*