**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CARLY GRAFF, et al., on behalf of themselves and all other similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 17-cv-00606-TCK-JFJ |
| ABERDEEN ENTERPRIZES II, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS JIM SHOFNER AND ROB SHOFNER'S SECOND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT**

**Coffey, Senger & Woodard, PLLC**
John R. Woodard, III, OBA# 9853
Jennifer L. Struble, OBA #19949
4725 East 91st Street, Suite 100
Tulsa, OK 74137
P: 9189-292-8787
F: 918-292- 8788
john@cswlawgroup.com
jstruble@cswlawgroup.com
*Attorneys for Defendants Jim Shofner and Rob Shofner*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITY     ii

BRIEF IN SUPPORT     1

ARGUMENT AND AUTHORITY     3

    PROPOSITION I - PLAINTIFFS HAVE FAILED TO STATE A CLAIM     3
    PURSUANT TO RICO

    PROPOSITION II - PLAINTIFFS HAVE FAILED TO STATE A CLAIM     8
    PURSUANT TO 42 U.S.C. § 1983

       *Color of Law*     9
       *Individual and Official Capacity*     11
       *Count Two - Fourteenth Amendment*     15
       *Count Three - Fourth Amendment*     17
       *Count Five - State Created Liberty Interests*     18
       *Count Six - Due Process*     19
       *Count Seven - Equal Protection*     20

    PROPOSITION III - THE COURT SHOULD DECLINE TO EXERCISE     21
    SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE
    CLAIMS AND PLAINTIFFS HAVE, NEVERTHELESS, FAILED TO
    STATE SUCH CLAIMS

       *Count Eight - Abuse of Process*     21
       *Count Nine - "Duress"*     22
       *Count Ten - Unjust Enrichment*     23

CONCLUSION     235

# TABLE OF AUTHORITY

| **Cases** | **Page** |
| --- | --- |
| *Anderson v.Creighton*, 483 U.S. 635, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987) | 13 |
| *Andrews v. Dir., IRS*, 2010 U.S. Dist. LEXIS 73961 (D. Colo. April 20, 2010) | 5 |
| *Ashcraft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) | 11 |
| *Bache Halsey Stuart Shields, Inc. v. Tracy Collins Bank & Tr. Co.*, 558 F. Supp. 1042 (D. Utah 1983) | 6, 7 |
| *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) | 3 |
| *Benavidez v. Gunnell*, 722 F. 2d 615 (10th Cir. 1983) | 11 |
| *Bennett v. Passic*, 545 F. 2d 1260 (10th Cir. 1976) | 11 |
| *Berg v. First State Ins. Co.*, 915 F. 2d 460 (9th Cir. 1990) | 4 |
| *Blessing v. Freestone*, 520 U.S. 329, 117 S. Ct. 1353, 137 L. Ed. 2d 569 (1997) | 18 |
| *Board of County Commissioners of Bryant County, Oklahoma v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) | 11 |
| *Boyle v. United States*, 556 U.S. 938, 129 S. Ct. 2237, 173 L. Ed. 2d 1265 (2009) | 5 |
| *Bryant-Bruce v. Vanderbilt University, Inc.*, 974 F. Supp. 1127 (M.D. Tenn. 1997) | 11 |
| *Cain v. City of New Orleans*, 2018 WL 3657447 (E.D. La. August 2, 2018) | 20 |
| *Carey v. Continental Airlines, Inc.*, 823 F. 2d 1402 (10th Cir. 1987) | 11 |
| *Chapman v. Chase Manhattan Mortg. Corp.*, 2007 WL 2815246, 2007 U.S. Dist. LEXIS 70655 (N.D. Okla. September 24, 2007) | 7, 22 |
| *Chaset v. Fleer/Skybox Int'l*, 300 F. 3d 1083 (9th Cir. 2002) | 4 |
| *Cimarron Pipeline Const., Inc. v. U.S. Fid. & Guar. Ins. Co.*, 1993 OK 22, 848 P. 2d 1161 | 22 |
| *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985) | 11 |
| *Creech v. Fed. Land Bank*, 647 F. Supp. 1097 (D. Colo. 1986) | 6 |
| *Ctr. Cadillac, Inc. v. Bank Leumi Tr. Co. of New York*, 808 F. Supp. 213 (S.D. N.Y. 1992) | 7 |
| *Davis v. Union Nat. Bank*, 46 F. 3d 24 (7th Cir. 1994) | 11 |
| *Duba v. McIntyre*, 501 F. 2d 590 (8th Cir. 1974) | 14 |
| *Edgington v. R.G. Dickinson & Co.*, 1992 U.S. Dist. LEXIS 14111, *31-32 (D. Kan. August 7, 1992) | 5 |
| *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978) | 9, 10 |
| *Gallagher v. Neil Young Freedom Concert*, 49 F. 3d 1442 (10th Cir. 1995) | 9 |
| *Ginsberg v. Henley Car & Truck Leasing, Inc.*, 189 F. 3d 268 (2nd Cir. 1999) | 11 |
| *Gitterman v. Vitoulis*, 579 F. Supp. 423 (S.D. N.Y. 1983) | 4 |
| *Glover v. Gartman*, 899 F. Supp. 2d 1115 (D. N.M. 2012) | 19 |

*Gold v. Local 7 United Food and Commercial Workers Union*, 159 F. 3d 1307 (10th Cir. 1998) — 21

*Green v. Post*, 574 F. 3d 1294 (10th Cir. 2009) — 16

*Harvell v. Goodyear Tire & Rubber Co.*, 2006 OK 24, 164 P. 3d 1028 — 23

*Henry v. Farmer City State Bank*, 808 F. 2d 1228 (7th Cir. 1986) — 14

*Herrera v. Santa Fe Pub. Schools*, 41 F. Supp. 3d 1027 (D. N.M. 2014) — 12, 18

*Holland v. Harrington*, 268 F. 3d 1179 (10th Cir. 2001) — 13

*Hollingsworth v. Hill*, 110 F. 3d 733 (10th Cir. 1997) — 12

*Howard v. Webb*, 570 P. 2d 42, 1977 Okla. LEXIS 708 (Okla. October 4, 1977) — 14, 16

*Ivar v. Elk River Partners, Ltd. Liab. Co.*, 705 F. Supp. 2d 1220 (D. Colo. 2010) — 4

*Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974) — 9

*Johnson v. Wing*, 178 F. 3d 611 (2nd Cir. 1999) — 5

*Landmark Land Co. v. Buchanan*, 874 F. 2d 717 (10th Cir. 1988) — 20

*Lee v. Estes Park*, 820 F. 2d 1112 (10th Cir. 1987) — 11

*McClellan v. City of Nowata*, 2015 U.S. Dist. LEXIS 823 (N.D. Okla. January 6, 2015) — 19

*Marlin Oil Corp. v. Barby Energy Corp.*, 2002 OK CIV APP 92, 55 P. 3d 446 — 22

*Medina v. Cram*, 252 F. 3d 1124 (10th Cir. 2001) — 13

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) — 11, 12

*Monroe v. Pape*, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961) — 9

*Moore v. Guesno*, 485 F. Supp. 2d 300 (W.D. N.Y. 2007) — 4

*Muskrat v. Deer Creek Pub. Schools*, 715 F. 3d 775 (10th Cir. 2013) — 19

*National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 109 S. Ct. 454, 102 L. Ed. 2d 469 (1988) — 9

