# An Act

ENROLLED HOUSE
BILL NO. 2259

By: Sterling, Goodwin, and
Pittman of the House

and

Howard of the Senate

An Act relating to court financial obligations;
amending 19 O.S. 2021, Sections 514.4 and 514.5,
which relate to outstanding warrants and
administrative costs; establishing court cost
compliance program; stating purpose of program;
authorizing assistance of court cost compliance
liaisons; modifying requirements for certain
payments; establishing procedures for payments in
cases referred to court cost compliance liaison;
requiring reversal of transaction upon certain
notification; authorizing addition of certain fees;
requiring court cost compliance liaison to provide
certain information; modifying procedures for release
or recall of certain warrants; conforming language;
authorizing certain waiver or reduction; amending 22
O.S. 2021, Section 983, which relates to failure to
pay fines, costs, fees, or assessments; defining
terms; authorizing court to make determination of
defendant's ability to pay; authorizing hardship
waiver of court financial obligations under certain
circumstances; requiring court to consider certain
factors when making determination of ability to pay;
prohibiting consideration of certain amounts as
income; establishing presumptions of inability to
pay; requiring court to provide certain information
to defendant; requiring immediate appearance after
sentencing by defendant to court clerk for certain
purposes; stating consequence of certain failure to
appear; authorizing certain payment terms for court
financial obligations; authorizing defendant to
request cost hearing; establishing procedures and
requirements for cost hearing; authorizing court to

EXHIBIT A

rely on certain testimony and documentation for
making certain determination; requiring promulgation
of certain affidavit by Court of Criminal Appeals;
authorizing certain conditions of payment by
defendant able to pay; authorizing issuance of
certain warrants; directing percentage of reduction
of certain court financial obligations; establishing
requirements and procedures for certain delinquency;
specifying form of certain summons; directing
referrals to court cost compliance program;
establishing procedures for outstanding cost cite and
release warrants; requiring law enforcement officer
to issue certain warning; establishing procedures for
issuance of certain warning; requiring certain
actions by court clerk upon reporting of defendant;
authorizing issuance of cost arrest warrant for
failure to report; requiring court to conduct cost
hearing or willfulness hearing under certain
circumstances; providing exception to certain summons
requirement; stating effect of provisions on certain
warrants; providing for confidentiality of certain
supporting documents; authorizing willfulness hearing
under certain circumstances; construing provisions;
requiring certain evaluations by court at willfulness
hearing; authorizing court to impose jail sentence
under certain circumstances; authorizing granting of
certain credit upon imposition of jail sentence;
modifying requirements for certain notice to Service
Oklahoma; requiring county participation in court
cost compliance program; requiring case referrals
within certain time period; modifying requirements
for certain procedures and rules; amending 28 O.S.
2021, Section 101, which relates to fees and costs in
criminal cases; conforming language; increasing daily
rates for imprisonment for satisfaction of court
financial obligations; modifying definition;
repealing Sections 2, 3, 4, 5, and 6, Chapter 350,
O.S.L. 2022, which relate to court financial
obligations; and providing an effective date.


SUBJECT:  Court financial obligations



ENR. H. B. NO. 2259                                    Page 2

BE IT ENACTED BY THE PEOPLE OF THE STATE OF OKLAHOMA:

SECTION 1.    AMENDATORY    19 O.S. 2021, Section 514.4, is amended to read as follows:

Section 514.4  A.  ~~Notwithstanding any other section of law, the county~~ 1.  Effective November 1, 2023, there is hereby established a court cost compliance program.  The purpose of the program shall be to assist county sheriffs and the courts of this state with the collection of fines, costs, fees, and assessments associated with any case in which a warrant has been issued and the case has been referred to the court cost compliance program pursuant to Section 983 of Title 22 of the Oklahoma Statutes.

