# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)   CARLY GRAFF, )<br>)<br>On behalf of themselves and all others )<br>similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>(1) ABERDEEN ENTERPRIZES II, INC., )<br>AN OKLAHOMA CORPORATION, ET AL., )<br>)<br>Defendants. ) | Case No. 17-CV-00606-TCK-JFJ<br>(Complaint - Class Action) |

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS SHERIFF SCOTT WALTON (ROGERS COUNTY) (OFFICIAL CAPACITY), BOARD OF COUNTY COMMISSIONERS OF ROGERS COUNTY, AND FORMER COURT CLERK KIM HENRY (ROGERS COUNTY) (OFFICIAL CAPACITY)

COME NOW Defendants Sheriff Scott Walton (Rogers County) (Official Capacity), the Board of County Commissioners of Rogers County, and Court Clerk Kim Henry (Rogers County) (Official Capacity), and hereby file this Reply Brief in Support of their Motion to Dismiss.

Respectfully submitted,

Thomas A. LeBlanc, OBA #14768
BEST & SHARP
One West Third Street
Williams Center Tower I, Suite 900
Tulsa OK 74103
(918) 582-1234 Telephone
(918) 585-7447 Facsimile
tleblanc@bestsharp.com
*Attorneys for Defendants,*
*Scott Walton, Sheriff of Rogers County,*
*in his official and individual capacities;*
*Board of County Commissioners of Rogers*
*County, Oklahoma; and Kim Henry, Rogers*
*County Court Clerk, official capacity only.*

August 31, 2023

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS SHERIFF SCOTT WALTON (ROGERS COUNTY) (OFFICIAL CAPACITY), BOARD OF COUNTY COMMISSIONERS OF ROGERS COUNTY, AND FORMER COURT CLERK KIM HENRY (ROGERS COUNTY) (OFFICIAL CAPACITY)**

COME NOW Defendants Sheriff Scott Walton (Rogers County) (Official Capacity), the Board of County Commissioners of Rogers County, and Former Court Clerk Kim Henry (Rogers County) (Official Capacity), and file this Reply Brief in Support of their Motion to Dismiss. In light of Plaintiffs' Response Brief, Plaintiffs' claims against these Defendants should be dismissed:

**I.   The Rogers County Defendants Are Entitled to Dismissal because Plaintiffs Have Failed to Identify any Underlying Constitutional Violation and Because County Policy is Not at Issue**

It is axiomatic that a municipality may not be held liable where there was no underlying constitutional violation by any of its employees. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Here, the constitutional rights of Graff and Holmes have not been violated. Plaintiffs now concede that neither Graff nor Holmes have been arrested by Sheriff Walton for mere failure to pay. (Doc. 418 at 2). Plaintiff Graff has no outstanding warrants or debts. (Doc. 342). Rather, their constitutional claims are premised on their alleged fear that such warrants might exist (or existed in the past) and might have possibly been enforced against them. *Bearden* did not hold that any such fear amounted to a violation of the Fourth or Fourteenth Amendments.[1] And "[a]bstract injury is not enough." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

Plaintiffs argue that a municipal liability claim is appropriate against Rogers County because the County has a policy of violating the rights of citizens and because certain improper actions have been taken against them by a final policymaker (the Sheriff and the Clerk). This argument is incorrect. Plaintiffs challenge the process by which the Courts of this State determine

---

[1] Holmes is now represented by ten (10) different attorneys from three (3) law firms who recognize she has a right to request a Rule 8 hearing. But, she has refused to request one; has refused to set up a payment plan with Rogers County; and has failed to show that she is unable to make payments. She pursues this strategy in order to manufacture her current *Bearden* claim.

whether a criminal defendant has violated the terms of his or her plea agreement when they have failed to pay. Plaintiffs also challenge state-adopted procedures for collecting such fines, fees, and costs, and allege that the Sheriff and Clerk play some related role by their involvement in the issuance and service of bench warrants.

