UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLY GRAFF, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-606-TCK-JFJ |
| ) | |
| ABERDEEN ENTERPRIZES II, INC., ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

**REPLY TO PLAINTIFFS' OPPOSITION TO RENEWED MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT BY DEFENDANT DARLENE BAILEY, IN HER INDIVIDUAL CAPACITY**

**Joel L. Wohlgemuth, OBA #9811**
**Jo Lynn Jeter, OBA #20252**
**W. Caleb Jones, OBA #33541**
**Norman Wohlgemuth, LLP**
3200 Mid-Continent Tower
401 South Boston
Tulsa, OK 74103
(918) 583-7571
(918) 584-7846 – facsimile
JWohlgemuth@NWLawOK.com
JJeter@NWLawOK.com
WJones@NWLawOK.com

**Douglas A. Wilson, OBA #13128**
**Michael Shouse, OBA #33610**
**Tulsa County District Attorney's Office**
**Civil Division**
218 W. Sixth St., Suite 933
Tulsa, OK  74119
918-596-8795
douglas.wilson@tulsacounty.org
mshouse@tulsacounty.org

**ATTORNEYS FOR DEFENDANTS VIC REGALADO, SHERIFF OF TULSA COUNTY, DON NEWBERRY, TULSA COUNTY COURT CLERK, DARLENE BAILEY, TULSA COUNTY COURT COSTS ADMINISTRATOR, AND BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF TULSA**

**August 31, 2023**

Defendant, Darlene Bailey, accounts receivable bursar for the state district court, a/k/a "Cost Administrator," in her individual capacity, respectfully submits this Reply Brief in support of her Renewed Motion to Dismiss Plaintiffs' Second Amended Complaint. (Doc. No. 410).

The law does not permit Plaintiffs to put Ms. Bailey's financial livelihood and wellbeing at stake for simply carrying out the tasks and duties associated with her job. The doctrines of judicial immunity and qualified immunity exist so that public servants like Ms. Bailey will not be bankrupted for merely doing their jobs. Darlene Bailey is entitled to absolute judicial immunity, or at the very least, qualified immunity, and Plaintiffs' claims against Ms. Bailey must be dismissed.

## I. BAILEY IS ENTITLED TO ABSOLUTE IMMUNITY.

### A. Bailey's Preparation of Failure-to-Pay Warrants is Absolutely Immune because it is an Integral Part of the Judicial Process.

Plaintiffs allege that Bailey automatically "seeks" failure-to-pay bench warrants when a convicted criminal defendant fails to pay court-ordered costs and that judges rubber stamp such warrants. (Doc. 212. at ¶¶5, 7, 330, 331). Officials, like Bailey, performing functions integral to the judicial process are absolutely immune from suit; specifically, "immunity which derives from judicial immunity may extend to persons other than a judge *where performance of judicial acts or activity as an official aid of the judge is involved*." *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (citing *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981)). The Tenth Circuit, in *Whitesel*, went on to hold that such quasi-judicial immunity applies to officers performing both "discretionary judicial acts" as well as those performing "ministerial acts at the direction of a judge." *Whitesel*, 222 F.3d at 869. Bailey's acts with respect to issuing failure-to-pay bench warrants aid the court in a specific judicial function, and Bailey is absolutely immune.

There can be no legitimate dispute that issuing a failure-to-pay bench warrant is a judicial function. The United States Supreme Court has noted that the "touchstone" for application of judicial immunity "has been performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-436 (1993). Regarding an Oklahoma court clerk alleged to have improperly issued a failure-to-pay arrest warrant, the Eastern District of Oklahoma District Court observed, "few judicial acts authoritatively adjudicate private rights, as held by *Antoine*, more than ordering the arrest of an individual." *Jones v. Hacker*, 2015 U.S. Dist. LEXIS 34911, *19-20 (E.D. Okla. 2015). In generating failure-to-pay bench warrants for the state district court, Bailey is either undertaking a "discretionary judicial act"—i.e, of her own discretion issuing warrants that are merely rubber stamped by the Court—or she is undertaking a "ministerial act" at the direction of the Court—i.e, she is simply automatically generating warrants at the behest of the court for recoupment of fees. Whichever way her conduct is viewed, she is entitled to immunity. *Whitesel*, 222 F.3d at 869.

