## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

**CARLY GRAFF, et al.**

*Plaintiffs*,

v.

**ABERDEEN ENTERPRIZES II, INC., et al.**

*Defendants*.

**Case No. 4:17-CV-606-SEH-JFJ**

## SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs respectfully submit this supplemental brief to provide this Court with additional information about the impact of newly enacted provisions of Oklahoma law on the relief requested by Plaintiffs' pending Motion for Preliminary Injunction, Doc. 77 ("PI Motion"). At the June 26, 2024, hearing, the Court inquired as to whether Plaintiffs that remain subject to outstanding arrest warrants—including Plaintiff Randy Frazier, the sole remaining subject of the PI Motion—would benefit from statutory revisions that purport to convert previously issued and unserved arrest warrants for failure to appear at a cost hearing or failure to pay court financial obligations into "cost cite and release warrants." *See* Okla. Stat. tit. 22, § 983(H)(6) (eff. Nov. 1, 2023). They do not.

Publicly accessible docket records show that the statutory amendment is not self-executing. Mr. Frazier's arrest warrants for nonpayment issued by the Tulsa County Defendants have not been automatically altered or rescinded as a result of the change in state law, and Defendants have taken no evident action to effectuate it. The dockets indicate that, as of the date of filing of this motion, Mr. Frazier's warrants have been unchanged by the 2023 statutory amendments and remain active to this day. *See* Tulsa County Docket in Cases No. CF-2006-1754 (Ex. 1); TR-2013-

19564 (Ex. 2); TR-2013-19565 (Ex. 3); TR-1999-4823 (Ex. 4); CM-2007-1934 (Ex. 5); and CF-2008-2215 (Ex. 6); *see also* Docket in Case No. CF-05-4750 (Ex. 7) (similarly reflecting no changes to an arrest warrant issued for another plaintiff, Melanie Holmes, in Tulsa County in 2017).

As a result, he and his family still live in constant fear of that he will be arrested, and he has missed out on important family events and spending time with his grandchildren. *See* Decl. of Randy Frazier (Ex. 8). Mr. Frazier's situation is not unique. Melanie Holmes, who is not subject to the pending PI Motion,[1] is experiencing the same thing: she still has arrest warrants on the books because she could not pay her court debt, with damaging consequences for her life and wellbeing. *See* Decl. of Melanie Holmes (Ex. 9). An order from this Court enjoining Defendants from arresting Mr. Frazier on his unlawful warrants would allow him and his family to leave his house without fear of imminent unconstitutional jailing, and would provide clarity for individuals like Ms. Holmes that these types of warrants are not lawfully enforceable. The PI Motion is ripe for adjudication.

To the extent Defendants suggested at oral argument that the statutory revisions render Mr. Frazier's claims moot, Plaintiffs incorporate their arguments in response to the same contention raised in Defendants' motions to dismiss. *See* Pls.' Opp'n to Renewed Mot. to Dismiss by Tulsa Cnty. Defs. ("Pls.' Br. M"), Doc. 427, at 21-23. In brief, Plaintiffs challenge Defendants' *practices*, not any statute or rule governing Oklahoma's system of collecting court financial obligations. *See, e.g.*, Second Am. Compl. ("SAC"), Doc. 212, pp. 98-100; *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 517 (10th Cir. 2023) ("every one of the ten claims set out in the [SAC] challenges debt-collection *practices* commenced after Plaintiffs are convicted and sentenced" (emphasis

---

[1] Ms. Holmes joined this lawsuit after the motion was filed.

added)). Most importantly, the very existence of active arrest warrants for nonpayment demonstrates that Defendants were not complying with—and explicitly violated—Oklahoma law governing the collection of unpaid court debts, even in its previous incarnations (and the same can be said for bedrock federal constitutional requirements). *See* Pls.' Br. M at 22-23. A change in the law that Defendants never complied with cannot moot a case about the harms caused by that noncompliance. This is particularly so when Defendants have made no effort in the nine months since the new law went into effect to apply its provisions to withdraw Mr. Frazier or Ms. Holmes's unlawful arrest warrants.

Furthermore, under the voluntary-cessation doctrine, a defendant "bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). Tulsa County Defendants have introduced no evidence to demonstrate that their practices have changed at all, much less that they have changed permanently. Instead, they continue to "vigorously defend[] the constitutionality" of the challenged practices. *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719 (2007). Thus, "it is not clear [that] the [Tulsa County Defendants] would necessarily refrain from" reverting to—or here, continuing—their unconstitutional conduct. *Knox v. SEIU Local 1000*, 567 U.S. 298, 307 (2012).

For these reasons, Mr. Frazier remains at risk even after the statutory changes to Oklahoma's system of collecting unpaid court debts. As has remained true since the filing of Plaintiffs' PI Motion in 2018, Mr. Frazier continues to live in imminent fear of being arrested on an unconstitutional warrant. Those warrants still hang over his head, and his family still fears that he will be arrested and they will not be able to pay for his release. Mr. Frazier's claims remain live, and after years of waiting, he is entitled to the relief that he seeks should the Court conclude

that executing the arrest warrants and jailing him for not paying Aberdeen would violate his federal constitutional rights.

Dated: August 21, 2024

Respectfully Submitted,

Katherine Hubbard (admitted *pro hac vice*)
D.C. Bar No. 1500503
Leonard J. Laurenceau (admitted *pro hac vice*)
D.C. Bar No. 90007729
CIVIL RIGHTS CORPS
1601 Connecticut Ave. NW, Suite 800
Washington, D.C. 20009
Tel: 202-844-4975
katherine@civilrightscorps.org
leo@civilrightscorps.org

Daniel Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
SMOLEN & ROYTMAN
701 South Cincinnati Avenue
Tulsa, OK 74119
Tel: 918-585-2667

*/s/ Seth Wayne*
Seth Wayne (admitted *pro hac vice*)
D.C. Bar No. 888273445
Shelby Calambokidis (admitted *pro hac vice*)
D.C. Bar No. 1684804
Mary B. McCord (admitted *pro hac vice*)
D.C. Bar No. 427563
INSTITUTE FOR CONSTITUTIONAL ADVOCACY
AND PROTECTION
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, D.C. 20001
Tel: 202-662-9042
sw1098@georgetown.edu
sc2053@georgetown.edu
mbm7@georgetown.edu

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 21, 2024, I electronically transmitted the foregoing

document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of

Electronic Filing to all ECF registered counsel of record.

<i>/s/ Seth Wayne</i>_____