**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| IRA LEE WILKINS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ABERDEEN ENTERPRIZES II, INC., *et al.*,<br><br>Defendants. | Case No. 17-CV-00606-SEH-JFJ |

**DEFENDANTS' JOINT MOTION TO STAY ALL PROCEEDINGS PENDING RESOLUTION OF INTERLOCUTORY APPEAL AND BRIEF IN SUPPORT**

Defendants Bret Bowling, Chris Elliott, Todd Gibson, Scott Walton, and Kim Henry, in their individual capacities, and Defendants Vic Regalado, Don Newberry, and Darlene Bailey, in their individual and official capacities (together the "Appealing Defendants"), as well as Defendants Darrell Weaver, Bret Bowling, and Chris Elliott, as Sheriffs of Cleveland, Creek, and Wagoner Counties, respectively, in their official capacities, and Defendants Board of County Commissioners of Tulsa County, Board of County Commissioners of Rogers County, the Oklahoma Sheriffs' Association, Aberdeen Enterprizes II, Inc., Jim Shofner, Rob Shofner, and Dawn Moody, Doug Drummond, William J. Musseman, Jr., and Terrell Crosson (together the "Non-Appealing Defendants") respectfully move under Fed. R. Civ. P. 6(b) and 26(c) and the Court's inherent authority to manage its docket for an order staying all proceedings in this case, including discovery,

pending the Tenth Circuit's resolution of the various interlocutory appeals filed by the Appealing Defendants in this case.

## INTRODUCTION

The Court's September 30, 2026, Opinion and Order resolved thirteen motions to dismiss. *See* ECF No. 491 at 2. As to the county sheriffs who moved together (the "Grouped Sheriffs"), the Court dismissed every Grouped Sheriff—without prejudice, for lack of standing—except the Sheriffs of Cleveland, Creek, and Wagoner Counties, *id.* at 47-48, and held that those three Sheriffs are not entitled to quasi-judicial immunity, *id.* at 48-51. On qualified immunity, however, the Court expressly declined to rule. "To be clear, the Court does not make a ruling on qualified immunity at this stage. Defendants are neither granted nor denied qualified immunity. Rather, it is more appropriate for the parties to engage in discovery and for defendants to reassert the issue at a later stage if they choose to do so." *Id.* at 15-16.

Eight defendants, in their individual capacities, and three defendants, in their official capacities, have exercised their right to an immediate appeal. For more than three decades, the Tenth Circuit has held that an order postponing or declining to decide a properly raised qualified-immunity defense is immediately appealable, because otherwise "a defendant loses the right not to stand trial." *Lowe v. Town of Fairland*, 143 F.3d 1378, 1380 (10th Cir. 1998); *see also Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). The denial of an absolute immunity such as quasi-judicial immunity is likewise an appealable collateral order. *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985); *Valdez v. City & Cnty. of Denver*, 878 F.2d 1285, 1287 (10th Cir. 1989). Those parties' notices of appeal "divest[] the district

court of jurisdiction to proceed with any part of the action against an appealing defendant." *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990).

The Court should also exercise its discretion to stay the remainder of the case. The claims against the Non-Appealing Defendants rest on the same alleged conduct at issue in the appeal, and discovery into that conduct, or into the alleged enterprise in which the Court described the Sheriffs' role as "crucial," *see* ECF 491, at 42, would subject the Appealing Defendants to the very burdens their appeal is meant to prevent and force the proceeding forward in piecemeal fashion against the Non-Appealing Defendants. As the Supreme Court has explained, "[i]t is no answer" to say that discovery for immunity-asserting defendants "can be deferred while pretrial proceedings continue for other defendants." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). A stay tied to a single, narrow appellate question is the just and efficient course.

## **BACKGROUND**

Plaintiffs' Second Amended Class Action Complaint ("SACAC") named, among many others, fifty-four county sheriffs. *See* ECF 212; *see also* ECF 491 at 4-5. In July 2023, all defendants filed motions to dismiss; some were filed in the filing defendant's individual capacity, and some in the filing defendant's official capacity, to the extent a number of defendants had both. In the defendants' individual-capacity motions, most if not all expressly asserted both quasi-judicial immunity and qualified immunity.

