**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CARLY GRAFF, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ABERDEEN ENTERPRIZES II, INC., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:17-CV-606-SEH-JFJ |

**DEFENDANT BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Fed. R. Civ. P. 12(c), Defendant Board of County Commissioners of Tulsa County (the "Tulsa BOCC") respectfully moves this Court to enter judgment in its favor on the grounds that the claims against the Tulsa BOCC are duplicative of the claims against the Tulsa County Sheriff, Vic Regalado (the "Tulsa County Sheriff"), and the Tulsa County Court Clerk, Don Newberry (the "Tulsa Court Clerk"), and that the Tulsa BOCC is not a proper party as a matter of law.

## INTRODUCTORY STATEMENT

The Plaintiffs' Second Amended Class Action Complaint [Dkt. No. 212, hereafter the "SACAC"] purports to assert claims against the Tulsa BOCC, the Tulsa County Sheriff, in his official and individual capacities, the Tulsa Court Clerk, in his official and individual capacities, and the Tulsa County Cost Administrator, Darlene Bailey (the "Tulsa Cost Administrator"), in her official and individual capacities.[1] All of the claims are based on the manner in which Oklahoma assesses and collects fines, fees and costs in criminal cases. The SACAC focuses on the actions of

---

[1] The claims against the Tulsa Cost Administrator in her official capacity were dismissed by the Court on September 30, 2026. [*See* Dkt. No. 491].

the state courts, state court judges, the county clerks in setting up and tracking payment plans, and the county sheriffs in the enforcement of failure-to-pay warrants and their contracting with a third-party, Defendant Aberdeen Enterprizes II, Inc. ("Aberdeen"), to assist in collecting fines and costs.

In Plaintiffs' 102-page SACAC, containing nearly 400 individually numbered paragraphs, there is one single paragraph referencing the Tulsa BOCC. Plaintiffs allege as follows:

> The Board of County Commissioners of the County of Tulsa ("Tulsa County") is the governing body of the County of Tulsa. Tulsa County, ***through the Sheriff and the Clerk of Court***, is responsible for establishing policy for the Tulsa County jail and for the collection of court debt.

[Dkt. No. 212, ¶ 38, emphasis added]. The single allegation clearly indicates that Plaintiffs raise no independent claims against the Tulsa BOCC and, rather, sue the Tulsa BOCC merely as a means of suing Tulsa County for the policies and actions of other county officers, namely the Tulsa County Sheriff and the Tulsa Court Clerk. Thus, based on the face of the SACAC and the Tulsa BOCC's Answer [Dkt. No. 522], Plaintiffs' claims against the Tulsa BOCC are duplicative. Under the facts of the SACAC, the Answer, and applicable law, including an Oklahoma statute that was amended after this lawsuit was filed, the proper remedy is the dismissal of the claims against the Tulsa BOCC. *See* 19 *Okla. Stat.* § 4.

## <u>ARGUMENT AND AUTHORITIES</u>

### I. Legal Standards Governing The Tulsa BOCC's Rule 12(c) Motion.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss pursuant to Rule 12(b)(6). *Leiser v. Moore*, 903 F.3d 1137, 1139 (10th Cir. 2018) ("We review a district court's grant of a motion for judgment on the pleadings de novo, using the same standard that applies to a Rule 12(b)(6) motion."). However, unlike with a motion to dismiss, "in

ruling on a motion for judgment on the pleadings, the Court may, as the name suggests, consider the answer to the complaint." *Locke Supply Co. v. City of Okla. City*, No. CIV-24-420-PRW, 2026 U.S. Dist. LEXIS 69546, at *3-4 (W.D. Okla. Mar. 31, 2026).