*Oak Rubber Co. v. Bank One, N.A.*, 214 F. Supp. 2d 820 (N.D. Ohio 2002) — 6

*Onyx Properties LLC v. Board of County Commissioners*, 838 F. 3d 1039 (10th Cir. 2016) — 16

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S. Ct. 2018, 89 L. Ed. 2d 452 (1986) — 12

*Peng v. Mei Chin Penghu*, 335 F. 3d 970 (9th Cir. 2003) — 11

*Peoples Finance & Thrift Co. v. Hawell*, 1938 OK 437, 82 P. 2d 994 — 7

*Redding v. St. Eward*, 241 F. 3d 530 (6th Cir. 2001) — 11

*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174 (10th Cir. 2007) — 3

*Roberts v. Wells Fargo AG Credit Corp.*, 990 F. 2d 1169 (10th Cir. 1993) — 22

*Schaffer v. Salt Lake City Corp.*, 814 F. 3d 1151 (10th Cir. 2016) — 10

*Snell v. Tunnell*, 920 F. 2d 673 (10th Cir. 1990) — 18

*Spielman v. Hildebrand*, 873 F. 2d 1377 (10th Cir. 1989) — 18

*State v. Ballard*, 1994 OK CR 6, 868 P. 2d 738 — 20

*Tonkovich v. Kan. Bd. of Regents*, 159 F. 3d 504 (10th Cir. 1998) — 12

*United States v. Boulahanis*, 677 F. 2d 586 (7th Cir. 1982) — 8

*United States v. Lightfoot*, 506 F. 2d 238 (D.C. Cir. 1974) — 6

*United States v. Pacione*, 738 F. 2d 567 (2nd Cir. 1984)                                    8
*United States v. Roberts*, 546 F. 2d 596 (5th Cir. 1977)                                    7
*United States v. Zimmitti*, 850 F. 2d 869 (2nd Cir. 1988)                                 7-8
*Valdez v. City and County of Denver*, 878 F. 2d 1285 (10th Cir. 1989)                      15
*Waucaush v. United States*, 380 F. 3d 251 (6th Cir. 2004)                                   4
*Wilkie v. Robbins*, 551 U.S. 537, 127 S. Ct. 2588, 168 L. Ed. 2d 389 (2007)                 6
*Winters v. Bd. of County Commissioners*, 4 F. 3d 848 (10th Cir. 1993)                      16
*Wise v. Bravo*, 666 F. 2d 1328 (10th Cir. 1981)                                          11-12

**Statutes and Rules**

18 U.S.C. § 894                                                                          7, 10
18 U.S.C. § 1951                                                                             6
18 U.S.C. § 1952                                                                             6
18 U.S.C. § 1961                                                                             6
18 U.S.C. § 1962                                                                          4, 5
18 U.S.C. § 1964                                                                             4
42 U.S.C. § 1983                                                             8-14, 18, 21, 23
Fed. R. Civ. P. 12                                                                           1
Okla. Stat. tit. 19, § 514.4                                                      1, 2, 10, 14
Okla. Stat. tit. 19, § 514.5                                                                 2
Okla. Stat. tit. 21, § 1481                                                                  7
Okla. Stat. tit. 21, § 1482                                                                  7
Okla. Stat. tit. 22, § 42                                                               10, 14
Okla. Stat. tit. 22, § 983                                                            7, 16, 18
Okla. Stat. tit. 22, § 1080                                                                  4
Rule 8.4, Rules of the Oklahoma Court of Criminal Appeals                                   18
Rule 8.6, Rules of the Oklahoma Court of Criminal Appeals                                   17

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CARLY GRAFF, et al., on behalf of themselves and all other similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-00606-TCK-JFJ |
| | ) | |
| ABERDEEN ENTERPRIZES II, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS JIM SHOFNER AND ROB SHOFNER'S SECOND MOTION TO
DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Defendants Jim D. Shofner and Rob Shofner move the Court to dismiss Plaintiffs' Second

Amended Class Action Complaint ("SAC") [Doc. 212] pursuant to Fed. R. Civ. P. 12 (b) (6). As

described more fully in their Brief in Support below, Plaintiffs have failed to state any claim upon

which relief can be granted against the Shofners.

**BRIEF IN SUPPORT**

In 2003, § 514.4 of Title 19, Oklahoma Statutes, went into effect which permitted

Oklahoma county sheriffs to enter into a private contract for the establishment of an automated

telephone system notifying persons of outstanding misdemeanor warrants and for payment of the

same by "electronic means." In 2005 and 2010, this statute was amended and permitted private

contracts for the location and notifying of outstanding misdemeanor or failure-to-pay warrants.

The statute also authorizes the private contractor to accept payment for these warrants and requires

any such payment collected and received by the contractor be paid to the court clerk. *See* Okla.

Stat. tit. 19, § 514.4 (B).[1] Upon payment, the statute requires the court release the warrant. *Id.*, at § 514.4 (D). In 2011, the Oklahoma Supreme Court mandated that each district court "is authorized and directed to participate" in the warrant collection program authorized by § 514.4 "immediately." *See* Supreme Court Order [Doc. 99-35].

Defendant Aberdeen Enterprizes II, Inc. ("Aberdeen") - of which Jim Shofner and Rob Shofner are officers - is one of the private vendors contracting in accordance with § 514.4 (A) and the Oklahoma Supreme Court's mandate.[2] When a criminal sentence (resulting from plea or trial) imposes the payment of fees, costs and/or fines, the *trial court* shall conduct a hearing to determine the person's ability to pay the fees, costs and/or fines imposed. *See* Rules 8.1 - 8.4, *Rules of the Court of Criminal Appeals*. If a person is found capable of paying the monetary component and fails to pay the same, the person may be imprisoned. Once a warrant is issued for nonpayment, it may be referred to Aberdeen for collection attempts. Aberdeen locates and notifies persons of outstanding failure-to-pay warrants and accepts payment of the outstanding amounts and then remits the same to the court clerk.[3] *See* SAC [Doc. 212], ¶ 5, p. 6. Aberdeen does not and, by law, cannot "seek," issue, execute or recall warrants. Rather, Aberdeen uses its best efforts to collect amounts already owed which have been identified by county officials and notes whether a person has or has not paid amounts due.

Plaintiffs' cause of action suggests Aberdeen "seeks" arrest warrants when persons fail to make payments on their outstanding warrants. Plaintiffs' attempt to characterize the noting or

---

[1] During the 2023 Session the Oklahoma Legislature authored and passed revisions and additions to the statutes at Okla. Stat. tit. 19, §§ 514.4 and 514.5. This was signed into law and will go into effect as of November 1, 2023. The new statutory language provides, in no uncertain terms, authorization for the courts to take the exact action under fire by Plaintiff's here.