2.  County sheriffs of any ~~Oklahoma~~ county in this state may contract with a statewide association of county sheriffs to administer contracts with third parties who shall be known as court cost compliance liaisons.  The court cost compliance liaison may assist with attempting to locate and notify persons of their outstanding misdemeanor or ~~failure-to-pay~~ cost-related warrants and recover and maintain accounts relating to past due fines, fees, costs, and assessments.  County sheriffs contracting with a statewide association of county sheriffs for the administration of third-party contracts may assign their rights and duties regarding these contracts to the association.

B.  A person may make payment directly to the court, as allowed by law, or the ~~contractor~~ court cost compliance liaison, as allowed, shall be authorized to accept payment on misdemeanor or ~~failure-to-pay~~ cost-related warrants on all cases referred pursuant to Section 983 of Title 22 of the Oklahoma Statutes by various means including~~,~~ but not limited to~~,~~ payment by phone, mail, or Internet, and in any payment form including~~,~~ but not limited to~~,~~ personal, cashier's, traveler's, certified, or guaranteed bank check, postal or commercial money order, nationally recognized credit or a debit card, or other generally accepted payment form.  Any payment collected and received by the ~~contractor~~ court cost compliance liaison shall be paid to the court clerk of the court that issued the warrant within fifteen (15) days ~~to the court clerk of the entity that issued the outstanding misdemeanor or failure-to-pay warrant~~ after receipt of the payment and proof of funds.  Any payment collected and received by the court, where the court has referred the case to a court cost compliance liaison, shall be reported to the court cost compliance liaison within four (4) days of receipt of the payment.  Any payment returned due to insufficient

funds shall have all insufficient fund charges incurred added to the outstanding balance of the defendant.  If a credit card payment taken by a court cost compliance liaison is determined to be a fraudulent use of the credit card by the payor and the payment is reversed by the credit card company or payor's bank, the court clerk shall reverse the transaction upon notification, return the payment to the court cost compliance liaison, and the court cost compliance liaison shall continue the collection process until paid.  The court clerk shall add any additional fees for the reversal of the transaction plus the administration fees to the outstanding balance of the defendant.  Court cost compliance liaisons shall inform individuals of their right to a cost hearing as provided in Section 983 of Title 22 of the Oklahoma Statutes.

C.  As provided for by this section, a person may pay in lieu of appearance before the court and such payment accepted by the court shall constitute a finding of ~~guilty~~ guilt as though a plea of nolo contendere had been entered by the defendant as allowed by law and shall function as a written, dated, and signed plea form acceptable to the court.  Such payment shall serve as a written waiver of a jury trial.

D.  The court shall release or recall the outstanding misdemeanor or ~~failure-to-pay~~ cost-related warrant upon receipt of all sums due pursuant to ~~said~~ the warrant including the misdemeanor or ~~failure-to-pay~~ cost-related warrant, scheduled fine or sum due, all associated fees, costs and statutory penalty assessments, and the administrative cost pursuant to Section 514.5 of this title, or with a mutually agreeable monthly payment plan and a down payment set at the discretion of the court at an amount no less than One Hundred Dollars ($100.00).  A single down payment shall be sufficient to recall all cost-related warrants against a defendant pending in a single jurisdiction.

E.  The provisions of any contract entered into by a county sheriff shall be administered by a statewide association of county sheriffs in Oklahoma.

F.  The provisions of this section and Section 514.5 of this title shall be applicable to:

1.  Any misdemeanor or ~~failure-to-pay~~ cost-related warrant issued pursuant to Section 983 of Title 22 of the Oklahoma Statutes or relating to any proceeding pursuant to the State and Municipal Traffic, Water Safety, and Wildlife Bail Bond Procedure Act;

2.   Any misdemeanor or ~~failure-to-pay~~ cost-related warrant issued that allows a defendant to resolve the matter by payment in lieu of a personal appearance in court; and

3.   Any ~~failure-to-pay~~ cost-related warrant issued in a criminal case.

SECTION 2.    AMENDATORY    19 O.S. 2021, Section 514.5, is amended to read as follows:

Section 514.5  A.  Misdemeanor or ~~failure-to-pay~~ cost-related warrants or cases referred to the ~~third-party contractor~~ court cost compliance liaison pursuant to Section 514.4 of this title shall include the addition of an administrative cost of thirty percent (30%) of the outstanding misdemeanor or ~~failure-to-pay~~ cost-related warrant, scheduled fine or sum due, and all associated fees, costs and statutory penalty assessments.  This administrative cost shall not be waived or reduced ~~except~~ unless the amount owed is waived or reduced or by order of the court upon good cause.

B.   The administrative cost reflected in subsection A of this section~~, when collected,~~ shall be distributed to the ~~third-party contractor~~ court cost compliance liaison, a portion of which may be used to compensate the statewide association administrating the contract.

C.   The monies collected and disbursed shall be audited at least once a year by a firm approved by the State Auditor and Inspector.

SECTION 3.    AMENDATORY    22 O.S. 2021, Section 983, is amended to read as follows:

Section 983.  A.  ~~Any~~ As used in this section, unless the context otherwise requires:

1.   "Cost arrest warrant" means a warrant authorizing arrest that is issued by a court under the following circumstances:

> a.   failure to comply with the terms of a court financial obligations payment plan,
>
> b.   failure to appear at a cost hearing or willfulness hearing, or

       c.    failure to appear at the office of the court clerk of the county in which the court financial obligation is owed within ten (10) days of being cited by a law enforcement officer to appear;

2. "Cost cite and release warrant" means a warrant issued by a court authorizing citation and release under the following circumstances:

       a.    failure to comply with terms of a court financial obligations payment plan, or

       b.    failure to appear at a cost hearing or willfulness hearing;

3. "Cost hearing" means a hearing in which the court determines the ability of a defendant to pay court financial obligations. Once a cost hearing date has been set, all court financial obligations shall be suspended until the cost hearing has been held;

4. "Court financial obligation" means all financial obligations including fines, costs, fees, and assessments, imposed by the court or required by law to be paid, excluding restitution or payments to be made other than to the court clerk;

5. "Payment-in-full" means a court financial payment term that requires the defendant to pay the full amount of court financial obligations owed within ninety (90) days of a plea or sentence in the district court or within thirty (30) days of a plea or sentence in the municipal court;

6. "Payment-in-installments" means payment terms for court financial obligations that require the defendant to make monthly payments in any amount until the amount owed is fully paid; and

7. "Willfulness hearing" means a hearing in which the court determines whether a defendant who has previously been found to have the ability to pay court financial obligations has willfully failed to pay the debt.

B. 1. Except in cases provided for in Section 983b of this title, when the judgment and sentence of a court, either in whole or in part, imposes court financial obligations upon a defendant, the court at the time of sentencing may immediately, or at any point thereafter until the debt is either paid or waived, determine the

ability of a defendant to pay the court financial obligations.  The court may make such determinations at a cost hearing or upon written motion or affidavit by the defendant.  The ability of a defendant to pay court financial obligations may not impact the sentence imposed.

2.  Defendants with court financial obligations who are found by the court to be unable to pay, in whole or in part, shall be relieved of the debt by the court through a hardship waiver of the court financial obligations, either in whole or in part.

3.  In determining the ability of a defendant to pay, the court shall consider the following factors:

a.    individual and household income,

b.    household living expenses,

c.    number of dependents,

d.    assets,

e.    child support obligations,

f.    physical or mental health conditions that diminish the ability to generate income or manage resources,

g.    additional case-related expenses to be paid by the defendant, and

h.    any other factors relevant to the ability of the defendant to pay.

4.  In determining the ability of a defendant to pay, the following shall not be considered as income or assets:

a.    child support income,

b.    any monies received from a federal, state, or tribal government need-based or disability assistance program, or

c.    assets exempt from bankruptcy.