However, <u>Plaintiffs cite no case law indicating that the process or procedure related to the issuance and service of bench warrants by a district court judge constitutes a policy or practice of Rogers County</u>.[2] Under §1983, a municipality may not be held liable for the decision-making of judicial officers, or for policies, rules or decisions officially adopted by the state legislature or state judiciary. *See Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1190 (10th Cir. 2003) (citing cases)*; Mackey v. Helfrich,* 442 Fed. Appx. 948, 950 (5th Cir. 2011) ("A county judge acting in his judicial capacity to enforce state law does not act as a municipal official or lawmaker."); *Woods v. City of Michigan City*, 940 F.2d 275 (7th Cir. 1991). As discussed in previous briefing, (Doc. 283, 292), the "policy" of Rogers County is not at issue in this case. Any local government actors, including the Sheriff and Clerk, perform <u>state</u> functions within the state's <u>judicial hierarchy</u> pursuant to judicial orders, court rules, state statutes, and case law that impose upon them contempt of court, criminal penalties, and removal from office for non-compliance. (Doc. 283 at 2-10). Even the statutory collection program which contemplated the hiring of a third-party contractor (such as Aberdeen) was expressly intended to collect fines, fees and costs <u>owing to the State of Oklahoma</u>. A sheriff's or clerk's role (in implementing the program) is carried out on behalf of the state judiciary, not Rogers County. *E.g., North Side v. Board*, 894 P.2d 1046 (Okla. 1994) ("The court clerk is an independently elected county executive heading a service agency for the district court. In the performance of all ministerial court functions, the court clerk and his deputies

---

[2] And, fundamentally, Plaintiffs cite no case law showing it is inappropriate for a district court to use a bench warrant to summon or detain a criminal defendant pending a hearing on their admitted failure to comply with the terms of their plea agreement or duly-imposed sentence.

are subject to summary control by the judges."); *Scott v. O'Grady*, 975 F.2d 366 (7th Cir. 1992) (sheriff acts as arm of state when acting to enforce orders issued by state courts).

In fact, Plaintiffs' primary claim in this case is that "bench warrants" have been issued and served with no determination of the criminal defendant's ability to pay. Any policies related to the *issuance of bench warrants* are *not* those of the Sheriff or Clerk of Rogers County; these are *not county policies*, and therefore the Rogers County Defendants are entitled to dismissal. *E.g., Seamons v. Snow*, 206 F.3d 1021, 1029 (10th Cir. 2000) ("[I]t must be shown that the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action."). Plaintiffs' various arguments that the Sheriff and Clerk are involved in the process by which the bench warrants are issued does not translate this process into a county-level "policy" of violating the constitutional rights of criminal defendants. [3]

The Court should reject Plaintiffs' remaining arguments concerning alleged the alleged "policies" of "final policy makers" for Rogers County. For instance, Plaintiffs claim that Sheriffs have final policy making authority to determine "whether, and previously, with whom" to contract to perform collection of court debt per 19 O.S. §514.4(A). (Doc. 416 at 10). Again, the collection process is not a "final policy" of the office of the Sheriff but represents the State's mandatory policy for collection of fines, fees, and costs. (Doc 406-1) (Oklahoma Supreme Court Order indicating district courts were "directed" to participate in failure to pay warrant collection program

---

[3] Plaintiffs also argue that Sheriffs had no duty to enforce warrants that they "know to be deficient." However, as discussed in Sheriff Walton's Reply Brief (individual capacity), Plaintiffs fail to acknowledge the breadth of Tenth Circuit law on this issue; nothing on the face of a bench warrant in this regard suggests that they are "facially invalid." *Valdez v. City and Cty. of Denver*, 878 F.2d 1285, 1287 (10th Cir. 1989). More to the point, Plaintiffs fail to show how enforcement of a bench warrant amounts to a county-level policy. *E.g., Scott v. O'Grady*, 975 F.2d 366 (7th Cir. 1992) (finding sheriff acted as arm of the state when enforcing orders of state courts). Rather, the Sheriff's functions as a ministerial officer of the court to carry out the directives of the Oklahoma Supreme Court <u>on behalf of the State</u>. (Doc. 406-1; 19 O.S. §514.4; 74 O.S. §85.41).