Plaintiffs try to avoid Ms. Bailey's absolute immunity by likening her job to that of a police detective investigating a crime and seeking an arrest or search warrant. (Doc. No. 426, pp. 7-8). This makes little sense. A law enforcement officer is an executive branch official with discretion to investigate criminal acts in the hopes of obtaining a criminal conviction; in our system of checks and balances, this executive officer's actions require judicial scrutiny. Bailey, however, functions as judicial personnel, trained and exclusively supervised by the judiciary, carrying out the ministerial task of generating failure-to-pay bench warrants based on the judiciary's own accounting records, with the ultimate end of recouping costs and fees for the court. "Immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches." *Valdez v. City of Denver*, 879 F.2d 1285, 1287 (quoting *Forrester v. White*, 484 U.S. 219, 227

(1988) (emphasis in original)). The *function* that Bailey serves is to aid the district court in issuing warrants, on behalf of the court itself, for recoupment of costs. Plaintiffs' comparison of Bailey to a police officer is nonsensical, and only underscores the weakness of Plaintiffs' position. Bailey no more "seeks" a failure-to-pay bench warrant than a nurse "seeks" a prescription who prepares it for the doctor's signature, or a paralegal "seeks" a deposition notice who prepares it for the attorney's signature.

Plaintiffs' precise argument has previously been rejected by the United States District Court for the Eastern District of Louisiana. *Cain v. City of New Orleans*, 2017 WL 467685 (E.D. La. Feb. 3, 2017). In *Cain*, the court observed that "Plaintiffs have attempted to restyle their allegations against the [court administrator] to assert that he *seeks* rather than *issues* warrants. In doing so, plaintiffs hope to tie [the court administrator] to decisions applying qualified immunity to police and probation officers who submit insufficient affidavits to magistrate judges in support of warrants." 2017 WL 467685, at *6. "This reinterpretation of [the court administrator's] role— as a de facto police officer rather than a stand-in-judge—is undermined when plaintiffs' allegations are read as a whole." *Id.* The same is true here. Plaintiffs' argument that Bailey investigates and "seeks" warrants is undermined by Plaintiffs' actual allegations about Bailey's role regarding the issuance of warrants, i.e. that such warrants are sought "automatically" when defendants fail to pay their court costs. (Doc. No. 212, ¶5).

Plaintiffs also maintain, on the strength of a single case citation, *Kneisser v. McInerney*, 2018 U.S. Dist. LEXIS 55389 (D.N.J. Mar. 30, 2018), that the issuance of warrants for the collection of court costs is not a judicial function, and that Bailey is not immune for that reason. As already seen, the District Court for the Eastern District of Oklahoma, in *Jones v. Hacker*, reached the opposition conclusion after examining Oklahoma law, the structure of Oklahoma's

3

judiciary, and applying Tenth Circuit case law. *Jones*, 2015 U.S. Dist. LEXIS 34911, *19-20. Nor is the Eastern District of Oklahoma alone in its conclusion that the collection of fines and issuance of warrants for failure to pay are acts judicial in nature. *See Cain*, 2017 U.S. Dist. LEXIS 15124, *17-*18 (clerk "seeking" of failure-to-pay arrest warrant was judicial in nature); *Mahoney v. Derrick*, 2022 Ark. 27, *6, 2022 Ark. LEXIS 35 (Court's practice of assessing fines without inquiry into ability to pay was part of judicial function, not administrative).

### B. Bailey is Also Absolutely Immune for her Transfer of Cases to Aberdeen.

Bailey's referral of delinquent accounts to Aberdeen is in aid of the state court's adjudicative function and subject to immunity. Oklahoma statutes provide that court-ordered costs are part of the sentence against a convicted criminal defendant. *See* 28 *Okla. Stat.* § 101 (court-ordered costs are part of the sentence against a convicted criminal defendant). It follows that the collection of fines, fees and costs in Oklahoma is part of the district court's execution of its sentence. As the Oklahoma Supreme Court in *Petuskey* wrote: "The assessment of a fine is exclusively an adjudicative function of a judge, and not the court clerk." *Petuskey*, ¶ 26, 742 P.2d at 1122 (citing 22 O.S. § 961, et seq.).

As stated by the Arkansas Supreme Court in *Mahoney* (construing federal law):

> While only a judge may impose fines or create an installment plan to assist defendants with their payments, Appellants argue that the judge's delegation of certain administrative aspects of these duties—namely, permitting court clerks to grant payment extensions or accept partial payments at their discretion—requires this court to find that court-imposed fines are administrative rather than judicial duties. But this is not so. The mere delegation of ancillary administrative tasks does not rid a function of its judicial nature. *See Forrester v. White*, 484 U.S. 219, 227–28 (1988). Judges may often ask their subordinates to perform tasks on their behalf to promote the administration of justice. Asking a court clerk to accept a payment for a fine or, in his discretion, permit a defendant to make a partial payment is not akin to the nonjudicial, administrative function of, for example, hiring court employees. *See id*. at 222. The imposition and administration of fines is purely an adjudicative, i.e., judicial, function. *See id*.