Those motions remained pending until September 30, 2026, when the Court entered its Opinion and Order. *See* ECF No. 491. In pertinent part, the Court denied most, if not all claims, of quasi-judicial immunity and declined to rule on qualified immunity, concluding

instead that it was "more appropriate for the parties to engage in discovery and for defendants to reassert the issue at a later stage." *See* ECF 491 at 15-16. The Court set a scheduling conference for October 30, 2026, *id.* at 97, and later directed Defendants to answer the SACAC by October 28, 2026. *See* ECF No. 498. On October 27, 2026, Defendant Kim Henry, in her individual capacity, filed her Notice of Appeal. *See* ECF 504. On October 28, 2026, Defendants Gibson, Bowling, and Elliott timely filed their Joint Notice of Appeal. *See* ECF No. 509; *see* Fed. R. App. P. 4(a)(1)(A). Also on October 28, 2026, Defendant Scott Walton timely filed his Notice of Appeal. *See* ECF 514; *see* Fed. R. App. P. 4(a)(1)(A). Finally, also on October 28, 2026, Defendants Regalado, Bailey, and Newberry timely filed their Joint Notice of Appeal. *See* ECF No. 518; *see* Fed. R. App. P. 4(a)(1)(A).

## LAW AND ARGUMENT

### I. THE APPEALING DEFENDANTS' NOTICES OF APPEAL DIVEST THE COURT OF JURISDICTION TO PROCEED AGAINST THEM.

#### A. THE APPEAL IS TAKEN FROM IMMEDIATELY APPEALABLE RULINGS.

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell*, 472 U.S. at 526. It protects officials not merely from "standing trial," but also from "the burdens of 'such pretrial matters as discovery.'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (quoting *Mitchell*, 472 U.S. at 526). Thus, "[u]ntil this threshold immunity question is resolved, discovery should not be allowed," *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), and the Supreme Court has "repeatedly…stressed the importance of resolving immunity questions at the earliest possible stage in litigation."

*Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam). When the defense is raised, "the defendant should be spared the burden of proceeding with the litigation until the plaintiff establishes that the defendant's alleged actions violated clearly established law." *Lowe*, 143 F.3d at 1380.

Because those protections are lost if a case simply proceeds, the Tenth Circuit has long exercised jurisdiction over orders that postpone or decline to decide a qualified-immunity defense. In *Workman*, the district court "postponed disposition of the qualified immunity issue until trial." 958 F.2d at 334. The Tenth Circuit held that "if we deny appellate review when a district court postpones until trial a ruling on a qualified immunity defense, a defendant would stand to lose whatever entitlement he or she might otherwise have not to stand trial," and that "we have jurisdiction of the appeals from the orders postponing a decision on the motions to dismiss." *Id.* at 336. It reaffirmed that rule in *Lowe*, reasoning that "[r]egardless of whether a district court merely postpones its ruling or simply does not rule on the qualified immunity defense, if we deny appellate review, a defendant loses the right not to stand trial." 143 F.3d at 1380. And where, as here, defendants "explicitly raised the defense," "the district court's silence can operate as an implicit denial that is immediately appealable." *Montoya v. Vigil*, 898 F.3d 1056, 1063-64 (10th Cir. 2018); *accord Ellis v. Salt Lake City Corp.*, 147 F.4th 1206, 1220 (10th Cir. 2025). Just this year, the Tenth Circuit reiterated that "a district court violates a defendant's immunity from the burdens of litigation by failing to rule on a dispositive motion based on immunity." *See Jefferson v. Moore*, 177 F.4th 1062, 1065-66 (10th Cir. 2026).

Those principles control here. The Appealing Defendants squarely raised qualified immunity, as this Court duly recognized. *See* ECF 491 at 14 ("Many of the defendants raise the defense of qualified immunity"). The Court nonetheless declined to rule on it and directed the parties instead to "engage in discovery." *Id.* at 15-16. That is the order *Workman* and *Lowe* hold immediately appealable.