A motion to dismiss under Rule 12(b)(6) should be granted when, as here, a complaint fails to make allegations sufficient to support a right to relief. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief," but a complaint must "contain enough facts to state a claim for relief that is plausible on its face." *Allen v. Town of Colcord*, 874 F. Supp. 2d 1276, 1282 (N.D. Okla. 2012) (citation and quotation omitted). "Mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' are insufficient." *Estate of Lockett ex rel. Lockett v. Fallin*, 841 F.3d 1098, 1107 (10th Cir. 2016). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).[2]

---

[2] The Tulsa BOCC has not waived its arguments herein by choosing to raise them in a motion under Fed. R. Civ. P. 12(c). Fed. R. Civ. P. 12(g)(2) and 12(h)(2) specifically contemplate raising a failure to state a claim defense in a motion under Fed. R. Civ. P. 12(c), even after filing of a previous motion under Rule 12. *See Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 771 F.3d 697, 701 (10th Cir. 2014) (Rule 12(g)(2) "is expressly subject to Rule 12(h)(2)," which allows a failure-to-state-a-claim defense to be raised "by a motion for judgment on the pleadings under Rule 12(c)"); *Pepper v. Apple Inc. (In re Apple iPhone Antitrust Litig.)*, 846 F.3d 313, 317-18 (9th Cir. 2017) ("A defendant who omits a defense under Rule 12(b)(6)—failure to state a claim upon which relief can be granted—does not waive that defense."); *English v. Dyke*, 23 F.3d 1086, 1091 (6th Cir. 1994) ("Rules 12(g) & (h)(2), however, provide an exception for a defense based on failure to state a claim. Such a claim may be brought in a subsequent pleading, motion for judgment on the pleadings, or at trial on the merits.").

## II. Plaintiffs' Claims Against the Tulsa BOCC are Unnecessary and Duplicative.

When Plaintiffs initially filed this case in 2017, Oklahoma law provided that the only way to sue a county in Oklahoma was to name the county's Board of County Commissioners in the lawsuit. *See* 19 *Okla. Stat.* 2011, § 4 ("In all suits or proceedings by or against a county, the name in which a county shall sue or be sued shall be, 'Board of County Commissioners of the County of ____,'…"). This provision was substantially amended in **2019**, and now provides:

> In all suits or proceedings by or against a county, the name in which a county shall sue or be sued shall be, "Board of County Commissioners of the County of _____," … **Suit may be brought against a county by naming a county officer identified in Section 161 of this title when it is alleged that such officer in his or her official capacity is directly or vicariously liable to plaintiff in an action not arising out of contract.** Otherwise, suit may be brought against a county by naming the Board of County Commissioners of the County of _____; in actions against the Board not arising out of contract, upon motion, the Court may substitute a county officer identified in Section 161 of this title in his or her official capacity for the Board upon a showing that such county officer is better suited to represent and defend the county under the particular facts of the case.

19 *Okla. Stat.* § 4 (emphasis added). Thus, Oklahoma law now permits suits against a county by suing county officers in their official capacities and, in fact, contemplates the substitution of a more proper county officer in place of the BOCC when appropriate given the facts of a case. As relevant here, "county officers" include the "district court clerk" and "county sheriff," both of whom have already been sued, in their official capacities, in this case. 19 *Okla. Stat.* § 161; *see also* Dkt. No. 212, p. 1 and ¶¶ 31, 35.[3]

---

[3] The Plaintiffs also sued Darlene Bailey, the Cost Administrator for the Tulsa County District Court, in her official capacity. [Dkt. No. 212, ¶ 36]. Although the official capacity claim against the Tulsa Cost Administrator was dismissed, the "office," so to speak, of Tulsa Cost Administrator was created by the Supreme Court Administrator of Oklahoma, which directed each court clerk to designate a deputy clerk as Cost Administrator. *Jones v. Hacker*, No. 13-CV-444-JHP, 2015 U.S. Dist. LEXIS 34910, at *3 (E.D. Okla. Mar. 20, 2015). Thus, the Tulsa Cost Administrator is a deputy of the Court Clerk, who has already been named, and there is no allegation (nor could there be) in the SACAC that the Tulsa BOCC has any role in supervising, directing, or controlling the actions of the Tulsa Cost Administrator.

Plaintiffs have sued the Tulsa BOCC solely as a means of naming Tulsa County in this lawsuit. Their single allegation against the Tulsa BOCC makes this clear – Plaintiffs do not allege any particular act or policy on the part of the Tulsa BOCC, but, rather, Plaintiffs allege that Tulsa County generally is responsible for the policies relating to "the Tulsa County jail and for the collection of court debt" but only "through" the Sheriff and District Court Clerk. [Dkt. No. 212, ¶ 38 (emphasis added)]. **Given the change in law, the Tulsa BOCC is no longer a necessary, or even a proper, party to this suit.** Relief (if any) may be sought and obtained from the Sheriff or District Court Clerk.