[2] *See* Motion to Dismiss of Defendant P.D. Taylor [Doc. 215], p. 3 (noting Aberdeen "is but one" of "a number of private vendors").

[3] By statute, an administrative fee of thirty percent (30%) is added to the outstanding amount. *See* Okla. Stat. tit. 19, § 514.5 (A); SAC [Doc. 212], ¶ 5, p. 6.

advising that a person has failed to make a payment as the "seeking" of an arrest warrant is wholly unsupported and misleading. Any alleged "threat" of arrest by Aberdeen personnel is, likewise, mischaracterized by Plaintiffs as it remains a fact that, under Oklahoma law, the failure to pay the subject amounts can result in the person's arrest. In short, this matter does not concern an alleged unlawful debt collection business by Aberdeen or *any* of the Defendants in this matter. Rather, this matter is merely a challenge to "imprisonment for debt" in relation to orders of the Oklahoma Supreme Court, statutory enactments by the Oklahoma Legislature and rules of the courts regarding outstanding fees and costs connected with criminal sentences.

## ARGUMENT AND AUTHORITY

In reviewing the sufficiency of a complaint to state a claim, the Court determines whether a plaintiff has presented "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Plaintiffs must nudge their claims across the line from conceivable to plausible and do more than raise a metaphysical possibility that "*some* plaintiff could prove *some* set of facts." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007). While detailed factual allegations may not be necessary, a plaintiff remains obligated to state more than mere "labels and conclusions" which succeed only in providing "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965 (citations omitted).

## PROPOSITION I

## PLAINTIFFS HAVE FAILED TO STATE A CLAIM PURSUANT TO RICO

In Count One, Plaintiffs contend Aberdeen, Jim Shofner, Rob Shofner, the OSA and the named Sheriffs "constitute an association-in-fact" for purposes of the Racketeer Influenced and Corrupt Organizations Act ("RICO") "with the common purpose of maximizing the collection of

court debts by Aberdeen, Inc. without consideration of ability to pay or other required legal process." SAC [Doc. 212], ¶ 278, p. 80. The racketeering activity alleged relates generally to "extortion" under certain federal and state statutes.

Plaintiffs' RICO claim wholly fails to state a plausible claim for relief against Jim Shofner and Rob Shofner. First and foremost, Plaintiffs have failed to present any sufficient facts to support that the alleged activity of the "enterprise" affects *interstate commerce*. *See* 18 U.S.C. § 1962; *Moore v. Guesno*, 485 F. Supp. 2d 300, 309 (W.D. N.Y. 2007). In the SAC, Plaintiffs have referenced "the collection of money," "movement of the profit" and "communications across state lines." SAC [Doc. 212], ¶ 279, p. 81. Plaintiffs have failed to present any specific allegations to describe how these activities have transcended state lines. To accept Plaintiffs' proposal would result in "virtually limitless" federal authority. *See Waucaush v. United States*, 380 F. 3d 251, 258 (6th Cir. 2004). *See also Gitterman v. Vitoulis*, 579 F. Supp. 423, 425-26 (S.D. N.Y. 1983). The allegations presented solely relate to *intra*state persons, entities and court and government process. *See* SAC [Doc. 212], ¶¶ 18-39, pp. 11-21. The potential implication of interstate commerce in this matter is simply too far attenuated to survive scrutiny. *See Waucaush*, at 258.

Even assuming, *arguendo*, Plaintiffs could establish sufficient connection to interstate commerce, their civil RICO claim, nevertheless, fails as they have failed to present sufficient allegations of an injury to their "business or property." *See* 18 U.S.C. § 1964 (c). Courts interpreting this requirement have made clear that injuries amounting only to intangible interests, personal injuries such as fear and emotional distress and injuries based upon nothing more than speculation are insufficient. *See Chaset v. Fleer/Skybox Int'l*, 300 F. 3d 1083, 1086-87 (9th Cir. 2002); *Berg v. First State Ins. Co.*, 915 F. 2d 460, 464 (9th Cir. 1990); *Ivar v. Elk River Partners, Ltd. Liab. Co.*, 705 F. Supp. 2d 1220, 1235 (D. Colo. 2010). In this matter, Plaintiffs have suffered

no concrete injury to their business or property beyond allegations of personal injuries such as fear of arrest. *See* SAC [Doc. 212], ¶¶ 18 - 25, pp. 11-15. Any purported financial losses based upon payments actually made by certain Plaintiffs corresponds strictly to amounts imposed by state trial courts by way of their criminal sentences and a 30% fee imposed by Oklahoma statute.[4]

Even further assuming, *arguendo*, Plaintiffs could satisfy the interstate commerce and "business or property" injury requirements, they have failed to sufficiently allege the existence of an "enterprise" and "pattern of racketeering activity." *See* 18 U.S.C. § 1962 (c) and (d); *Andrews v. Dir., IRS, Ogden Utah,* 2010 WL 2510578, at *2 (D. Colo. Apr. 20, 2010). For purposes of the "enterprise" requirement, the "association-in-fact" must have a structure that includes "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprises' purpose." *Boyle v. United States*, 556 U.S. 938, 945, 129 S. Ct. 2237, 173 L. Ed. 2d 1265 (2009).

Plaintiffs' reference to a common purpose of maximizing the collection of court debts is misguided as none of the persons/entities involved in the alleged "enterprise" has any involvement in the assessment of fees, costs and/or fines imposed in Plaintiffs' criminal sentences or the amounts to be assessed by way of failure-to-pay warrant. *See* SAC [Doc. 212], ¶¶ 1 and 5, pp. 4 n. 3 and 5-6. Plaintiffs' allegation of an "enterprise" trying to maximize collection of outstanding fees, costs and/or fines by Aberdeen does not square with the factual allegations presented in their SAC.[5]

---

[4] Plaintiff Choate contends he has suffered injury because money he paid to Aberdeen was "from protected SSI and/or SSDI benefits." SAC [Doc. 212], ¶ 316, p. 88. Plaintiff Choate's alleged decision to use money he received in the form of social security benefits is wholly insufficient to implicate any "anti-attachment" or "anti-alienation" provisions of the Social Security Act. *See Johnson v. Wing*, 178 F. 3d 611, 615 (2ⁿᵈ Cir. 1999).

[5] It further does not appear that Plaintiffs' "enterprise" extends beyond Aberdeen itself, which cannot support this requisite element. *See Edgington v. R.G. Dickinson & Co.*, 1992 WL 223822, at *9 (D. Kan. Aug. 7, 1992) (the purported "enterprise" must be distinct from the named defendant).

Plaintiffs' civil RICO claim also fails for lack of a "pattern of racketeering activity." In terms of a "pattern," Plaintiffs have failed to present allegations showing "multiple criminal episodes or schemes." *Creech v. Fed. Land Bank*, 647 F. Supp. 1097, 1100-01 (D. Colo. 1986). *See also* 18 U.S.C. § 1961 (5); *Bache Halsey Stuart Shields, Inc. v. Tracy Collins Bank & Tr. Co.*, 558 F. Supp. 1042, 1045 (D. Utah 1983). Attempting to collect outstanding fees, costs and/or fines assessed in connection with Plaintiffs' criminal sentences and any warrants issued by state courts for their failure to pay the same relates only to a single alleged scheme.