5.   Defendants in the following circumstances are presumed
unable to pay and eligible for relief under paragraph 2 of this
subsection:

       a.   designated as totally disabled by any federal, state,
           or tribal disability services program including but
           not limited to military disability, Social Security
           Disability Insurance, Supplemental Security Income, or
           tribal disability benefits,

       b.   receives support from the Temporary Assistance for
           Needy Families program, Supplemental Nutrition
           Assistance Program, the Special Supplemental Nutrition
           Program for Women, Infants, and Children nutrition
           education and supplemental food program, or any other
           federal need-based financial support,

       c.   receives subsidized housing support through the
           Housing Choice Voucher program, the United States
           Department of Housing and Urban Development, or other
           state, local, or federal government housing subsidy
           program, or

       d.   total income is below one hundred fifty percent (150%)
           of the federal poverty level.

C.   1.   At the time of a plea or sentencing, the court shall
inform the defendant of the total court financial obligations owed,
the consequences of failing to pay the court financial obligations,
and that the defendant may request a cost hearing if at any time he
or she is unable to pay the court financial obligations, at which
point the court may waive all or part of the debt owed.   If the
total amount of court financial obligations owed is not available at
the time of the plea or sentencing, the court shall inform the
defendant that court financial obligations have been incurred and
the time and location where the defendant may learn of the total
amount owed.

2.   The court shall order the defendant to appear immediately
after sentencing at the office of the court clerk to provide current
contact information and to either select payment terms or request a
cost hearing.   Failure to immediately report to the court clerk
shall result in the full amount of court financial obligations to be
due thirty (30) days from the date of the plea or sentencing in

district courts or thirty (30) days from the date of the plea or sentencing in municipal courts.

3.  Payment of court financial obligations may be made under the following terms:

      a.  payment in full, or

      b.  payment in installments.

Upon any change in circumstances affecting the ability of a defendant to pay, a defendant may request a cost hearing before the court by contacting the court clerk.

4.  The district court for each county and all municipal courts shall provide a cost hearing for any defendant upon request, either by establishing a dedicated docket or on an as-requested basis.  A defendant who requests a cost hearing will receive a summons by personal service or by United States mail to appear in court as required by subsection G of this section.  If a defendant fails to appear for a requested cost hearing, the court may issue either a cost cite and release warrant or a cost arrest warrant.  No fees shall be assessed or collected from the defendant as a consequence of either requesting a cost hearing or the issuing of a cost cite and release warrant.

D.  In determining the ability of the defendant to pay court financial obligations, the court may rely on testimony, relevant documents, and any information provided by the defendant using a cost hearing affidavit promulgated by the Court of Criminal Appeals. In addition, the court may make inquiry of the defendant and consider any other evidence or testimony concerning the ability of the defendant to pay.

E.  1.  If at the initial cost hearing or any subsequent cost hearing, the court determines that the defendant is able to pay some or all of the court financial obligations, the court may order any of the following conditions for payment:

      a.  payment in full,

      b.  payment in installments,

      c.  financial incentive under a set of conditions determined by the court, or

     d.    community service in lieu of payment; provided, the defendant shall receive credit for no less than two times the amount of the minimum wage specified pursuant to state law for each hour of community service.

2.  Any defendant who fails to comply with the terms of the payment plan ordered by the court shall be considered delinquent and the court may issue either a cost cite and release warrant or a cost arrest warrant.

F.  If the court determines that a waiver of any of the court financial obligations is warranted, the court shall apply the same percentage reduction equally to all fines, costs, fees, and assessments, excluding restitution.

G.  1.  A defendant is considered delinquent in the payment of court financial obligations under the following circumstances:

     a.    when the total amount due has not been paid by the due date, or

     b.    when no installment payments have been received in the most recent ninety-day period.