authorized by 19 O.S. §§514.4, 514.5). As exhaustively discussed in the Reply Brief filed by Tulsa County, (Doc. 430) (incorporated herein), the collection of past due money owed to the state court is a matter of state policy. And, 19 O.S. § 514.4 specifically authorizes the county sheriff to implement the misdemeanor or failure-to-pay warrant collection program by entering into contracts *as a state agency* pursuant to 74 O.S. § 85.41 ("A state agency that acquires professional services shall comply with the provisions of this section…."). The OSA is not the sheriff's "agent" but their assignee of such right to contract *as a state agency* pursuant to 74 O.S. §85.41. The object of the OSA contract is to enhance revenue collection *for the state's judiciary*; the warrant collection program *serves no county function*. To the extent of the clerk's involvement in this process, the clerk assists as the court's bursar, not on behalf of the county *qua* county. *See Petuskey v. Cannon*, 742 P.2d 1117, 1121 (Okla. 1987).

Further, Plaintiffs have cited no case law indicating it is unconstitutional for a Sheriff to hire a third-party contractor for collection efforts. Plaintiffs' constitutional rights were not violated simply because a third-party contractor was hired to assist in collecting fees and costs by criminal defendants. Plaintiffs' reliance on *Hollingsworth v. Hill*, 110 F.3d 733, 743 (10th Cir. 1997) is somewhat baffling insofar as the Court *rejected* a *Monell* claim where a deputy sheriff allegedly improperly removed the plaintiff's children without due process, finding the deputy did not act pursuant to county-policy when he followed the advice of an assistant district attorney (i.e., an "officer of the state"). Similarly, here, local county officers cannot be responsible for establishing final government policy with respect to matters under the exclusive jurisdiction, supervision, and control of the state judiciary. *Whitsel v. Sengenberger*, 222 F.3d 861, 872 (10th Cir. 2000) (board of county commissioners not liable "for merely implementing a policy created by the state judiciary").

Plaintiffs also contend the Sheriff is a final policy maker with respect to the county jails. (Doc. 416 at 12). But, this case does not implicate the operation of a county jail, and neither Graff

nor Holmes were ever detained in the county jail for failure to pay. Finally, Plaintiffs suggest that court clerks set "final policy" with respect to issuance of bench warrants and referrals to Aberdeen. However, these functions are clearly related to, and required by, the clerk's obligation to participate in the debt collection program, as directed by the Oklahoma Supreme Court. (Doc. 406-1). <u>The clerk's responsibilities in this regard are to the state judicial system; court clerks do not set "final policy" for Rogers County</u>. *See North Side, supra.*[4]

Because Plaintiffs have failed to identify an underlying constitutional violation, and because Plaintiffs cannot show that their constitutional rights were violated by any "policy" or "custom" of Rogers County or by the decisions of a "final policy maker" for Rogers County, Plaintiffs' claims against the Rogers County Defendants, in their official capacity, should be dismissed.

## II. Plaintiffs Have Failed to Show that a Policy or Custom of Rogers County was the Moving Force Behind any Constitutional Violation

For the same reasons, Plaintiffs cannot show that their injuries were <u>caused by</u> a policy that was adopted at the county level. The misdemeanor and failure to pay warrant program were authorized by state law, and district courts were directed to participate. Further, Plaintiffs do not cite a single previous case where a plaintiff was arrested and detained by the Rogers County