*Mahoney*, at *6-7.

Given the above, actions taken by the Court to collect costs and fines are adjudicative in nature. The referral of accounts to Aberdeen is simply an effort of the Court to collect costs and fines. As such, Bailey's alleged actions in transferring cases to Aberdeen, even if done in Bailey's discretion as Plaintiffs allege, is subject to immunity as a "discretionary judicial act"—the performance of which would entitle Bailey to immunity under *Whitesel*'s clear holding. *Whitesel*, 222 F.3d at 869.

Lastly, Bailey has transferred cases to Aberdeen at the explicit direction of the Oklahoma Supreme Court. *See* Supreme Court Order, S.C.A.D. 2011-08 (Doc. No.99-35) ("Each district court is authorized and *directed to participate in* the misdemeanor or failure-to-pay warrant collection program authorized by Title 19 Oklahoma Statutes Sections 514.4 and 514.5 immediately"). Bailey, as a deputy of the court clerk, is an arm of the court and subject to "summary control" by the judges. *Petuskey*, ¶3, 742 P.2d at 1125. Thus, Bailey is not herself responsible for the policy of assigning cases to Aberdeen; she has done nothing other than obey the directive of the Supreme Court of Oklahoma. Bailey did not create these policies, she has no authority to deviate from them, and she should not be rendered individually liable for following policies set by those whose orders she is bound to follow. *See Petusky* , ¶ 20, 742 P.2d at 1121 ("the District Court Clerk is . . . an arm of the court, whose duties are ministerial, except for those discretionary duties provided by statute.").

## II. BAILEY IS ENTITLED TO QUALIFIED IMMUNITY.

Plaintiffs cannot simply allege a clearly established constitutional right was violated. The "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635 (1987). Plaintiffs allege

5

that Bailey should know it is unconstitutional for a warrant to not be based upon probable cause supported by oath or affirmation, that a person cannot be imprisoned solely for inability to pay, and that Bailey recklessly omits material when she requests a warrant. (Doc. No. 426, Response, pp. 13-16). In this regard, again, Plaintiffs again attempt to characterize Bailey's preparation of warrants as the same as law enforcement's preparation of affidavits for warrants. Yet, Bailey is not a police officer; Plaintiffs do not explain how a reasonable cost administrator would understand the legitimate contours and parameters of her position based upon precedent regarding police officers.

As noted previously, Plaintiffs' attempt to equate a court administrator with a police officer was rejected in *Cain v. City of New Orleans*. The plaintiffs in *Cain* had essentially the same complaint as the Plaintiffs do here: "Instead of performing the allegedly required willfulness inquiry, and then ordering arrest only if a defendants' failure to pay is found to be willful, the Judges have purportedly given [the court administrator] and the Collections Department standing orders to issue warrants for any defendant who does not pay." *Id.* The *Cain* Court noted that, "This reinterpretation of [the court administrator's] role—as a de facto police officer rather than a stand-in-judge—is undermined when plaintiffs' allegations are read as a whole." *Id.* The *Cain* court ultimately concluded that the comparison could not hold.

The question for qualified immunity purposes is whether there is a Tenth Circuit or Supreme Court decision, or a clearly established weight of authority, that would give Bailey clear notice that a court official preparing a warrant for a judge's signature is required to include an oath or affirmation or include material as to the individual's indigency status. *See Thomas v. Durastanti*, 607 F.3d 655, 669 (10th Cir. 2010). Plaintiffs cite cases discussing police who seek warrants following a criminal investigation, but they do not present any authority with respect to court

6

officials performing the ministerial task of assisting a judge with the preparation and issuance of a warrant. By the same token, there is no clearly established authority that assisting a judge in the preparation of a warrant violates someone's right not to be imprisoned solely for inability to pay court costs. Bailey neither makes the determination of incarceration, nor does she actually incarcerate anyone. As the *Cain* court recognized, that is the judge's responsibility. 2017 WL 467685, at *6.