The narrow exception recognized in *Maxey ex rel. Maxey v. Fulton*, 890 F.2d 279 (10th Cir. 1989), does not apply. *See Jefferson*, 177 F.4th at 1066. Under *Maxey*, an order deferring a qualified-immunity ruling is not immediately appealable only where the claim turns at least partially on a fact question, the court cannot rule without further factual clarification, "and the court permits discovery narrowly tailored to uncover only those facts needed to rule on the claim." *Workman*, 958 F.2d at 336 (describing *Maxey*, 890 F.2d at 282-83). Here, the Court's Opinion and Order contemplates general discovery, not discovery tailored to immunity. Indeed, *Maxey* itself exercised appellate jurisdiction because the order there "did not adequately limit permissible discovery to the question of qualified immunity." 890 F.2d at 283; *see also Backe v. LeBlanc*, 691 F.3d 645, 649 (5th Cir. 2012) ("An order that simultaneously withholds ruling on a qualified immunity defense while failing to constrain discovery to develop claimed immunity is by definition not narrowly tailored.").

The recent decisions declining jurisdiction over deferral orders are not to the contrary. In each, the deferral itself left the defendants shielded from discovery until the immunity question could be decided. To wit, in *Jefferson*, discovery had been stayed at the defendants' request pending a ruling on their motion. *See* 177 F.4th at 1066-67. Elsewhere,

in *Arroyo v. Myers*, the district court paired its deferral with a stay of the case and contemplated refiling at a set time. *See* No. 23-1137, 2024 WL 1714490, at *5 (10th Cir. Apr. 22, 2024 (unpublished) (distinguishing orders that "imposed actual litigation burdens on the appellant," including one that "required defendant to complete discovery before re-asserting qualified immunity," *id.* at 14 n.8). The Order here does the opposite by requiring discovery before the defense may be reasserted. *See* ECF 491 at 15-16. A stay pending appeal does not change that. Such a stay is a consequence of the appeal itself, *see Stewart*, 915 F.2d at 576, and it ends with the appeal, leaving in place the Order's direction that the parties proceed to discovery before the defense is decided.

Independently, the Order expressly denied many of the Appealing Defendants' claim of quasi-judicial immunity. *See* ECF 491 at 48-51. Quasi-judicial immunity is a form of absolute immunity, *Valdez*, 878 F.2d at 1286, and "the denial of a substantial claim of absolute immunity is an order appealable before final judgment." *Mitchell*, 472 U.S. at 525; *see Valdez*, 878 F.2d at 1287 (exercising collateral-order jurisdiction over appeal by sheriff's officials from denial of quasi-judicial immunity); *Montoya*, 898 F.3d at 1065. That ruling, too, is properly before the Tenth Circuit.

### B. THE NOTICES OF APPEAL DIVEST THE COURT OF JURISDICTION OVER THE CLAIMS AGAINST APPEALING DEFENDANTS.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). In the qualified-immunity context, that divestiture is

"virtually complete, leaving the district court with jurisdiction only over peripheral matters unrelated to the disputed right not to have [to] defend the prosecution or action at trial." *Stewart*, 915 F.2d at 576. Because "[i]f the defense is valid, then no part of the action should proceed against the defendant," an appeal raising qualified immunity "relates to the entire action and, therefore, it divests the district court of jurisdiction to proceed with any part of the action against an appealing defendant." *Id.* The Supreme Court has since confirmed that, in "the analogous contexts of qualified immunity and double jeopardy," "district courts likewise must automatically stay their proceedings while the interlocutory appeal is ongoing." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 742 & n. 4 (2023) (citing *Stewart*, 915 F.2d at 575-76).

That divestiture is automatic. Unless this Court, after a hearing and for substantial reasons given, certifies the appeal as frivolous, the Court "[is] automatically divested of jurisdiction." *Stewart*, 915 F.2d at 576, 579. And, to be fair to the Appealing Defendants, no such certification would be warranted here. Their appeals rest on a well-developed line of published Tenth Circuit authority running from *Workman* to *Ellis* regarding the impact of a decision not to rule on qualified immunity and on the express denial of an absolute immunity. Accordingly, all proceedings against the Appealing Defendants must be stayed pending the appeal.