Oklahoma federal courts, including in this district, have repeatedly concluded that when a plaintiff brings suit against both the BOCC and a county officer, in his or her official capacity, dismissal of the BOCC is warranted, as claims against it are both unnecessary and duplicative. *See, e.g., Mason v. Bd. of Cnty. Comm'rs*, No. 25-CV-682-CVE, 2026 U.S. Dist. LEXIS 106525, at *15 (N.D. Okla. May 14, 2026) ("Several other courts have examined this issue and concluded that when a plaintiff brings suit against both the BOCC and the sheriff, in his official capacity, dismissal of the BOCC is warranted, as claims against it are both unnecessary and duplicative."); *Pack v. Jim*, No. 24-CV-42-JDR, 2025 WL 2214564, at *6 (N.D. Okla. July 1, 2025); *Logan v. Regalado*, No. 20-CV-303-GKF, 2021 WL 796144, at *3 (N.D. Okla. Mar. 2, 2021); *Wirtz v. Regalado*, No. 18-CV-599-GKF, 2020 WL 1016445, at *6 (N.D. Okla. Mar. 2, 2020); *Woolley v. Bd. of Cnty. Comm'rs*, No. 21-CV-159-SLP, 2025 WL 1707641, at *9 (E.D. Okla. June 18, 2025); *Bowens v. Bd. of Cnty. Comm'rs*, No. 19-CV-314-C, 2020 WL 2892670, at *2 (W.D. Okla. June 2, 2020); *Kirkendall-Heller v. Bd. of Cnty. Comm'rs*, No. 21-CV-011-F, 2021 WL 2371348, at *1 (W.D. Okla. June 9, 2021); *Foreman v. Okla. Cnty. Sheriff*, No. 21-CV-1062-F, 2022 WL 2513384, at *2 (W.D. Okla. July 6, 2022). Such should be the result in this case.

The Court has already recognized the duplicative nature of claims against both a board of county commissioners *and* the county officials whose actions are alleged to be at issue. In the Court's September 30, 2026 Opinion and Order, the Court dismissed the official capacity claims against the Rogers County Sheriff and the Rogers County Court Clerk as duplicative of the claims against the Rogers County Board. [Dkt. No. 491, pp. 66-67]. The Court also dismissed the Tulsa Cost Administrator on such grounds. [*Id.*, p. 79]. However, the Court did not address the duplicative nature of the claims against the Tulsa County Sheriff and the Tulsa Court Clerk. Accordingly, the Court has the opportunity to apply the current Oklahoma law and dismiss the Tulsa BOCC as the proper remedy for the redundant claims.[4]

Dismissal of the Tulsa BOCC is the remedy that has been most commonly imposed by courts within this district and is the remedy that is called for under 19 *Okla. Stat*. § 4, as Regalado and Newberry, in their official capacities, are the Defendants who, given Plaintiffs allegations, are "better suited to represent and defend the county under the particular facts of the case." The fact that Darlene Bailey, the cost administrator, has already been dismissed in her official capacity has no impact on the issues raised in this motion. Ms. Bailey, not actually being a "county officer" under Oklahoma law, was never susceptible to suit "in her official capacity" in the first place. 19 *Okla. Stat.* § 161 ("county officers" defined as "the county clerk, county commissioner, county assessor, district court clerk, county treasurer and county sheriff.")

---

[4] In the Opinion and Order, the Court relied on case law that pre-dated the amendments to 19 *Okla. Stat.* § 4. [Dkt. No. 491, pp. 66-67, citing *Williams v. City of Tulsa*, No. 11-CV-469-TCK-FHM, 2013 U.S. Dist. LEXIS 8206, at *36-37 (N.D. Okla. Jan. 22, 2013); and *Brashear v. Tulsa County Board of County Commissioners*, No. 15-CV-473-GKF-PJC, 2016 U.S. Dist. LEXIS 18911, at *11-12 (N.D. Okla. Feb. 17, 2016) (dismissing official capacity claims against officers and permitting claim against county based, in part, on prior version of 19 *Okla. Stat.* § 4)].