The "racketeering activity" component of Plaintiffs' civil RICO claim also fails. The first two proposed activities relate to the Hobbs Act, which is a criminal statute requiring an element of unlawful taking of property, and the Travel Act, which requires an element of travel for purposes of "unlawful activity." *See* 18 U.S.C. §§ 1951 and 1952; *Creech*, at 1099; *United States v. Lightfoot*, 506 F. 2d 238, 240 (D.C. Cir. 1974). Even under a liberal construction of the allegations presented, Plaintiffs have not described any "unlawful activity" on behalf of the Shofners (or the alleged "enterprise").[6] The Shofners (as officers of Aberdeen) were not robbing or extorting money from Plaintiffs wrongfully but performing obligations pursuant to the Agreement for Collection in order to assist county officials with the recovery of money *owed to the county*. *See Wilkie v. Robbins*, 551 U.S. 537, 564-65, 127 S. Ct. 2588, 2605-06, 168 L. Ed. 2d 389 (2007) (extortion traditionally relates to the sale of public favors for private gain, "not on the harm caused by overzealous efforts to obtain property on behalf of the Government."). Plaintiffs do not dispute such amount is owed or that, under Oklahoma law, the possibility of an arrest warrant being issued is one of the lawful repercussions of a failure to pay the same. Whether Plaintiffs are unable or

---

[6] Additionally, similar to the discussion above with respect to interstate commerce, Plaintiffs have not presented any allegations of travel for a proposed "unlawful activity."

unwilling to pay the amounts is a consideration separate from whether the amounts were, in fact, imposed.

As for the Oklahoma statutory provisions, Plaintiffs' charge of "extortion" is not well-founded or based on probable cause. *See Bache Halsey*, at 1045. "Extortion" is defined as "the obtaining of property from another with his consent, induced by a wrongful use of force or fear, or under color of official right." Okla. Stat. tit. 21, § 1481. Efforts by Aberdeen to collect a legitimate debt owed to the counties cannot be characterized as "extortion" as it has not been (and cannot be) shown that such efforts were wrongful. *See Chapman v. Chase Manhattan Mortg. Corp.*, 2007 WL 2815246 (N.D. Okla. September 24, 2007); *Peoples Finance & Thrift Co. v. Hawell*, 1938 OK 437, 82 P. 2d 994 (discussing bank's use of necessary steps to collect legitimate obligation). Plaintiffs' reference to alleged "threats" of arrest by Aberdeen do not support implication of "wrongful use" as the risk of arrest is a statutory repercussion available for a person's failure to comply with the monetary component of a criminal sentence.[7] *See* Okla. Stat. tit. 22, § 983. Any alleged threat that a person may be arrested for failure to pay an outstanding criminal sentence or warrant falls significantly short of the level of "wrongful" or "unlawful" conduct identified in Okla. Stat. tit. 21, §§ 1481 and 1482.

The final "racketeering activity" proposed by Plaintiffs relates to 18 U.S.C. § 894. This section prohibits the knowing use of "extortionate means" to either (1) collect or attempt to collect any "extension of credit" or (2) punish a person for nonrepayment of such an extension. *See Ctr. Cadillac, Inc. v. Bank Leumi Tr. Co. of New York*, 808 F. Supp. 213, 232 (S.D. N.Y. 1992). The provision has traditionally been aimed at loansharking and bookmaking operations. *See United States v. Roberts*, 546 F. 2d 596, 597-98 (5th Cir. 1977). It also requires an element of express or

---

[7] Any challenge to the failure of the state court judge to conduct a hearing as to ability/inability to pay in accordance with this statute has no bearing as to the Shofners or Aberdeen.

implicit threats of violence or use of criminal means to harm a person. *See United States v. Zimmitti*, 850 F. 2d 869, 873 (2nd Cir. 1988); *Oak Rubber Co. v. Bank One, N.A.*, 214 F. Supp. 2d 820, 828 (N.D. Ohio 2002).

For purposes of § 894, a "creditor" is someone that makes an "extension of credit" and the "extortionate extension of credit" is defined as "any extension of credit with respect to which it is the understanding of the creditor and the debtor at the time it is made that delay in making repayment or failure to make repayment could result in the use of violence or other criminal means." *Id.*, at § 891 (2) and (6). None of the allegations presented can be construed as supporting that the Shofners or Aberdeen was a "creditor" or extended credit to Plaintiffs and engaged in "extortionate means" to collect the same, especially considering that the amounts owed are not "debts" of the Shofners or Aberdeen but amounts due to the county/state. Section 894 has no application merely because someone defaults on a debt. *See United States v. Boulahanis*, 677 F. 2d 586, 590 (7th Cir. 1982). Moreover, and of particular import to the present matter, the threat of the use of legal proceedings is not an extortionate means of collecting or attempting to collect extension of credit. *See United States v. Pacione*, 738 F. 2d 567, 572-73 (2nd Cir. 1984); *Oak Rubber*, at 828.

Plaintiffs have wholly failed to state a claim against Jim Shofner and Rob Shofner pursuant to RICO.

## PROPOSITION II

## <u>PLAINTIFFS HAVE FAILED TO STATE A CLAIM PURSUANT TO 42 U.S.C. § 1983</u>

In Counts Two, Three, Five, Six and Seven, Plaintiffs present allegations of constitutional violations against the Shofners relating to the proposed activities of Aberdeen. Plaintiffs' § 1983 claims fail regardless of the precise substantive federal right at issue as neither Jim Shofner nor

Rob Shofner is a state actor or was otherwise acting under "color of law." Nevertheless, Plaintiffs have failed to identify any policy or custom on behalf of Aberdeen or personal participation on behalf of the Shofners that violated their constitutional rights.

### Color of Law

The only proper defendants in a § 1983 cause of action are "those wrongdoers 'who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it.'" *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191, 109 S. Ct. 454, 462, 102 L. Ed. 2d 469 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172, 81 S. Ct. 473, 476, 5 L. Ed. 2d 492 (1961)). In addition to showing that they have been "deprived of a right 'secured by the Constitution and the laws' of the United States," Plaintiffs must show that the Shofners deprived them of this right acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978).

In determining whether a private entity has acted under color of law, four tests have been employed by the courts. The first test asks "whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the later may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S. Ct. 449, 453, 42 L. Ed. 2d 477 (1974). To satisfy this test, evidence must be presented that the State exerted some degree of coercion over the private entity. *See Gallagher v. Neil Young Freedom Concert*, 49 F. 3d 1442, 1448 (10th Cir. 1995). The second test inquires as to whether the state has insinuated itself into a position of interdependence with the private entity such that a "symbiotic relationship" exists. *Id.*, at 1447. The third test requires specific factual allegations supporting that the private party willfully participates in a joint activity with the state. *Id.*, at 1447.

The final test asks whether the private entity "exercises 'powers traditionally exclusively reserved to the State.'" *Id.*, at 1447 (quoting *Jackson*, 419 U.S. at 352, 95 S. Ct. at 454).