2.  The court clerk shall periodically review cases for delinquency at least once every six (6) months and, upon identifying a delinquent defendant, notify the court which shall, within ten (10) days thereafter, set a cost hearing for the court to determine if the defendant is able to pay.  The cost hearing shall be set within forty-five (45) days of the issuance of the summons.  The hearing shall be set on a date that shall allow the court clerk to issue a summons fourteen (14) days prior to the cost hearing. Defendants shall incur no additional fees associated with the issuance of the summons.

3.  At least fourteen (14) days prior to the cost hearing, the court clerk shall issue one summons to the defendant to be served by United States mail to the mailing address of the defendant on file in the case, substantially as follows:

SUMMONS

You are ORDERED to appear for a COST HEARING at a specified time, place, and date to determine if you are financially able to pay the fines, costs, fees, or assessments or an installment due in Case No. _____ .

YOU MUST BE PRESENT AT THE HEARING.

At any time before the date of the cost hearing, you may contact the court clerk and pay the amount due or request in writing or in person prior to the court date, that the hearing be rescheduled for no later than thirty (30) days after the scheduled time.

THIS IS NOT AN ARREST WARRANT.  However, if you fail to appear for the cost hearing or pay the amount due, the court will issue a WARRANT and refer the case to a court cost compliance liaison which will cause an additional administrative fee of up to thirty-five percent (35%) to be added to the amount owed and may include additional costs imposed by the court.

4.  Referrals to the court cost compliance program as provided in subsection L of this section shall be made as follows:

    a.   courts shall refer a case to the court cost compliance program upon the issuance of a cost arrest warrant,

    b.   courts may refer a case to the court cost compliance program upon the issuance of a cost cite and release warrant, or

    c.   courts may refer a case to the court cost compliance program without the issuance of a warrant; provided, the defendant is delinquent and has had sufficient notice and opportunity to have a cost hearing.

5.  A municipal court, in lieu of mailing the summons provided for in this subsection, may give the summons to the defendant in person at the time of sentencing or subsequent appearance of a specific date, time, and place, not fewer than thirty (30) days nor more than one hundred twenty (120) days from the date of sentencing to appear for a cost hearing if the court financial obligations remain unpaid.

H.  1.  If a defendant is found by a law enforcement officer to have an outstanding cost cite and release warrant, the law enforcement officer shall issue a Warning/Notice to appear within

ten (10) days of release from detention on the warrant to the court clerk of the court in which the court financial obligations are owed.  If the officer has the necessary equipment, the officer shall immediately transmit the Warning/Notice electronically to the court clerk of the court in which the court financial obligations are owed.  The law enforcement officer shall not take the defendant into custody on the cite and release warrant, and no other law enforcement officer who encounters the defendant during this ten-day period may take the defendant into custody on the warrant.  If the law enforcement officer is unable to transmit the Warning/Notice electronically to the court clerk, the officer shall inform the appropriate department staff member within the agency of the law enforcement officer of the Warning/Notice within five (5) days.  The department staff member shall then promptly notify the law enforcement agency in the jurisdiction that issued the warrant electronically.  The electronic communication shall be treated as a duplicate original for all purposes in any subsequent hearings before the appropriate court.

2.  If the defendant reports to the office of the court clerk within the ten (10) days, the court clerk shall:

   a.  inform the court of the Warning/Notice to the defendant and contact,

   b.  schedule a cost hearing pursuant to applicable local court rule, and

   c.  submit the warrant to the court for recall pending the cost hearing.

3.  If the defendant fails to report to the office of the court clerk within the ten (10) days, the court may issue a cost arrest warrant for the arrest of the defendant.

4.  At the hearing following the arrest for failure to appear, the court shall conduct a cost hearing or willfulness hearing, as the court deems appropriate, within seventy-two (72) hours unless:

   a.  the defendant pays One Hundred Dollars ($100.00) toward the court financial obligation, is released from custody, and the new cost hearing date is provided, or

b.   the court releases the defendant on the defendant's own recognizance and a new cost hearing date is provided.