---

[4] Plaintiffs' suggestion that Court Clerks "deceive the courts" by "withholding information relevant to the warrant process" is as offensive as it is false. Such attacks on local government employees are made solely to bolster claims that lack substantive merit. A Court Clerk does not "deceive" a court by alerting the Court to a defendant's *admitted* failure to abide by the terms of his or sentence/plea agreement. Plaintiffs' argument that clerks were obligated to reject Aberdeen's "unlawful warrant requests" as "sham legal process" (per 12 O.S. §29) is also without merit. Statutory law recognized the role of the contractor in this process. 12 O.S. §514.4. Plaintiffs complain about whether defendants receive adequate process prior to the issuance of the warrants, but the warrants are not "unlawfully issued" since they are issued and signed by a state court judge based on admitted failures to pay and/or comply with plea agreements. 21 O.S. §1533(H)(1) (defining sham legal process). Clerks are not required to act as "pseudo-appellate courts scrutinizing the orders of judges." *See Moss v. Kopp*, 559 F.3d 1155, 1165 (10th Cir. 2009).

5

Defendants for failure to pay. Plaintiffs have failed to satisfy their burden of pleading sufficient facts to show that a county-policy was the "moving force" behind any constitutional deprivation.

### III. The Board of County Commissioners is Not a Proper Defendant

In this case, Plaintiffs have sued the Rogers County Board of County Commissioners *and* the Sheriff and Court Clerk of Rogers County in their official capacities. These claims are redundant. In the § 1983 context, a suit against the board of county commissioners or some other county official in their official capacity is, in substance, a suit against the county. *See Myers v. Okla. County Bd. Of County Comm'rs*, 151 F.3d 1313, 1316 n.2 (10th Cir. 1998). The Board of County Commissioners has sought dismissal, since Plaintiffs have already sued Rogers County officials (i.e., the Sheriff and Clerk) in their official capacities.

The relevant case law is not entirely clear on who is the proper party defendant under these circumstances. Some case law has determined that the Board of County Commissioners is *not* the proper defendant. *E.g., Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988); *Goss v. Board*, 2014 WL 4983856 (N.D. Okla. 2014). However, other courts have found that the Board of County Commissioners *is* the proper defendant. *E.g., duBois v. Board of County Comm'rs of Mayes County*, 2014 WL 4810332 (N.D. Okla. 2014). For that reason, to avoid redundancy and clarify the caption, Defendants request the Court dismiss the official capacity claims against the Sheriff and Clerk *or* dismiss the claims against the Board of County Commissioners.

### IV. Plaintiffs' Claims for Prospective Relief are Moot

The Tenth Circuit went out of its way to suggest that the new amendments to 22 O.S. §983 may affect Plaintiffs' claims for prospective relief. *See Graff*, 65 F.4th at 512 n.14. In response, Defendant thoroughly outlined the amendments to 22 O.S. §983 and 19 O.S. §§514.4, 514.5, and showed that Plaintiffs' claims for prospective relief were moot. In Response, Plaintiffs do not provide the Court with any significant analysis of the amended statutes, but instead sidestep the issue by anemically claiming that they challenge "practices" and "not any statute or rule." But,

6

this argument is non-responsive, insofar as the Court is assessing whether prospective injunctive relief can be granted when (i) the amended statute defines the procedures that will apply in this context going forward; (ii) no plaintiff has suffered injury by virtue of the new statute; and (iii) no plaintiff has been previously been incarcerated by Rogers County for failure to pay. A claim that a party is entitled to "damages" for past "practices" is analytically distinct from a claim for future, equitable injunctive relief. *E.g., City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) (rejecting equitable relief simply because plaintiff had been harmed in the past by illegal choking); *Rizzo v. Goode*, 423 U.S. 362 (1976) (injunctive relief only appropriate in "the most extraordinary circumstances").[5] Because Plaintiffs do not seriously address the new amendments and because Plaintiffs cannot credibly argue that they will suffer future harm (i.e., they haven't even suffered *past* harm from Rogers County!), prospective or equitable relief should not be granted. *O'Shea v. Littleton*, 414 U.S. 488 (1974).