### III. PLAINTIFFS CANNOT OBTAIN INJUNCTIVE RELIEF AGAINST BAILEY IN HER INDIVIDUAL CAPACITY.

The Tenth Circuit has been absolutely clear that injunctive relief is only available against §1983 defendants in their *official* capacities, and unavailable against individual-capacity defendants. *See Brown v. Montoya*, 662 F.3d 1152, 1161 n. 5 (10th Cir. 2011) (*dicta*). Plaintiffs acknowledge two Tenth Circuit cases that support Bailey's proposition: *Vasquez v. Davis*, 882 F.3d 1270, 1279 (10th Cir. 2018) (holding that an injunction can "apply only to Defendant Raemisch in his official capacity") and *DeVargas v. Mason & Hanger-Silas Mason Co.*, 844 F.2d 714, 718 (10th Cir. 1988) ("An action for injunctive relief no matter how it is phrased is against a defendant in official capacity only."). Plaintiffs seek to have this Court reject Tenth Circuit precedent because the cases do not square with Plaintiffs' interpretation of § 1983.

Plaintiffs argue that the cited Tenth Circuit authority is distinguishable because several of the cases (though not all them) involved state officials who, in their official capacities, were immune from damages suit under the Eleventh Amendment. Doc. 424, pp. 20-21. The import of this distinction is not exactly clear, but Plaintiffs contend that this distinction renders the Tenth Circuit's clear statements of law inapplicable.

The Tenth Circuit has never itself made this distinction in holding that individual capacity §1983 defendants may not be sued for injunctive relief. Moreover, in *Devargas*, the Tenth Circuit

7

affirmatively stated that "[a]n action for injunctive relief no matter how it is phrased is against a defendant in official capacity only; plaintiff seeks to change the behavior of the governmental entity." *DeVargas*, 844 F.2d at 718. This reasoning is clearly applicable to any §1983 defendant, including municipal officers, like Bailey.

Lastly, Plaintiffs contend that Bailey, in her individual capacity, is still subject to actions for declaratory relief. Plaintiffs are, again, incorrect. See *Chilcoat.*, 41 F.4th at 1214 ("Under § 1983, a plaintiff cannot sue an official in their individual capacity *for injunctive or declaratory relief.*") (emphasis added). The unavailability of injunctive or declaratory relief against Bailey, in her individual capacity, does not wholly forestall relief as Plaintiffs argue—such relief would be available against Bailey in her official capacity, should Plaintiffs prevail.

Bailey acknowledges that in her role as a state actor, that is, as judicial personnel who serves under the exclusive authority of the state' judiciary as an arm of the district court, she may be subject under applicable law to prospective injunctive relief to prevent any ongoing constitutional violations. This would not, however, be in her individual capacity.

## IV. BAILEY'S STATUTE OF LIMITATIONS ARGUMENT IS PROPER.

Plaintiffs first argue at length that Bailey cannot raise her statute of limitations defense due to the general limitation on successive motions to dismiss set forth in Fed. R. Civ. P. 12(g). Bailey's Motion to Dismiss has adequately addressed this contention (see Doc. No. 411 §I), but suffice to say, there is no reason for this Court to adhere to a hyper-technical reading of Fed. R. Civ. P. 12(g) when this Court has already ordered successive motions to dismiss in this case. *See F.T.C. v. Innovative Mktg., Inc.*, 654 F. Supp. 2d 378, 383-84 (D. Md. 2009) (collecting cases). Such an approach would needlessly privilege empty formality over the resolution of substantive issues. Bailey's Statute of Limitations arguments should be considered by this Court.

## CONCLUSION

The Renewed Motion to Dismiss the Second Amended Complaint (Doc. No. 410) should be *granted with prejudice* because any amendment would be futile based upon the nature of Plaintiffs' pleading defects. *See Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.").

Respectfully submitted,

 /s/ Jo Lynn Jeter
**Joel L. Wohlgemuth**, OBA #9811
**Jo Lynn Jeter**, OBA #20252
**W. Caleb Jones**, OBA # 33541
**NORMAN WOHLGEMUTH, LLP**
401 South Boston, Suite 3200
Tulsa, OK 74103
(918) 583-7571
(918) 584-7846 – facsimile
JWohlgemuth@NWLawOK.com
JJeter@NWLawOK.com
WJones@NWLawOK.com

**Douglas A. Wilson**, OBA #13128
**Michael Shouse**, OBA #33610
**Tulsa County District Attorney's Office**
**Civil Division**
218 W. Sixth St., Suite 933
Tulsa, OK  74119
Telephone: (918) 596-8795
Facsimile: (918) 596-4804
douglas.wilson@tulsacounty.org
mshouse@tulsacount.org

**Attorneys for Tulsa County Sheriff Vic Regalado, Tulsa County Court Clerk Don Newberry and Tulsa County Cost Administrator Darlene Bailey, in both their individual and official capacities, and the Board of County Commissioners of the County of Tulsa**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 31 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants in this matter.

        /s/ Jo Lynn Jeter_____