## II. THE COURT SHOULD STAY THE REMAINDER OF THE CASE, INCLUDING ALL DISCOVERY.

Whether to stay proceedings as to non-appealing parties is committed to the Court's discretion. "[T]he power to stay proceedings is incidental to the power inherent in every

court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Rule 26(c) likewise authorizes the Court, "for good cause," to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense," including by "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). Every relevant consideration favors a stay here.

### A. DISCOVERY AGAINST ANY PARTY WOULD IMPOSE ON THE INDIVIDUAL SHERIFFS THE BURDENS THAT QUALIFIED IMMUNITY IS SUPPOSED TO RELIEVE.

In *Iqbal*, the Supreme Court rejected the notion that discovery could proceed against other parties while the immunity-asserting defendants waited on the sidelines:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

556 U.S. at 685-86.

Following *Iqbal*, courts in this Circuit, including this District, regularly stay discovery as to all parties when one defendant's qualified immunity is at issue. In *Laca v. United States*, for example, Magistrate Judge Huntsman stayed discovery for all parties, including the United States, which could not assert qualified immunity, while an individual

defendant's immunity defense was pending. *See* No. 22-CV-00366-SEH-SH, 2024 WL 3467351, at *1 (N.D. Okla. July 18, 2024) (Huntsman, M.J.). Judge Huntsman explained that the individual defendant's "interests as a defendant facing liability necessarily differ from his interests as a third-party witness" and that, "absent a stay, [he] will lose the protection from the burdens of litigation that his alleged defense was intended to offer." *Id.* at 6; *see id.* at 4 ("Following *Iqbal*, numerous courts have found it appropriate to stay discovery for all defendants when one defendant raises the defense of qualified immunity."). Similarly, when individual officers took an interlocutory qualified-immunity appeal in *Dalton v. Town of Silver City*, the court stayed "all discovery and all pending deadlines in this case," reasoning that *Iqbal* "clearly implies that proceedings in a case should be stayed when any defendant…files an interlocutory appeal of the denial of qualified immunity," and that "this general rule obtains irrespective whether there are multiple defendants in a particular case, including one or more who cannot or have not also invoked qualified immunity." No. CIV 17-1143 WJ/GJF, 2019 WL 1428363, at *3-4 (D.N.M. Mar. 29, 2019) (Fouratt, M.J.); *see id.* at 6 (quoting *Tenorio v. Pitzer*, No. CIV 12-1295, 2013 WL 12178001, at *3 (D.N.M. July 27, 2013) ("[A]fter *Iqbal*, the law is clear that discovery should be stayed upon assertion of qualified immunity, even for those defendants not asserting the defense.")).

### B. EVERY REMAINING CLAIM DEPENDS ON THE INDIVIDUAL DEFENDANTS' ALLEGED CONDUCT.

The overlap here is complete. The claims against the Non-Appealing Defendants arise from the same alleged conduct as the claims against the Appealing Defendants.

Discovery into the Non-Appealing Defendants' policies and practices would necessarily require the testimony, documents, and participation of the Appealing Defendants, whose decisions are—generally—the subject of the claims. The same is true of discovery directed to Aberdeen, the Oklahoma Sheriffs' Association, or the State Judicial Defendant. There is no discovery into the allegations that would not also be discovery into the Appealing Defendants' conduct, and under *Iqbal* the Appealing Defendants and their counsel would have to participate in all of it "to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." 556 U.S. at 685.

The Tenth Circuit recognized this kind of interdependence earlier this year. In *Simmons v. Shobert*, it vacated the denial of a city's summary-judgment motion together with the denial of the officer's qualified-immunity defense, exercising pendent jurisdiction "[t]o ensure Simmons's case against the City does not go forward prematurely," because the city's liability turned on the same constitutional questions underlying the officer's defense. *See* Nos. 25-6046 & 25-6051, 2026 WL 308937, at *1 (10th Cir. Feb. 5, 2026) (unpublished). The Non-Appealing Defendants' liability likewise typically depends on whether Plaintiffs have plausibly alleged a constitutional violation—the first question in the qualified-immunity analysis the Appealing Defendants seek on appeal.