**III. None of the Alleged Policies at Issue in Plaintiffs' SACAC are Attributable to the Tulsa BOCC Separate from the Actions and Policies of the Other Named Officials.**

Given the change in Oklahoma law discussed above, it is no longer necessary or proper to sue a Board of County Commissioners solely as a means of filing suit against a particular county. Plaintiffs are instead obliged to state some claim against the Tulsa BOCC arising from the Tulsa BOCC's own actions or policy decisions separate and apart from the actions or policy decisions of the specific county official(s) named in the lawsuit. This case arises from allegations concerning the collection of court costs, fines, and fees and the role played in such collection by the Tulsa Court Clerk, his deputy clerk (the Tulsa Cost Administrator), and the Tulsa County Sheriff. Oklahoma law, and the parties' responsive pleadings, make clear that the Tulsa BOCC plays no role in the alleged policies and practices at issue. [Dkt. No. 212, ¶ 38; Dkt. No. 522, ¶ 38].

The Oklahoma Constitution creates in each county a number of separate and distinct county offices. *See* Okla. Const. Art. 17, § 2. The offices of the county sheriff and clerk of the District Court are created and established by Oklahoma's Constitution, *see* Okla. Const. Art. 17, § 2, and are on par with the office of board of county commissioners (i.e., one does not control the other). *Id*. and 19 *Okla. Stat.* § 131. "[T]he absence of a single chief executive and diffusion of responsibility among numerous independently elected officials are general characteristics of county government in the United States." *Avery v. Midland County, Tex.*, 390 U.S. 474, 501-02 (1968) (Fortas, J., dissenting) (internal quotation marks omitted). In Oklahoma, county officers are popularly elected by the people of the county, *see* 19 *Okla. Stat.* § 131, and "county officer" refers to "the county clerk, county commissioner, county assessor, district court clerk, county treasurer and county sheriff." 19 *Okla. Stat.* § 161.

"Counties have only such authority as is granted by statute[, and] . . . [p]ublic officers possess only such authority as is conferred upon them by law and such authority must be exercised

in the manner provided by law." *Tulsa Exposition & Fair Corp. v. Board of County Comm'rs of Tulsa County*, 1970 OK 67, ¶ 26, 468 P.2d 501, 507-08 (citations omitted). Oklahoma law endows the Tulsa BOCC with a limited and defined set of powers on behalf of the county, largely related to the disposition and maintenance of real property and highways, personnel decisions on behalf of the county, and the procurement of supplies and equipment for the county. *See* 19 *Okla. Stat.* § 339 (general powers and duties of the board of county commissioners); *see also*, Dkt. No. 522, ¶ 38. The only power of the Tulsa BOCC in that section pertaining to the Tulsa Court Clerk or the Tulsa County Sheriff was its obligation "[u]ntil January 1, 1983, to furnish necessary blank books, plats, blanks, and stationery for the clerk of the district court . . . [and] sheriff . . ." 19 *Okla. Stat.* § 339(A)(6). With respect to the Tulsa Cost Administrator, that "office" was created at the direction of the Supreme Court Administrator of Oklahoma. The Tulsa BOCC has never played any part in the direction of the duties of the Court Clerk's deputies, including the Cost Administrator, nor is there any such allegation in the SACAC.

Given the limited powers of the Tulsa BOCC and the structure of the county government more broadly, there is no basis in Oklahoma law for holding the Tulsa BOCC somehow vicariously liable for the alleged actions of other county officers. *See Mason*, No. 25-CV-682-CVE, 2026 U.S. Dist. LEXIS 106525, at *13-14 (citing *Winters v. Board of Cnty. Comm'rs*, 633 F. App'x 684, 690 (10th Cir. 2015) (unpublished) ("Under Oklahoma law, the [BOCC] is statutorily separate and distinct from the independently elected sheriff."); *Est. of Crowell ex rel. Boen v. Bd. of Cnty. Comm'rs*, 2010 OK 5, ¶ 23, 237 P.3d 134, 142 (holding the BOCC also has "no statutory duty to hire, train, supervise, or discipline county sheriffs or deputies.")); *see also* 19 *Okla. Stat.* §§ 516, 547, and 548 (defining powers of the county sheriff).