None of these tests support a finding that Jim Shofner or Rob Shofner may be deemed a state actor for purposes of § 1983. Jim and Rob Shofner are identified solely as officers of Aberdeen, a private for profit corporation, and Plaintiffs have presented no allegations of conduct on behalf of the Shofners beyond this relationship. As such, Plaintiffs are assumed to be proceeding under the idea that Aberdeen may be determined a state actor and the Shofners are, thereby, state actors by extension. The mere fact that a person is an employee of a state entity does not, by itself, warrant a conclusion that the person was acting under color of state law. *See Schaffer v. Salt Lake City Corp.*, 814 F. 3d 1151, 1156 (10th Cir. 2016). Plaintiffs have failed to allege any specific conduct of the Shofners' purported misuse of state authority. *See id.*

The Agreement for Collection, along with the statutory provisions authorizing the same, specifically dispel application of the first, second and third color of law tests described above. The very nature of this relationship, even as characterized by Plaintiffs, is the OSA's (which is not a public entity) retention of a private corporation to collect fees, penalties and assessments relating to outstanding failure-to-pay warrants. No government/state agency is exerting a degree of coercion over the Shofners (or Aberdeen), insinuating itself into a position of interdependence with them or performing action in concert with them with respect to Aberdeen's collections.

Further, any argument in support of the fourth test is unavailing as the collection of unpaid fees and costs may not be characterized as a function exclusively reserved to the state. *See Flagg Bros.*, 436 U.S. at 158, 98 S. Ct. at 1734. Jim Shofner, Rob Shofner and Aberdeen do not and cannot issue or recall warrants. *See* Okla. Stat. tit. 19, § 514.4 (D) ("The court shall release the outstanding misdemeanor or failure-to-pay warrant upon receipt of all sums due…"); Okla. Stat.

tit. 22, § 42 (magistrate to issue warrants). Rather, their sole involvement relates to attempts to collect unpaid fees, penalties and assessments connected to failure-to-pay warrants - a service the Oklahoma Legislature has expressly authorized (and the Oklahoma Supreme Court required) pursuant to **private** contract.

Given the allegations presented, it is further important to note that Plaintiffs cannot establish the requisite state action based upon any information provided by Jim Shofner or Rob Shofner to county officials (i.e. a person's failure to pay any arrangement with Aberdeen). The mere summoning of law enforcement officers; furnishing of information, even *false* information, to law enforcement officers or reporting of a crime fail to implicate the requisite state action. *See Peng v. Mei Chin Penghu*, 335 F. 3d 970 (9th Cir. 2003); *Redding v. St. Eward*, 241 F. 3d 530, 533 (6th Cir. 2001); *Ginsberg v. Henley Car & Truck Leasing, Inc.*, 189 F. 3d 268, 271-72 (2nd Cir. 1999); *Davis v. Union Nat. Bank*, 46 F. 3d 24, 26 (7th Cir. 1994); *Carey v. Continental Airlines, Inc.*, 823 F. 2d 1402 (10th Cir. 1987); *Lee v. Estes Park*, 820 F. 2d 1112, 1115 (10th Cir. 1987); *Benavidez v. Gunnell*, 722 F. 2d 615, 618 (10th Cir. 1983); *Bryant-Bruce v. Vanderbilt University, Inc.*, 974 F. Supp. 1127, 1142 (M.D. Tenn. 1997).

### *Individual and Official Capacity*

The courts have long recognized that, under § 1983, an entity may not be held liable pursuant to *respondeat superior* or vicarious liability. *See Ashcraft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Board of County Commissioners of Bryant County, Oklahoma v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Rather, with respect to individuals, § 1983 requires allegations of personal participation in a constitutional

violation. *See Wise v. Bravo*, 666 F. 2d 1328, 1333 (10th Cir. 1981); *Bennett v. Passic*, 545 F. 2d 1260, 1262-63 (10th Cir. 1976) (personal participation an essential allegation which may not be satisfied with conclusory allegations). Liability under a "supervisory" capacity may only exist based upon an affirmative link between the proposed constitutional violations and the exercise of control or direction or failure to supervise. *See Herrera v. Santa Fe Pub. Schools*, 41 F. Supp. 3d 1027, 1144 (D. N.M. 2014). As for "official" capacity, § 1983 requires the existence of an official policy or custom of the municipality/entity and direct causal link between the policy or custom and constitutional violation alleged. *See Monell*, 436 U.S. at 691; *Hollingsworth v. Hill*, 110 F. 3d 733, 742 (10th Cir. 1997). The policy or custom requirement was intended to distinguish between alleged wrongful acts of employees of the entity and acts of the entity. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479, 106 S. Ct. 2018, 89 L. Ed. 2d 452 (1986).

Regardless as to the capacity by which liability under § 1983 may be proposed, Plaintiffs remained tasked to establish a specific causal connection between the alleged personal participation or policy/custom and the constitutional violation. *See Tonkovich v. Kan. Bd. of Regents*, 159 F. 3d 504, 518 (10th Cir. 1998). While these Defendants dispute the existence of such personal participation or policy/custom, no allegations remain which support this causation element against Jim Shofner and Rob Shofner (or, for that matter, Aberdeen). As mentioned previously, Aberdeen's involvement occurs only after the issuance of a failure-to-pay warrant. Furthermore, the process to determine ability/inability to pay as set forth in the Oklahoma Court of Criminal Appeals rules and Oklahoma statutes is entrusted to state courts and, again, prior to Aberdeen's involvement. As recognized in the Amended Petition, Aberdeen does not issue or execute warrants, but merely assists with the collection of outstanding fees, costs and/or fines associated with the same. At best, Plaintiffs' cause of action proposes Aberdeen employees have

17

threatened persons with outstanding failure-to-pay warrants that arrest/imprisonment may result for failure to pay. This, however, is an accurate statement under Oklahoma law and the characterization of the same as a "threat" does not support the violation of constitutional rights.

Assuming, arguendo, Jim Shofner and Rob Shofner could be found to have acted under color of state law, Plaintiffs' § 1983 against them in their "individual," supervisory and "official" capacities should, nevertheless, be dismissed. As for any "individual" capacity claim, Plaintiffs have failed to present any allegation that the Shofners personally participated in any constitutional violation beyond their mere capacities as officers of Aberdeen. Likewise, Plaintiffs have failed to identify any exercise of control or direction or failure to supervise which can be attributed to any proposed constitutional violation. Furthermore, as to any "official" capacity claim, as set forth in greater detail in Aberdeen's Motion to Dismiss, Plaintiffs have failed to identify a policy or custom of Aberdeen which caused any violation of their constitutional rights.

With respect to both potential "individual" and "supervisory" capacities, Jim Shofner and Rob Shofner are entitled to qualified immunity. Qualified immunity is an affirmative defense "which protects all but the plainly incompetent or those who knowingly violate the law." *Holland v. Harrington*, 268 F. 3d 1179, 1185 (10th Cir. 2001) (internal quotations and citation omitted). This immunity is a right to avoid pretrial matters such as discovery, as well as standing trial, and should be determined early in the proceedings. *Id.* The question, for purposes of such determination, is whether the actor violated a constitutional right which was clearly established at the time of the alleged unlawful conduct. *See Medina v. Cram*, 252 F. 3d 1124, 1128 (10th Cir. 2001). Whether a right was clearly established involves the Court's assessment of the objective legal reasonableness of the action and whether the contours of the right were "sufficiently clear

that a reasonable official would understand that what he is doing violates that right." *Anderson v.Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987).