5.   The provisions for issuing a separate summons described in subsection G of this section shall not apply to a municipal court if the municipal court has previously provided actual personal notice to the defendant of an opportunity for a cost hearing.  If such notice was given and the defendant fails to appear, the municipal court may issue either a cost cite and release warrant or a cost arrest warrant.

6.   All warrants for failure to appear at a cost hearing or for failure to pay court financial obligations which have been issued prior to the effective date of this act and which remain unserved, shall be treated as cost cite and release warrants.  All warrant fees assessed for warrants for failure to appear at a cost hearing or for failure to pay court financial obligations issued prior to the effective date of this act shall remain in effect unless waived by the court.

I.   Supporting documents in a motion or affidavit for relief from court financial obligation debt or any documents taken into evidence during a cost hearing or willfulness hearing shall not be viewable by the public on a court-controlled website.

J.   1.   After a cost hearing where a defendant is found ~~guilty of an offense in any court of this state may be imprisoned for nonpayment of the fine, cost, fee, or assessment when the trial~~ able to pay a court financial obligation, either in whole or in part, and then becomes delinquent in that payment, a court ~~finds after notice and~~ may conduct a willfulness hearing ~~that the defendant is financially able but refuses or neglects to pay the fine, cost, fee, or assessment.  A sentence to pay a fine, cost, fee, or assessment may be converted into a jail sentence only after a hearing and a judicial determination, memorialized of record, that the defendant is able to satisfy the fine, cost, fee, or assessment by payment, but refuses or neglects so to do.~~

~~B.   After a judicial determination that the defendant is able to pay the fine, cost, fee, or assessment in installments, the court may order the fine, cost, fee, or assessment to be paid in installments and shall set the amount and date for each installment~~ at any time beginning immediately after a cost hearing has been held and a decision rendered on the court financial obligations.

Findings of a defendant's prior ability to pay may be considered as evidence of ability to pay or willfulness at the hearing.  The requirements of this paragraph shall not be construed to prohibit the court from holding subsequent cost hearings on the same court financial obligations.

   2.  At a willfulness hearing, the court shall evaluate the following:

      a.   whether a cost hearing has been held previously where evidence relating to ability to pay was presented and the court found the defendant was able to pay the court financial obligations, either in whole or in part,

      b.   whether there is any new evidence of ability to pay not previously considered or a change in circumstances since the cost hearing,

      c.   whether the defendant was afforded sufficient time and opportunity to fulfill the obligation to pay the court financial obligations,

      d.   whether the defendant made any efforts to satisfy the court financial obligations, and

      e.   whether there are any other relevant facts or circumstances.

   3.  After a finding of willful failure to pay court financial obligations, the court may impose a jail sentence pursuant to Section 101 of Title 28 of the Oklahoma Statutes.  A jail sentence may be imposed only under the following circumstances:

      a.   the hearing is conducted on the record pursuant to the rules promulgated by the Court of Criminal Appeals, and

      b.   the defendant is represented by counsel or expressly waives his or her right to counsel.

   4.  If a jail sentence is imposed, the court may grant credit for any time already served.  At any time after incarceration, the jail sentence may be satisfied upon payment in full of the outstanding balance with credit for any time already served.

~~C.~~ K.  In addition, the district court or municipal court, within one hundred twenty (120) days from the date upon which the person was originally ordered to make payment, <u>and if the court finds and memorializes into the record that the defendant is financially able but willfully refuses to pay the court financial obligations, or an installment due,</u> may send notice of nonpayment of any ~~court ordered~~ <u>court-ordered</u> fine and costs for a moving traffic violation to ~~the Department of Public Safety~~ <u>Service Oklahoma</u> with a recommendation of suspension of driving privileges of the defendant until the total amount of any ~~fine and costs~~ <u>court financial obligation</u> has been paid.  Upon receipt of payment of the total amount of the ~~fine and costs~~ <u>court financial obligations</u> for the moving traffic violation, the court shall send notice thereof to ~~the Department~~ <u>Service Oklahoma</u>, if a nonpayment notice was sent as provided for in this subsection.  Notices sent to ~~the Department~~ <u>Service Oklahoma</u> shall be on forms or by a method approved by ~~the Department~~ <u>Service Oklahoma.</u>