Plaintiffs also suggest that, aside from the mootness issue, their "conflict of interest due process claim" remains, along with their challenge to the 30% fee. But, Plaintiffs provide the Court with no authority for these "claims," and hence any claim for prospective relief should be rejected (particularly with respect to the Rogers County Defendants). As noted previously, the State itself <u>directed</u> district courts to comply with the misdemeanor and failure to pay program per 19 O.S. §§514.4, 514.5. (Doc. 406-1). The policy of the State of Oklahoma is not the policy of Rogers County for purposes of §1983 liability. (Doc. 406 at 15). Likewise, the Sheriff and the Clerk do not issue warrants, nor are they final policy makers with respect to the propriety and scope of a *Bearden* analysis or regarding *how* that process shall take place with respect to the bench warrant process. Plaintiffs reference the contract with Aberdeen but, again, said contract was

---

[5] It is worth noting that Plaintiffs do not even acknowledge the fact that equitable prospective relief is rarely granted by a federal court against state court actors/defendants concerning the operation of state criminal law and procedure. This fact renders much of their briefing unreliable on the relevant legal issues.

governed, and authorized, by Oklahoma state law. 19 O.S. §514.4. The 30% fee was required – by *state* law – to be imposed when the misdemeanor and failure-to-pay warrants were referred to the contractor. 12 O.S. §514.5. The fee does not represent *county* policy and, hence, prospective declaratory/injunctive relief cannot be imposed on the Rogers County Defendants concerning these *state* policies.

In attempt to avoid their heavy burden to show that prospective injunctive relief should be permitted, Plaintiffs attempt to re-characterize the issue as a "voluntary cessation" argument, suggesting that Defendant bears a "formidable burden" to show that it is "absolutely clear" that the alleged "wrongful behavior" will not recur. (Doc. 416 at 21). This argument is a *non-sequitur*, as the true issue is whether the *amended statutory law* – not Defendants' "voluntary cessation" of conduct – affects Plaintiffs' "forward-looking claims." *See Graff*, 65 F.4th at 512 n.14. As noted in Defendants' Motion to Dismiss, (Doc. 406 at 19-25), the new statutory amendments provide defendants with an ability to appear at a "cost hearing" where "ability to pay" is considered and cost warrants are not issued until after those procedure are employed. 22 O.S. §983. Plaintiffs provide the Court with no authority for a federal court to enter "prospective" injunctive/declaratory relief when the Oklahoma legislature has already enacted a statute that regulates the entire field of this matter. *E.g., Camfield v. City of Oklahoma City*, 248 F.3d 1214, 1224 (10th Cir. 2001) (rejecting "voluntary cessation" analysis when issue was whether repealed or revised statute rendered controversy moot). In truth, Plaintiffs seek a ruling about past "conduct," and declaratory relief would be "superfluous in light of the damages claim." *See PeTA v. Rasmussen,* 298 F.3d 1198 n.2 (10th Cir. 2002) (citing *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997)).[6]

---

[6] Plaintiffs suggest that they are unaware of whether Defendants will return to their "old ways," and hence their request for prospective relief remains valid. (Doc. 416 at 22). But, aside from speculation, Plaintiffs provide the Court with no authority to suggest that the new statutory regime will not be followed by Oklahoma courts. *E.g., Murphy v. Hunt*, 455 U.S. 478, 482-83 (1982) (possibility of recurrence must be more than "theoretical").

## V. CONCLUSION

As discussed above, the Rogers County Defendants are entitled to dismissal because (1) Plaintiffs have failed to identify an underlying violation of their constitutional rights; (2) Plaintiffs have failed to identify any unconstitutional policy or practice of Rogers County that violated their rights and have failed to identify any decision or action by a final-policy maker that violated their constitutional rights; and (3) Plaintiffs have failed to show that any count-level policy was the "moving force" behind any constitutional violations. In addition, Plaintiffs' claims for prospective declaratory/injunctive relief are moot.

WHEREFORE, premises considered, Defendants Sheriff Scott Walton (Rogers County) (Official Capacity), the Board of County Commissioners of Rogers County, and Former Court Clerk Kim Henry (Rogers County) (Official Capacity), respectfully request the Court grant their Motion to Dismiss (Dkt. #406), and dismiss the claims against them with prejudice.