### C. A PARTIAL STAY WOULD SPLINTER THE CASE AND MULTIPLY THE BURDEN ON EVERYONE.

Staying the case only as to the Appealing Defendants would also produce the inefficiency the *Dalton* court identified:

> In the Court's view, it would make little sense to stay the proceedings only as they relate to Defendants Reynolds and

> Villalobos. Splintering this case at this stage by staying it as to them but allowing it to proceed against the Town of Silver City and the County Defendants would invite dueling scheduling orders and perhaps even separate trials. The Court also is concerned that permitting any part of the case against the Town of Silver City to proceed would require the significant participation by Defendants Reynolds and Villalobos, a discovery burden that the Supreme Court expressly warned against in *Iqbal*.

*Dalton*, 2019 WL 1428363, at *4 (footnote omitted).

So too here. Witnesses—including individual sheriffs, deputies, county clerks, and other county personnel—would be deposed now on the official-capacity and enterprise claims, and then deposed again on the individual-capacity claims if those claims survive the appeal. Separate schedules, repeated discovery, and the prospect of separate trials would burden the parties, the witnesses, and the Court far more than a single, temporary stay.

## III. A STAY IS MODERATE, WILL NOT UNFAIRLY PREJUDICE PLAINTIFFS, AND SERVES RULE 1.

The Defendants writ large understand the Court's concern about "the glacial pace with which this case has proceeded" and respect its direction that the parties proceed "with an eye toward speedy and just results." *See* ECF No. 491 at 97. A stay serves those goals. Rule 1 calls for "the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1. Proceeding with discovery that may prove unnecessary, or that may have to be repeated, is neither just nor inexpensive. The appeal presents a narrow, threshold question. If the Tenth Circuit concludes, as it did in *Workman* and *Lowe*, that the defense should be decided by this Court in the first instance, the case will return with that threshold question

squarely framed for prompt resolution. *See Workman*, 958 F.2d at 337; *Lowe*, 143 F.3d at 1381.

The requested stay is also moderate in duration. It is tied to a single, defined event (the Tenth Circuit's resolution of the appeal) and is therefore not "a stay of indefinite duration in the absence of a pressing need." *Landis*, 299 U.S. at 255. Nor does the history of this case counsel otherwise. The delay to date is not attributable to the Defendants. This action was dismissed, appealed, and reversed and remanded, *see* ECF No. 491 at 96, which the Defendants certainly had a right to pursue, and the renewed motions to dismiss filed in July 2023 remained pending until September 30, 2026.

A stay also will not unfairly prejudice Plaintiffs. Any modest delay a stay entails is far outweighed by the cost of proceeding on parallel tracks while the Tenth Circuit decides whether the Appealing Defendants may be required to litigate at all. The Appealing Defendants will attend the October 30, 2026, scheduling conference prepared to address this Motion, and respectfully suggest that the Court defer entry of a scheduling order, or set any deadlines to run from issuance of the Tenth Circuit's mandate, pending the appeal.

## **CERTIFICATE OF CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(c)(1) and Civil Rule 1 of the Chambers Rules of the Honorable Sara E. Hill, undersigned counsel certifies that on October 15, 2026, counsel for Plaintiffs and all Defendants conferred by telephone with counsel for Plaintiffs regarding a number of topics related to the scheduling of this case. Counsel discussed, as one of those topics, that some or all of the Defendants would be moving to stay the case pending appeal. Plaintiffs oppose the Motion.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court enter an Order:

1. staying all proceedings against any Appealing Defendant, pending the Tenth Circuit's resolution of their interlocutory appeal, and extending their deadline to answer the SACAC to fourteen days after the Tenth Circuit's mandate issues;

2. staying all discovery and all pending deadlines in this case, as to all parties, pending resolution of the appeal; and

3. directing the parties to file a joint status report within fourteen days after the Tenth Circuit's mandate issues.