The Tulsa BOCC has no powers or duties that concern the operation of the Tulsa County Jail or the collection of court costs on behalf of the Tulsa County District Court – the sole basis upon which Plaintiffs have brought suit against the Tulsa BOCC. [Dkt. No. 212, ¶ 38; Dkt. No. 522, pp. 11-12].

The Plaintiffs in this case have already conceded in prior briefing that they do not allege any specific conduct on the part of the Tulsa BOCC that justifies naming it as a defendant – apart from the contention that the actions of the sheriff and court clerk may be "imputed to the county." [*See, e.g.*, Dkt. No. 416, pp. 15-16; and 427, p. 21]. This is no longer the proper method of naming a county – even if the actions of the Tulsa County Sheriff and Tulsa Court Clerk can be "imputed" to the County. [*See* Section II, supra].[5]

As such, Plaintiffs have failed to state any claim against the Tulsa BOCC, and the Tulsa BOCC should be dismissed as a party from this case.

## CONCLUSION

Plaintiffs have made no allegations against the Tulsa BOCC concerning any practice, policy, or custom for which the Tulsa BOCC is actually responsible. Instead, Plaintiffs have brought suit against the Tulsa BOCC solely as a means of bringing suit against Tulsa County for the alleged actions and policies of other county officials who have already been named as Defendants in their official capacities. Given that Plaintiffs have also sued the Tulsa County Sheriff

[5] The Plaintiffs relied upon case law that pre-dated the amendments to 19 *Okla. Stat.* § 4. [*See* Dkt. No. 416, pp. 15-16]. Specifically, Plaintiffs relied upon *duBois v. Board of County Commissioners of Mayes County*, No. 12-CV-677-JED-PJC, 2014 U.S. Dist. LEXIS 137119, at *16-17 (N.D. Okla. Sept. 29, 2014). In *duBois*, the Court permitted a claim against a board of county commissioners, but the decision relied heavily on the previous version of 19 *Okla. Stat.* § 4, which the Court understood to mean that "claims against a county must be brought by naming the board of county commissioners of that county." *Id.* at *16. This is no longer the law.

and the Tulsa Court Clerk in their official capacities, the Tulsa BOCC is no longer a necessary or proper party to this lawsuit, and this Court should render judgment in its favor.

Respectfully submitted,

s/ W. Caleb Jones
Joel L. Wohlgemuth, OBA #9811
David R. Ross, OBA #19930
Jo Lynn Jeter, OBA #20252
W. Caleb Jones, OBA #33541
NORMAN WOHLGEMUTH, LLP
3200 Mid-Continent Tower
401 South Boston
Tulsa, OK 74103
(918) 583-7571
(918) 584-7846 — facsimile
wjones@NWLawOK.com

- AND -

John Tjeerdsma, OBA #33058
Michael Shouse, OBA #33610
Tulsa County District Attorney's Office
Civil Division
218 W. Sixth St., Suite 933
Tulsa, OK 74119
918-596-8795
john.tjeerdsma@tulsacounty.org

*Attorneys for Tulsa County Sheriff Vic Regalado, Tulsa County Court Clerk Don Newberry, Tulsa County Cost Administrator Darlene Bailey, and the Board of County Commissioners of the County of Tulsa*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of November 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | | |
|---|---|---|
| Jill E. Webb | Todd M. Wagner | Robert L. Betts |
| Robert M. Blakemore | Daniel E. Smolen | Scott Wood |
| Robert D. Friedman | Donald E. Smolen, II | Harry Anthony Parrish |
| Rodney J. Heggy | Seth T. Wayne | Robert Stevens Lafferrandre |
| Jeffrey C. Hendrickson | Aaron Etherington | Nicholaus Adam Hancock |
| Katherine Hubbard | April Danielle Kelso | Matthew B. Free |
| Alexander Karakatsanis | Randall J. Wood | Shelby Calambokidis |
| Mary B. McCord | Melodie Freeman-Burney | Stefanie E. Lawson |
| Robert Dale James | Ellora Thadney Israni | Jesse Ogle |
| Elizabeth Rossi | Thomas A. LeBlanc | Jordan L. Berkhouse |
| Hunter Marano Siex | Robert P. Coffey, Jr. | John Tjeerdsma |

/s/ W. Caleb Jones