The essence of Plaintiffs' cause of action relates to Aberdeen's claimed involvement in the "seeking" of arrest warrants for the failure to pay outstanding warrants connected to fines, costs and/or fees imposed by way of criminal sentence. Plaintiffs also appear to propose that Aberdeen employees threatened them with arrest/imprisonment for such failure to pay outstanding warrants. Further, Plaintiffs appear to propose Aberdeen is required to conduct a determination as to their ability/inability to pay. None of such alleged conduct, however, has been clearly established such that Jim Shofner or Rob Shofner would understand that their alleged actions were constitutionally infirm. In fact, as explained in Plaintiffs' SAC, Aberdeen only notes a person's failure to pay and whether a warrant then issues is a determination made by county/court officials. *See* SAC [Doc. 212], ¶ 50, p. 25. ***As established by Oklahoma law***, the Shofners/Aberdeen do not issue or execute warrants, the state trial court makes the determination as to ability to pay and Oklahoma law permits arrest for an outstanding failure-to-pay warrant. *See* Okla. Stat. tit. 22, §§ 42 and 983; Rules 8.1 through 8.6 of the *Rules of the Oklahoma Court of Criminal Appeals*; *Howard v. Webb*, 570 P.2d 42, 48, 1977 OK 68  (supplemental opinion on rehearing). Moreover, the authority of the county sheriffs to enter into an agreement with Aberdeen for the collection of outstanding fees is set forth by Oklahoma statute. *See* Okla. Stat. tit. 19, § 514.4. Thus, if anything, the Shofners' claimed conduct was in **conformance** with clearly established law.

Finally, before addressing the specific constitutional violations alleged by Plaintiffs, it is necessary to discuss quasi-judicial immunity for Jim Shofner and Rob Shofner. Assuming, arguendo, they may be found sufficient state actors for purposes of § 1983, the Shofners were, at best, only performing a purely ministerial act of locating and attempting to collect orders issued

from a court. *See Duba v. McIntyre*, 501 F. 2d 590, 591 (8th Cir. 1974). *See also Henry v. Farmer City State Bank*, 808 F. 2d 1228, 1238 (7th Cir. 1986). The Shofners cannot be held liable for performing nothing more than ministerial acts related to the judicial process and be called upon to answer for the legality of judicial decisions "which they are powerless to control." *Valdez v. City and County of Denver*, 878 F. 2d 1285, 1289 (10th Cir. 1989).

### Count Two - Fourteenth Amendment

The first constitutional transgression described in Plaintiffs' Amended Complaint relates to the Defendants' "policy and practice" of seeking, issuing and executing "debt-collection arrest warrants solely for nonpayment." SAC [Doc. 212], ¶ 321, p. 89. Plaintiffs propose these warrants are not based upon any inquiry as to ability to pay. In the context of due process under the Fourteenth Amendment (upon which Count Two appears to be premised), Plaintiffs also take issue with the administrative fees affixed as a result of their failure to pay the fees, costs and/or fines components of their criminal sentences.

A hearing to determine ability to pay and the imposition of administrative fees in connection with failure-to-pay warrants are both creatures of Oklahoma statutory laws.[8] More importantly for purposes of this proposition, no policy or custom of Aberdeen or deliberate personal actions of the Shofners has been identified which infringes upon any due process constitutional protections. Within this count, Plaintiffs only collectively reference the Defendants seeking, issuing, and executing warrants. As Plaintiffs' SAC recognizes, Oklahoma statutes mandate that warrants are issued by judges and executed by law enforcement officers. Any alleged practice of "seeking" a warrant by Jim Shofner or Rob Shofner (which they deny) cannot be declared as unconstitutional, particularly given the fact that no Plaintiff denies the essence of the

---

[8] It is important to note the complete absence of any reference in the SAC to such specific Rule 8 process as respects any of the Plaintiffs.

information provided: the failure to pay. To accept Plaintiffs' position would be to penalize the Shofners for providing truthful information to those that are entrusted to issue and execute warrants under Oklahoma law.

The Due Process Clause of the Fourteenth Amendment includes protection against the state depriving a person of their life, liberty or property without some form of process ("procedural due process") and arbitrary acts which deprive a person of their life, liberty or property ("substantive due process"). *See Onyx Properties LLC v. Board of County Commissioners*, 838 F. 3d 1039, 1043 (10th Cir. 2016). Regardless as to which approach relied upon for purposes of Count Two, Plaintiffs have failed to state a claim for action on behalf of Jim Shofner or Rob Shofner which denied them due process. Specifically, no plausible procedural due process claim against the Shofners (or Aberdeen) exists because, by statute, the determination as to ability/inability to pay is entrusted to the state trial court and the issuance and execution of warrants are entrusted to the state judges and law enforcement officers, respectively. *See also id.*, at p. 1044 (a violation of state procedural requirements "does not itself deny federal constitutional due process"). In other words, any notice and opportunity for hearing arguably due to Plaintiffs is not precluded by Jim Shofner or Rob Shofner's actions or a policy or custom of Aberdeen. *See Winters v. Bd. of County Commissioners*, 4 F. 3d 848, 856 (10th Cir. 1993). No plausible substantive due process claim against the Shofners exists because Plaintiffs have failed to present any allegations of "conscience-shocking" conduct on behalf of the Shofners. *See Green v. Post*, 574 F. 3d 1294, 1301 (10th Cir. 2009).

Given the allegations presented, it cannot be overemphasized that *arrest* for an outstanding failure-to-pay warrant is not unconstitutional. *See* Okla. Stat. tit. 22, § 983 (A); *Howard v. Webb*, *supra*. Plaintiffs' complaint relates to the alleged absence of a hearing to determine ability to pay. Whether the Plaintiffs have the ability to pay the fees, costs and/or fines connected with their

sentence is a process entrusted to the trial court imposing the sentence. To the extent any change of financial condition occurs and a subsequent hearing is necessary, such, again, remains entrusted to the judiciary. *See* Rule 8.6, *Rules of the Oklahoma Court of Criminal Appeals*.

### Count Three - Fourth Amendment

Plaintiffs' third count proposes a violation of their Fourth Amendment rights in connection with the seeking, issuance and execution of warrants for nonpayment. Plaintiffs claim the information provided in support of the warrants is "unsworn" and lacks indication of a "willful refusal to pay." SAC [Doc. 212], ¶ 331, p. 91. Plaintiffs have failed to present any allegation of personal participation on behalf of Jim Shofner or Rob Shofner or a policy or custom on behalf of Aberdeen that violated their constitutional rights in this respect. Plaintiffs do not provide any allegation that Jim Shofner or Rob Shofner actually requests the judge issue an arrest warrant. Rather, Plaintiffs only appear to propose that Aberdeen begins the warrant process by noting that Plaintiffs have failed to comply with an arrangement they entered for the payment of their outstanding fees, costs and/or fines. Plaintiffs contend that it is the "[c]ourt clerks" that actually seek the arrest warrants. *See* SAC [Doc. 212], ¶ 50, p. 25. In other words, Jim Shofner, Rob Shofner and/or employees of Aberdeen do nothing but supply information of nonpayment that another entity may then use in seeking a warrant. In many instances, the "supplying" of this information is merely a notation being entered into a computer system. *See id.*, Exhibit 1, Agreement for Collection, at ¶ 2.