<u>L.  Every county of this state shall fully utilize and participate in the court cost compliance program.  Cases shall be referred to the court cost compliance program no more than sixty (60) days after the court has ordered the referral pursuant to paragraph 4 of subsection G of this section, unless the defendant pays the amount owed on the court financial obligation or an installment due.  When the court refers a case, the updated contact information on file shall be forwarded to a court cost compliance liaison for collection purposes.</u>

~~D.~~ M.  The Court of Criminal Appeals shall implement procedures and rules ~~for methods of establishing payment plans of fines, costs, fees, and assessments by indigents, which~~ <u>for implementation of the requirements of this section.  Such</u> procedures ~~and~~<u>,</u> rules ~~shall be distributed to all district courts and municipal courts,~~ <u>and any supplemental forms may be made available</u> by the Administrative Office of the Courts.

SECTION 4.    AMENDATORY    28 O.S. 2021, Section 101, is amended to read as follows:

Section 101.  The fees herein provided for the clerk of the district court and the sheriff, as provided in this ~~act~~ <u>section</u>, and all costs in the prosecution of all criminal actions shall, in case of conviction of the defendant, be adjudged a part of the penalty of the offense of which the defendant may be convicted, whether the

punishment for such offense be either imprisonment, or fine, or both, and fixed either by the verdict of the jury, or judgment of the court, trying the case, and if the defendant shall refuse to pay the ~~fine, fees or costs~~ court financial obligations, the payment of such fees and costs, in addition to the payment of the fine assessed, shall be enforced by imprisonment until the same shall be satisfied at a rate of ~~Twenty-five Dollars ($25.00)~~ up to One Hundred Dollars ($100.00) per day of such fees and costs, or fine, or both, or shall be satisfied at a rate of ~~Fifty Dollars ($50.00)~~ up to Two Hundred Dollars ($200.00) per day of such fees and costs, or fine, or both, should the defendant perform useful labor.  If the defendant is without means to pay the fine, fees or costs, the total amount owed ~~shall~~ may be entered ~~upon the~~ as a judgment ~~docket~~ and thereupon the same remedies shall be available for the enforcement of ~~said~~ the judgment as are available to any other judgment creditor.

The term "all costs in the prosecution of all criminal actions", as used in this section, shall include ~~only the following taxable items:~~

~~1.   Court clerk's costs and fees authorized by statute;~~

~~2.   Sheriff's fees;~~

~~3.   Fees and mileage of witnesses; and~~

~~4.   Cost deposits in the appellate court, whether on appeal, in an original proceeding or in any postconviction challenge, if waived on the basis of a pauper's affidavit~~ all court financial obligations as defined in Section 983 of Title 22 of the Oklahoma Statutes.

SECTION 5.     REPEALER     Sections 2, 3, 4, 5, and 6, Chapter 350, O.S.L. 2022, are hereby repealed.

SECTION 6.  This act shall become effective November 1, 2023.

Passed the House of Representatives the 10th day of May, 2023.

_____
Presiding Officer of the House
of Representatives

Passed the Senate the 26th day of April, 2023.

_____
Presiding Officer of the Senate

---

OFFICE OF THE GOVERNOR

Received by the Office of the Governor this _____

day of _____, 20_____, at _____ o'clock _____ M.

By: _____

Approved by the Governor of the State of Oklahoma this _____

day of _____, 20_____, at _____ o'clock _____ M.

_____
Governor of the State of Oklahoma

OFFICE OF THE SECRETARY OF STATE

Received by the Office of the Secretary of State this _____

day of _____, 20_____, at _____ o'clock _____ M.

By: _____

---