Respectfully submitted,

BEST & SHARP

*s/ Thomas A. LeBlanc*
Thomas A. LeBlanc, OBA #14768
One West Third Street
Williams Center Tower I, Suite 900
Tulsa OK 74103
(918) 582-1234 Telephone
(918) 585-7447 Facsimile
tleblanc@bestsharp.com
*Attorneys for Defendants,*
*Scott Walton, Sheriff of Rogers County,*
*in his official and individual capacity; Board*
*of County Commissioners of Rogers*
*County, Oklahoma; and Kim Henry, Rogers*
*County Court Clerk (official capacity only)*

**CERTIFICATE OF MAILING**

I hereby certify that on the 31st day of August, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Daniel E Smolen
danielsmolen@ssrok.com
Donald E. Smolen
donaldsmolen@ssrok.com
Robert M. Blakemore
bobblakemore@ssrok.com
Seth T. Wayne
sw1098@georgetown.edu
Mary B. McCord
mbm7@georgetown.edu
Elizabeth Rossi
elizabeth@civilrightscorps.org
Douglas N. Letter, Admitted Pro Hac Vice
dl1016@georgetown.edu
Ryan Downer, Admitted Pro Hac Vice
ryan@civilrightscorps.org
Marco Lopez, Admitted Pro Hac Vice
marco@civilrightscorps.org
Tara Mikkilineni, Admitted Pro Hac Vice
tara@civilrightscorps.org
Ryan Downer
ryan@civilrightscorps.org
Leonard Laurenceau, Admitted Pro Hac Vice
leo@civilrightscorps.org
Shelby Calambokidis, Admitted Pro Hac Vice
sc2053@georgetown.edu
Ellora Thadaney Israni. Admitted Pro Hac Vice
ellora@civilrightscorps.org
*Attorneys for Plaintiffs*

John R Woodard III
john@csmlawgroup.com
Jennifer L. Struble
jstruble@cswlawgroup.com
*Attorney for Aberdeen Enterprizes II, Inc.,*
*Jim D. Shofner and Rob Shofner*

Jeffrey C. Hendrickson
jhendrickson@piercecouch.com
Robert Lamar Betts

10

rbetts@piercecouch.com
April D. Kelso
akelso@piercecouch.com
Robert S. Lafferandre
rlafferandre@piercecouch.com
Randall J. Wood
rwood@piercecouch.com
*Attorneys for 51 Sheriff Defendants*
*Excluding the Sheriffs of Oklahoma, Rogers*
*and Tulsa Counties*

Rodney J. Heggy
rod.heggy@oklahomacounty.org
Aaron Etherington
aaron.etherington@oklahomacounty.org
Carri A. Remillard
carri.remallard@oklahomacounty.org
*Attorney for PD Taylor, Oklahoma County Sheriff*

Chris M. Warzecha
cwarzecha@cwlaw.com
Isaac Robertson Ellis
iellis@cwlaw.com
Melodie Freeman-Burney
mburney@cwlaw.com
Robert Dale James
rob.james@cwlaw.com
Conner & Winters, LLP
*Attorneys for Oklahoma Sheriffs' Association*

Stefanie E. Lawson
stefanie.lawson@oag.ok.gov
*Attorneys for Judge Dawn Moody, Judge Doug M. Drummond,*
*Judge Williams J. Musseman, Jr. and Judge Terrell S. Crosson*

Joel L. Wohlgemuth
jlw@nwcjlaw.com
Jo Lynn Jeter
jlj@nwcjlaw.com
W. Caleb Jones
wjones@NWLawOK.com
Douglas A. Wilson
douglas.wilson@tulsacounty.org
Mike Shouse
mshouse@tulsacounty.org

*Attorneys for Don Newberry, Tulsa County Court Clerk, Vic Regalado, Tulsa County Sheriff, Darlene Bailey, Tulsa County Cost Administrator, Board of County Commissioners for Tulsa County*

Scott Wood
okcoplaw@aol.com
*Attorney for Kim Henry*

                                               *s/ Thomas A. LeBlanc*