Date: October 30, 2026.

Respectfully submitted,

s/ Jeffrey C. Hendrickson
Robert S. Lafferrandre, OBA #11897
Randall J. Wood, OBA #10531
Jeffrey C. Hendrickson, OBA #32798
**PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, L.L.P.**
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
jhendrickson@piercecouch.com

*Attorneys for Defendants Bret Bowling, Chris Elliott, and Todd Gibson, in their individual capacities, and the Sheriffs of Cleveland, Creek, and Wagoner Counties, in their official capacities*

s/ Thomas A. LeBlanc
Thomas A. LeBlanc, OBA #14768
Matthew B. Free, OBA #18055
**BEST & SHARP**
15 East Fifteenth Street, Suite 2100
Tulsa, Oklahoma 74103
Telephone: (918) 582-1234
Facsimile: (918) 585-7447
tleblanc@bestsharp.com
mfree@bestsharp.com

*Attorneys for Defendants, Scott Walton, Sheriff of Rogers County, in his individual capacity; Board of County Commissioners of Rogers County, Oklahoma*

s/ W. Caleb Jones
Joel L. Wohlgemuth, OBA #9811
David R. Ross, OBA #19930
Jo Lynn Jeter, OBA #20252
W. Caleb Jones, OBA #33541
**NORMAN WOHLGEMUTH, LLP**
3200 Mid-Continent Tower
401 South Boston
Tulsa, Oklahoma 74103
Telephone: (918) 583-7571
Facsimile: (918) 584-7846
wjones@nwlawok.com

- and –

John Tjeerdsma, OBA #33058
Michael Shouse, OBA #33610
**TULSA COUNTY DISTRICT ATTORNEY'S OFFICE CIVIL DIVISION**
218 West Sixth Street, Suite 933
Tulsa, Oklahoma 74119
Telephone: (918) 596-8795
john.tjeerdsma@tulsacounty.org

*Attorneys for Defendants Tulsa County Sheriff Vic Regalado, Tulsa County Court Clerk Don Newberry, Tulsa County Cost Administrator Darlene Bailey, and the Board of County Commissioners of Tulsa County*

s/ Sarah M. Siddall
Melodie Freeman-Burney, OBA #12667
Robert D. James, OBA #16667
Sarah M. Siddall, OBA #35672
**SPENCER FANE, LLP**
4100 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma 74103
Telephone: (918) 586-5711
ssiddall@spencerfane.com

*Attorneys for Defendant*
*Oklahoma Sheriffs' Association*

s/ Scott B. Wood
Scott B. Wood, OBA #12536
**WOOD, PUHL & WOOD, PLLC**
4037 East 49th Street
Tulsa, Oklahoma 74135
Telephone: (918) 607-5946
okcoplaw@aol.com

*Attorneys for Defendant Kim Henry,*
*in her individual capacity*

s/ Hunter M. Siex
Nicholaus A. Hancock, OBA #31576
Hunter M. Siex, OBA #33271
**COFFEY SENGER HANCOCK & HARMON, PLLC**
4725 East 91st Street, Suite 100
Tulsa, Oklahoma 74137
Telephone: (918) 292-8787
Facsimile: (918) 292-8788
hunter@cshhlaw.com

*Attorneys for Defendants*
*Aberdeen Enterprizes, II, Inc., Jim*
*Shofner and Rob Shofner*

s/ Jacy Sullivan
Jacy Sullivan, OBA #33858
Jesse Ogle, OBA #34275
Assistant Attorneys General
**OKLAHOMA ATTORNEY GENERAL'S OFFICE**
313 Northeast 21st Street
Oklahoma City, Oklahoma 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
Jacy.sullivan@oag.ok.gov

*Attorneys for State Judicial Defendants*

## CERTIFICATE OF SERVICE

I certify that on **October 30, 2026**, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

s/ Jeffrey C. Hendrickson
Jeffrey C. Hendrickson