Even assuming Jim Shofner and/or Rob Shofner's supplying of information to those statutorily entrusted to issue and execute arrest warrants could implicate the Fourth Amendment, Plaintiffs' attempt to craft a Fourth Amendment violation from the same fails. The insurmountable hurdle for Plaintiffs concerns the complete absence of any specific allegation that Jim Shofner or

Rob Shofner gave **_false_** information which provided the basis for the issuance and execution of an arrest warrant. *Compare Snell v. Tunnell*, 920 F. 2d 673, 698-99 (10th Cir. 1990). Not one Plaintiff asserts that information indicating they failed to comply with a payment arrangement with Aberdeen was in error, let alone that Jim Shofner or Rob Shofner personally participated in such or that a policy or custom of Aberdeen exists which resulted in the same. If anything, Plaintiffs' cause of action appears to fault Jim Shofner, Rob Shofner or employees of Aberdeen for providing accurate information.

### Count Five - State Created Liberty Interests

In Count Five, Plaintiffs propose their Fourteenth Amendment due process rights have been transgressed based upon the alleged failure of Defendants to provide notice or a hearing as to their ability to pay before seeking, issuing and executing arrest warrants. To the extent Count Five amounts to nothing more than an attempt by Plaintiffs to seek redress of a violation of any state right under Okla. Stat. tit. 22, § 983 (A) and/or Rule 8.4 of the Rules for the Oklahoma Court of Criminal Appeals under the guise of a § 1983 claim, such attempt must fail. *See Blessing v. Freestone,* 520 U.S. 329, 340, 117 S. Ct. 1353, 1359, 137 L. Ed. 2d 569 (1997); *Spielman v. Hildebrand*, 873 F. 2d 1377, 1386 (10th Cir. 1989); *Herrera,* 41 F. Supp. 3d at 1081 n. 123 (§ 1983 only serves to redress violations of federal law). Otherwise, Plaintiffs' allegations in Count Five are merely duplicative of their claims in Counts Two and Three and, as described above, Aberdeen (or Jim and Rob Shofner) does not issue or execute warrants but, at most, only provides information that a person has failed to comply with a payment arrangement - information no Plaintiff has challenged as false with respect to their specific circumstances. Moreover, as to ability to pay, Oklahoma statutes and rules of the Court of Criminal Appeals set forth the process for the same and empower state trial courts with such determination. Aberdeen's only involvement is

preceded and necessitated by a prior determination as to the fees, costs and/or fines imposed in a criminal sentence and a judge's execution of an arrest warrant for the failure to pay the same. *See* SAC [Doc. 212], Exhibit 1, Agreement for Collection, at p. 1. Plaintiffs can present no authority to support that Jim Shofner and/or Rob Shofner was constitutionally required to determine ability to pay before merely advising county/court officials that a person has failed to make payment on their outstanding warrant. Rather, that process is, by Oklahoma law, entrusted to the trial court.[9]

### Count Six - Due Process

In Count Six, Plaintiffs, again, seek redress of alleged due process violations and propose Aberdeen has an "unconstitutional financial bias."[10] SAC [Doc. 212], ¶ 357, p. 95. This bias, Plaintiffs claim, results in the exploitation of authority over Plaintiffs to extract "as much money as possible without regard to their ability to pay." *Id.*, ¶ 358, p. 96. Such contention lacks any allegation of conduct on behalf of the Shofners (or Aberdeen) which could be characterized as "conscience-shocking."[11] *See Muskrat v. Deer Creek Pub. Schools*, 715 F. 3d 775, 786 (10th Cir. 2013). Whether conduct "shocks the conscience" is an objective test that requires something more than negligence and beyond even tort liability which might warrant punitive damages. *See McClellan v. City of Nowata,* 2015 WL 75074, at *14 (N.D. Okla. Jan. 6, 2015); *Glover v. Gartman*, 899 F. Supp. 2d 1115, 1136 (D. N.M. 2012). Aberdeen's alleged providing of information to court/county officials regarding a person's failure to comply with a payment arrangement for outstanding fees, costs and/or fines and alleged "threats" of arrest for a person's failure to make payments do not rise to the level of "conscience-shocking" conduct. Both of such

---

[9] As previously mentioned, no Plaintiff has alleged they were denied a Rule 8 hearing by their respective trial court or precluded from later requesting the same.

[10] Plaintiffs' most recent amendment to their Complaint added Jim Shofner and Rob Shofner to Count Six but this cause of action continues to only reference Aberdeen, as opposed to any specific individual acts on behalf of Jim Shofner or Rob Shofner.

[11] It is presumed Count Six presents a substantive due process claim.

activities relate to accurate information - i.e. the person failed to comply with a payment arrangement and the failure to comply with a payment arrangement can result in arrest. The fact that Aberdeen, *as a private for profit business*, receives compensation for its services is not an egregious element sufficient to support "unconstitutional financial bias."

### Count Seven - Equal Protection

In Count Seven, Plaintiffs propose that the use and threat of arrest warrants and the statutory 30% administrative fee for failure-to-pay warrants denies poor criminal defendants equal protection as compared to wealthy criminal defendants. Such an equal protection challenge requires Plaintiffs establish that they were treated differently than "***similarly situated***" persons and that such treatment "lacked a rational basis." *Landmark Land Co. v. Buchanan*, 874 F. 2d 717, 722 (10th Cir. 1988) (emphasis added). Persons with limited or no financial means to pay fees, costs and/or fines connected to their criminal sentences are simply not "similarly situated" to persons with such means. The Oklahoma Court of Criminal Appeals has rejected this very type of equal protection challenge based upon the existence of a process for determination as to whether a defendant is without means to pay the monetary component of his sentence and, thus, may be excused from imprisonment for his/her failure. *See State v. Ballard*, 1994 OK CR 6, ¶¶ 6-7, 868 P. 2d 738, 741. *See also Cain v. City of New Orleans*, 2018 WL 3657447, *5 (E.D. La. August 2, 2018) (rejecting an equal protection challenge premised upon distinction between civil judgment debtors and criminal defendants who owe court debts). Whether such process is due and who is responsible for determining the same have been answered in Oklahoma. *See* Rules 8.1 - 8.6 of the *Rules of the Oklahoma Court of Criminal Appeals*. No authority can be presented to support that Aberdeen must conduct such determination before advising county/court officials of a failure to pay in order to protect the person's right of equal protection.

Additionally, Plaintiffs' unsupported charge in support of their equal protection challenge that Aberdeen "forces them to pay arbitrary and unachievable amounts to have a warrant recalled" defies Plaintiffs' allegations elsewhere in the SAC, which recognize that Aberdeen does not set the amounts connected with Plaintiffs' criminal sentences and it is not Aberdeen that forces them to comply with their criminal sentences, but the trial court judgments themselves. *See* SAC [Doc. 212], ¶¶ 1 and 9, pp. 4-5 and 8-9. The only amount added to a person's criminal sentence under the scenario posed would be the 30% administrative fee, set forth by Oklahoma statute. *See id.*, ¶ 5, p. 6. At best, Aberdeen tries to assist persons with outstanding failure-to-pay warrants by accepting amounts less than that already due per their sentence in order to help them avoid arrest. *See id.*, ¶ 51, p. 25.

Plaintiffs' § 1983 cause of action for alleged constitutional violations wholly fails to state a plausible claim for relief against Jim Shofner and Rob Shofner.

### PROPOSITION III

### THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE CLAIMS AND PLAINTIFFS HAVE, NEVERTHELESS, FAILED TO STATE SUCH CLAIMS

As Plaintiffs have failed to state plausible claims for relief with respect to all of their federal claims, the Court may decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367 (c); *Gold v. Local 7 United Food and Commercial Workers Union*, 159 F. 3d 1307, 1310 (10th Cir. 1998). In the event jurisdiction is extended, Plaintiffs have failed to state plausible claims for relief in these respects.

### *Count Eight - Abuse of Process*

In Count Eight, Plaintiffs claim Jim Shofner and Rob Shofner have "misuse[d] arrest warrants to further its unlawful scheme and for the improper purpose of extracting revenue from

the impoverished plaintiffs."[12] SAC [Doc. 212], ¶ 364, p. 97. It is fatal to Plaintiffs' abuse of process claim that no actions on behalf of Jim Shofner or Rob Shofner can be described as improper or primarily motivated by an improper purpose. *See Marlin Oil Corp. v. Barby Energy Corp.*, 2002 OK CIV APP 92, ¶ 11, 55 P. 3d 446. Other than Plaintiffs' allegation that Aberdeen supplies information to the <u>court clerk</u> who then seeks to have a warrant issued by the <u>judge</u> which is executed by <u>law enforcement officers</u>, it is unclear how Jim Shofner or Rob Shofner allegedly "misuses" a warrant. The Shofners' only connection to warrants relates to Aberdeen's entire purpose of *trying to help persons satisfy outstanding failure-to-pay warrants*. Plaintiffs' mere incorporation of the terms "misuses," "unlawful" and "improper" to describe legitimate business activity does not otherwise transform the circumstances to legally culpable conduct.

### Count Nine - "Duress"

Plaintiffs have restyled their prior "civil extortion" claim as "duress" in order to avoid swift dismissal. This renaming of the cause of action, though, does not otherwise state a claim. A claim for "economic duress" may exist as an "equitable doctrine **in contract law**," but it is not an independent tort under Oklahoma law. *Cimarron Pipeline Const., Inc. v. U.S. Fid. & Guar. Ins. Co.*, 1993 OK 22, 848 P. 2d 1161, 1162. *See also Roberts v. Wells Fargo AG Credit Corp.*, 990 F. 2d 1169, 1174 n. 7 (10th Cir. 1993). In *Chapman v. Chase Manhattan Mortg. Corp.*, 2007 WL 2815246 at *8, the Northern District of Oklahoma specifically rejected a similar attempt to recast a claim for "civil extortion" to "duress." It is further important to reemphasize that, under Oklahoma law, Plaintiffs failure to pay the subject amounts/warrants *can* result in arrest such that,

---

[12] None of Plaintiffs' state tort claims reference any specific actions/omissions/participation on behalf of Jim Shofner or Rob Shofner. Indeed, throughout the Amended Complaint, Plaintiffs fail to provide any allegation which would support that their inclusion of these officers of Aberdeen is anything other than for improper purposes.

to the extent any "duress," stress or anxiety has been incurred, it would not be due to any actions of the Shofners, Aberdeen or any Defendant.

### *Count Ten - Unjust Enrichment*

The final attempt to propose liability on behalf of Jim Shofner and Rob Shofner in the SAC alleges *Aberdeen* has received money from certain Plaintiffs through "unjust methods." SAC [Doc. 212], ¶ 372, p. 98. The Shofners do not set the amount of fees, costs and/or fines which may be imposed in Plaintiffs' criminal sentences. The 30% administrative fee referenced by Plaintiffs is an amount ***set by Oklahoma statute***. The financial burdens associated with Plaintiffs' criminal sentences and failure (or potential *future* failure) to pay the same are not a product of conduct on behalf of Jim Shofner or Rob Shofner. Aberdeen's receipt of the same is <u>not</u> inequitable. *See Harvell v. Goodyear Tire & Rubber Co.*, 2006 OK 24, ¶ 18, 164 P. 3d 1028, 1035. The amounts are remitted to the court clerk who, in turn, pays Aberdeen. *See* SAC [Doc. 212], Exhibit 1, Agreement for Collection, at ¶ 2 (e). Those Plaintiffs that are making payments on their outstanding warrants are not paying Aberdeen a fee but making payments on their outstanding fees, costs and/or fines imposed in their criminal sentences *through Aberdeen*.

### <u>CONCLUSION</u>

As set forth herein, Plaintiffs' have wholly failed to state a plausible claim for relief against Jim Shofner and Rob Shofner pursuant to RICO, § 1983 and state law. Jim Shofner and Rob Shofner request the Court dismiss Plaintiffs' cause of action against them in its entirety.

Respectfully submitted,

/s/ John R. Woodard, III
John R. Woodard, III, OBA No. 9853
Jennifer L. Struble, OBA No. 19949
Coffey Senger & Woodard, PLLC
4725 East 91st Street, Suite 100
Tulsa, OK 74137
918-292-8787
918-292-8788 – Fax
john@cswlawgroup.com
jstruble@cswlawgroup.com
*Attorneys for Defendants Jim D. Shofner and
Rob Shofner*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | | |
|---|---|---|
| Robert Lamar Betts | Robert Dale James | Daniel E. Smolen |
| Robert Murray Blakemore | Jo Lynn Jeter | Donald Eugene Smolen, II |
| Kelsey Ann Chilcoat | Alexander Karakatsanis | Todd Michael Wagner |
| Isaac Robertson Ellis | April Danielle Kelso | Chris M. Warzecha |
| Aaron Etherington | Robert Steven Lafferrandre | Seth T Wayne |
| Melodie Freeman-Burney | Stefanie Erin Lawson | Jill Elizabeth Webb |
| Robert D Friedman | Thomas Adrian LeBlanc | Joel L. Wohlgemuth |
| Kimberly Majors Hall | Douglas N. Letter | Randall J. Wood |
| Rodney J Heggy | Mary B McCord | Maurice Glenn Woods, II |
| Jeffrey Calvin Hendrickson | Carri Ann Remillard | Katherine Hubbard |
| Elizabeth Rossi | Scott B. Wood | Douglas Allen Wilson |
| Emily Brooks Kosmider | | |

/s/ John R. Woodard, III
John R. Woodard, III